ORIGINAL

1 SANDRA C. ISOM, Bar No. 157374
2 FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
3 Building B, Third Floor
Memphis, Tennessee 38125
4 Telephone:    901-434-8526
Fax No.:       901-434-9271
5 E-mail: scisom@fedex.com

6
KEITH A JACOBY, Bar No. 150233
7 LITTLER MENDELSON
A Professional Corporation
8 2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
9 Telephone:    310-553-0308
Fax No.:       310-553-5583
10 E-mail: kjacoby@littler.com

FILED
MAY 1 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

11

Attorneys for Defendant
12 FEDERAL EXPRESS CORPORATION

EDL

13            UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15 PAUL BIBO, an individual, and          Case No. C-07-460 **2505**
GEORGIA SHIELDS, an individual,
16 and ALEX GALVEZ, an individual,
MARC GARVEY, an individual;            **DEFENDANT FEDERAL EXPRESS**
17 BRYAN PETER, an individual,            **CORPORATION'S NOTICE OF**
individually and on behalf of all      **REMOVAL OF ACTION UNDER**
18 other similarly situated,              **TITLE 28 U.S.C. §§1332 AND 1441(a)**
                                        **AND JURISDICTION**
19            Plaintiffs,                 **STATEMENTS PURSUANT TO**
                                        **LOCAL RULE 3-5**
20 v.
                                        Complaint Filed: February 28, 2007
21 FEDERAL EXPRESS INC., a              Amended Complaint Filed: March 16, 2007
Delaware Corporation, and DOES           Date of Service: April 16, 2007
22 1-500, inclusive,

23            Defendants.

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant Federal Express Corporation (erroneously sued as "Federal Express, Inc." (hereinafter "Defendant" or "FedEx"), contemporaneously with the filing of this Notice, hereby effects the removal of the below referenced action from the Superior Court in the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

## JURISDICTION

1.      The removal is based on 28 U.S.C. §§1332 (a) (diversity), 1332(d) (Class Action Fairness Act) and 1441(a).  In support of its Notice of Removal of Civil Action and basis for jurisdiction pursuant to Local Rule 3-5, Defendant states:

## INTRADISTRICT ASSIGNMENT

2.      Pursuant to Local Rule 3-5(b), this matter should be assigned to the San Francisco or Oakland division because the first named Plaintiff, Paul Bibo, alleges he resides in Marin County.  *See* L.R. 3-2(d).

## PLEADINGS, PROCESS AND ORDERS

3.      On or about March 16, 2007, Plaintiffs Paul Bibo, Georgia Shields, Alex Galvez, Marc Garvey, and Bryan Peter, on behalf of themselves, and others similarly situated, filed an amended complaint in the Superior Court for the County of San Francisco entitled *PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and Alex Galvez, an individual, Marc Garvey, an individual; Bryan Peter, an individual, individually and on behalf of all others similarly situated v. Federal Express Inc., a Delaware corporation, and Does 1 to 500, inclusive.*  Case No. CGC-

1.

07-460845 (hereinafter, the "FAC"). Plaintiffs and the members of the putative class(es) they purport to represent are current and/or former non-exempt "delivery driver" employees (couriers) of Defendant. Defendant was served with the FAC on April 16, 2007.

4.    On or about February 28, 2007, Plaintiffs Paul Bibo and Georgia Shields, on behalf of themselves, and others similarly situated, filed the original action in the Superior Court for the County of San Francisco entitled *PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, individually and on behalf of all other similarly situated v. Federal Express Inc., a Delaware corporation, and Does 1 to 500, inclusive.* Case No. CGC-07-460845. Defendant was never served with the Original Complaint.

5.    Plaintiffs' FAC asserts 8 purported causes of action as follows: 1) Violations of California Labor Code §§510 and 204; 2) Violations of California Labor Code §§ 201, 202, and 203; 3) Violations of Labor Code § 226; 4) Violations of California Labor Code § 226.7; 5) Violations of Business and Professions Code §§ 17200 *et seq.*; 6) Unjust Enrichment; 7) Fraud; and 8) Declaratory Relief.

6.    True and correct copies of Plaintiffs' state court Summons, FAC, Notice to Plaintiff, Civil Cover Sheet, and Complaint are attached hereto and incorporated herein by reference as Exhibit "A."

7.    Attached hereto and incorporated herein by reference as Exhibit "B" is a true and correct copy of Defendant's Answer to Plaintiff's Unverified first Amended Complaint timely filed on or about May 7, 2007.

8.    The attached exhibits constitute all the papers and processes that have been filed or received in this action by Defendant. Their attachment thereby

satisfies the requirements of 28 U.S.C. §1446(a).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9.    On February 18, 2005, the Class Action Fairness Act of 2005 ("the Act") was enacted.  In relevant part, the Act grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. §1332(d)(2).  The Act authorizes removal of such actions in accordance with 28 U.S.C. §1446.  While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. §1332(d)(3)-(5), none are applicable here.

10.    This Court has original jurisdiction over this case under 28 U.S.C. §1332(d) of the Act, in that it is a civil action filed as a class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendant.  28 U.S. C. §1332(d)(2).

11.    This action is brought pursuant to California Code of Civil Procedure Section 382 on behalf of a putative class of "thousands" of all non-exempt couriers.  (FAC 10).  The aggregate potential number of current and former individuals is in excess of at least 5900.  (Declaration of Leila M. Hassan (Hassan Dec.), ¶2, Exh. A).

12.    Removal pursuant to 28 U.S.C. §1332(d) requires only minimal diversity.  As such, FedEx need only show that any one class member is diverse from any one defendant.  Complete diversity is not required.  *Serrano v. 180 Connect, Inc.*,

3.

478 F.3d 1018, 1020-1021 (9th Cir. 2007).

13.    Defendant is informed and believes that Plaintiffs were, at the time of the filing of this action, and still are, residents and citizens of the State of California (FAC 1-3.)

14.    Defendant was, at the time of filing of the state court action, and remains, incorporated in the State of Delaware.  FedEx's principal place of business is in the state of Tennessee, which houses FedEx's World Headquarters and principal corporate officers serving the United States markets, employs more people, transports more packages by air, and is the location for more FedEx owned and least real estate than California or elsewhere.  The substantial predominance of its corporate business activities occur in Tennessee, such as major corporate decisions, production activities, purchasing and sales.  FedEx has no principal business office located in the State of California.  (See Declarations of Amanda R. Adams, Allen W. Burgess, Donald C. Colvin, David F. Leech, Richard S. McConnell, Robert T. Molinet, Lady J. Smith-Swift, Flynn Wallace, and Kathryn R. Young, attached to the Declaration of Sandra C. Isom (Isom Dec.) ¶2, Exh. A-I.  Defendant, therefore, is a citizen of the states of Delaware and Tennessee for the purposes of determining diversity of citizenship.

15.    Here, minimal (and complete) diversity is established because at least one named Plaintiff, (and indeed all named Plaintiffs), are residents of California and Defendant is a citizen of Delaware and Tennessee.

## AMOUNT IN CONTROVERSY

16.    The Class Action Fairness Act, 28 U.S.C. §1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million.  Plaintiff's FAC is

4.

silent as to the total amount of monetary relief sought. However, the failure of the FAC to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar value upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

17. In the FAC, Plaintiffs claim that they and other putative class members were denied overtime compensation, meal and rest periods, and compensation for work performed when they were clocked out and for time between two-hour breaks (split shifts). (FAC 8, 24). Plaintiffs further allege a willful violation in failing to maintain records and making them available upon request. (FAC 43-46). Plaintiffs further claim that, as a result, they, and the other putative class members are entitled to, among other things, statutory penalties, compensatory damages, equitable relief, attorneys' fees and punitive damages. (FAC Prayer).

18. While Defendant denies the validity and merit of all of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, assuming them to be accurate for purposes of this removal only, it is readily apparent that the amount in controversy in this action exceeds the jurisdictional minimum. *Luckett v. Delta Airlines. Inc.*, 171 F.

5.

1    3d 295, 298 (5th Cir. 1999).

2    19.    For example, an analysis of just two of Plaintiffs' eight causes for

3    just over a one year period reflects potential damages of at least \$9,725,064:

4

5             a.      Plaintiffs allege, in part, that on a class-wide uniform basis

6    that affected all putative class members equally, FedEx regularly failed to

7    maintain accurate pay records and failed to allow current and former employees

8    to inspect pay records upon request, in violation of California Labor Code §226

9    and seeks penalties of not less than \$750 for each violation. (FAC 9, 17, 25,

10    44-45). Further, Plaintiffs seek "waiting time penalties" of 30 days of wages

11    for terminated employees on the basis that FedEx allegedly failed to pay

12

13    terminated couriers all wages due immediately upon discharge or 72 hours after

14    an employee quits. (FAC 41-42). Plaintiffs also allege that each class

15    members' damages are not inconsequential. (FAC 12).

16             b.      From April 1, 2006[1] through May 7, 2006, there were a total

17    of 5928 couriers employed in California. Of that total, 674 couriers terminated,

18

19    [1] For purposes of this Notice of Removal and by way of example, and
20 without conceding any liability or admitting to a specific limitations period, FedEx
relies upon the time frame of April 2006 to present because Plaintiffs' claims for relief
21 are the same claims litigated and settled in the class action matter entitled, *Jack Foster*
*et. al. v. Federal Express Corporation*, Los Angeles Superior Court Case No. BC
22 282300. (*See* FAC 8 and Isom Dec. ¶3). In that action, the plaintiff class also
23 involved the same job classification of California employees (couriers), in addition to
customer service agents. The settlement received preliminary approval in April 2006.
24 (Isom Dec. ¶3) Plaintiffs' FAC here, like the *Foster* action, seeks monetary relief for
25 work allegedly performed before and after scheduled shifts, during meal and rest
periods, and the time spent during two-hour midday breaks, which Plaintiffs allege is
26 required on days which were not busy, and penalties for various violations. (FAC,
27 Prayer). On November 6, 2006, the Los Angeles Superior Court dismissed *Foster*
after the settlement received final approval. (Isom Dec. ¶3). In fact, Plaintiffs herein
28 did not opt out of *Foster* and each received a settlement check (Hassan Dec. ¶3).

6.

1
2
3
4
5
6
7
8
9
10

resigned, or their employment at FedEx otherwise ended at some point during that time frame. (Hassan Dec. ¶2, Exh. A). Assuming just one penalty per employee for failure to allow inspection of pay records upon request and one penalty for failing to maintain adequate pay records ($1500 total), the aggregated damages total $8,892,000, far in excess of the jurisdictional minimum just for one of Plaintiffs' causes of action. FedEx couriers earn far in excess of minimum wage, but even assuming the minimum wage rate of $5.15 per hour for waiting time penalties for 30 days, the aggregated damages total $833,064 for the 674 terminated employees.

11
12
13
14
15
16
17

20.    In addition to the foregoing, Plaintiff's Complaint also seeks an award of attorneys' fees. It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. See e.g., *Bell v. Preferred Life*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).

18
19
20
21
22
23
24
25
26

21.    In addition to attorneys' fees, Plaintiff's Complaint seeks monetary relief in the form of punitive damages. Although Defendant denies that it can or should be liable for punitive damages in this case, for purposes of assessing whether the amount in controversy element has been satisfied, the Ninth Circuit has specifically held that punitive damages claimed by the named plaintiff are properly included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

27
28

22.    Numerous California court decisions and jury verdicts demonstrate that punitive damages in excess of $100,000 have been awarded to individual

7.

1  plaintiffs where, for example, plaintiff has alleged conversion of a previously

2  identified fund of money. *See, e.g., Professional Seminar Consultants Inc. v. Sino*

3  *American Technology Exchange Council. Inc.*, 727 F.2d 1470 (9th Cir. 1984) (single

4  plaintiff was awarded punitive damages in the amount of $200,000 based on the claim

5

6  that the defendant had converted funds received under an agreement to arrange the

7  land portion of a study tour).

8          23.    Although FedEx denies any liability, it has established that the

9  monetary relief sought by Plaintiff for alleged violations in the form of statutory

10  penalties, unpaid wages, including regular and overtime pay, punitive damages and

11  attorneys' fees is far in excess of the $5,000,000 jurisdictional requirement.

12  Therefore, removal of this action is proper.

13

14                **JURISDICTION PURSUANT TO TITLE 28 U.S.C. §1332(a)**

15          24.    Jurisdiction is also appropriate pursuant to Title U.S.C. §1332(a)

16  (complete diversity) which provides that federal courts have original jurisdiction of

17  civil actions where the matter in controversy exceeds $75,000, exclusive of interest

18  and costs, and is between citizens of different states.

19

20          25.    As noted above, all Plaintiffs reside in California and the sole

21  defendant, FedEx, is incorporated in Delaware, with its principal place of business in

22  Tennessee.

23          26.    Plaintiffs' FAC asserts that alleged wage and hour violations

24  occurred uniformly and equally to all putative class members. Assuming that each

25  courier allegedly received weekly paychecks that were inaccurate and made at least

26

27  one request to inspect records that was allegedly denied over a two year period, the

28  $75,000 threshold is met, i.e. $750 + ($750 x 100 weeks (4 weeks omitted for vacation

8.

1  time)) = $75,750. This amount, combined with all other potential damages set forth

2  above, easily exceeds the amount in controversy for purposes of diversity jurisdiction

3  under 1332(a).

4

### TIMELINESS OF REMOVAL

5

6  27.    Plaintiff served the FAC on Defendant by Process Server on or

7  about April 16, 2007.

8  28.    This removal is therefore timely as it is filed within 30 days of

9  Plaintiff's service of the initial pleading, the FAC, on Defendant.

10

### JURISDICTION

11

12  29.    This District Court has jurisdiction over all the parties, and its

13  territorial jurisdiction embraces the place where the Superior Court Action is pending

14  pursuant to 28 U.S.C. §1441(a).

15

### VENUE

16  30.    Venue is proper in this Court pursuant to 28 U.S.C. §84(a), 1391

17  and 1446(a) and Local Rule 3-2 (c) and (d).

18

### SUPPLEMENTAL JURISDICTION

19

20  31.    In any civil action of which the District Courts of the United States

21  have original jurisdiction, the District Courts have supplemental jurisdiction over all

22  other claims that are so related to the claims in the action within such original

23  jurisdiction that they form part of the same case or controversy.

24  32.    Therefore, supplemental jurisdiction exists over the state law

25  claims in this action.  28 U.S.C. §§1367(a).

26

27

28

1

## NOTICE TO STATE COURT AND PLAINTIFF

2

33.    Contemporaneously with the filing of this Notice of Removal in

3

the United States District Court for the Northern District of California, written notice

4

5

of such filing will be given by the undersigned to Plaintiff's counsel of record, Daniel

L. Feder.

6

7

34.    In addition, a copy of Notice of Removal will be filed with the

8

Clerk of the Court for the Superior Court of the County of San Francisco, California.

9

10

WHEREFORE, having provided notice as is required by law, the above-

11

entitled action should hereby be removed from the Superior Court of the County of

12

San Francisco to this Court.

13

14

Dated: May 9, 2007

15

16

17

SANDRA C. ISOM
FEDERAL EXPRESS CORPORATION

18

and

19

KEITH A. JACOBY

20

LITTLER MENDELSON
A Professional Corporation

21

Attorneys for Defendant

22

FEDERAL EXPRESS CORPORATION

23

24

25

Doc. No. 644801

26

27

28

10.

# EXHIBIT A

First Amended Class
Action Complaint

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX EXPRESS, INC., a Delaware Corporation and Does
1-500, inclusive

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAUL BIBO, an individual, and GEORGIA SHIELDS, an
individual, and ALEX GALVEZ, an individual, MARC
GARVEY, BRYAN PETER, an individual, individually and
on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CGC-07-460845 |

San Francisco Superior Court
400 McAllister Street

San Francisco, Ca 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Feder, Esq., SB #130867     (415) 391-9476  (415) 391-9432
807 Montgomery Street
San Francisco, CA 94133

| DATE: **MAR 1 6 2007** GORDON PARK-LI | Clerk, by | **M. SANCHEZ** | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FEDEX EXPRESS, INC.

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 X 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions·
Ca Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Daniel L. Feder, Esq., SB #130867
Law Offices of Daniel L. Feder
807 Montgomery Street
San Francisco, CA 94133

TELEPHONE NO.: (415) 391-9476   FAX NO.: (415) 391-9432
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, Ca 94102
BRANCH NAME:

CASE NAME: BIBO, etc., et al. vs. FEDEX EXPRESS, INC., et al.

F I L E D
San Francisco County Superior Court

FEB 2 8 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-07-460845 |
|---|---|---|
| [ ] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Wrongful eviction (33) | |
| [ ] Other PI/PD/WD (23) | [ ] Other real property (26) | |
| Non-PI/PD/WD (Other) Tort | Unlawful Detainer | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Residential (32) | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Fraud (16) | Judicial Review | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Asset forfeiture (05) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Other judicial review (39) | |
| [ ] Wrongful termination (36) | | |
| [X] Other employment (15) | | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): 6

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 26, 2007

Daniel L. Feder, Esq., SB #130867
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
ORIGINAL

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

ENDORSED
FILED
San Francisco County Superior Court

MAR 1 6 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA SANCHEZ
Deputy Clerk

1   Daniel L. Feder, Esq., SB #130867
    The Law Offices of Daniel L. Feder
2   807 Montgomery Street
    San Francisco, CA 94133
3   Phone: (415) 391-9476
    Fax:   (415) 391-9432
4
5   Attorney for Plaintiffs
6
7                IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
8        IN AND FOR THE COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)
9

10  PAUL BIBO, an individual, and GEORGIA          )  Case No.: CGC-07-460845
    SHIELDS, an individual, and ALEX               )
11  GALVEZ, an individual, MARC GARVEY,            )  FIRST AMENDED CLASS ACTION
    an individual; BRYAN PETER, an                 )  COMPLAINT FOR :
12  individual, individually and on behalf of all  )
    others similarly situated,                     )     • Violations of California Labor
13                                                 )       Code §§ 510 and 204;
                        Plaintiffs,                )     • Violations of California Labor
14                                                 )       Code §§ 201, 202, and 203;
            vs.                                    )     • Violations of Labor Code §226
15                                                 )     • Violations of California Labor
    FEDEX EXPRESS, INC., a Delaware                )       Code § 226.7;
16  Corporation, and DOES 1-500, inclusive,        )     • Violations of Business and
                                                   )       Professions Code §§ 17200 et seq.;
17                      Defendants.                 )     • Unjust Enrichment;
                                                   )     • Fraud, and
18                                                 )     • Declaratory Relief
                                                   )
19                                                 )  JURY TRIAL DEMANDED
20
21      Plaintiffs PAUL BIBO, GEORGIA SHIELDS, ALEX GALVEZ, and BRYAN PETER,
22  individually and on behalf of all others similarly situated, for their complaint against defendant
23  FEDEX EXPRESS, INC., and Does 1-500, inclusive, allege upon information and belief,
24  except as to the allegations that pertain to Plaintiffs and their counsel, as follows:
25                             **JURISDICTION AND VENUE**
26      1.    Plaintiff PAUL BIBO is an individual who, at all relevant time periods, resided
27  in San Francisco, California, and was an employee of FEDEX EXPRESS, INC. (hereinafter
28  referred to as "FEDEX EXPRESS" , "FEDEX", or "CORPORATE DEFENDANT").

FIRST AMENDED CLASS ACTION COMPLAINT - 1

1   Plaintiff BIBO worked for FEDEX EXPRESS in San Rafael from approximately February 8,
2   2001 until January 26, 2006, when he was terminated. Plaintiff BIBO was employed with
3   FEDEX EXPRESS as a courier responsible for picking up and delivering packages in the
4   Southern Marin County area, when his employment was abruptly terminated by FEDEX.

5       2.      Plaintiff ALEX GALVEZ ("GALVEZ") is an individual who, at all relevant
6   time periods, resided in Vallejo, California, and was a citizen of the State of California.
7   GALVEZ was, at all times relevant hereto, an employee of FEDEX. GALVEZ was employed
8   with FEDEX in various positions, and for the past several years, worked as a as a courier
9   responsible for picking up and delivering packages in the Southern Marin County area.
10  FEDEX has recently terminated GALVEZ's employment.

11      3.      Plaintiff GEORGIA SHIELDS ("SHIELDS") is an individual who, at all
12  relevant time periods, resided in San Rafael, California, was a citizen of the State of California,
13  and worked for FEDEX from approximately 1997 to the present. Plaintiff SHIELDS was, at
14  all times relevant hereto, employed by FEDEX as a courier. SHIELDS is no longer employed
15  by FEDEX, as her employment was constructively terminated by FEDEX. Plaintiff MARC
16  GARVEY is an individual who, at all relevant time periods, resided in San Francisco,
17  California, was a citizen of the State of California, and worked for FEDEX. Plaintiff
18  GARVEY worked for FEDEX as a courier working out of FEDEX's branches in San Rafael,
19  and San Francisco. GARVEY is no longer employed by FEDEX, as his employment was
20  terminated by FEDEX. Plaintiff BRYAN PETER is an individual who, at all relevant time
21  periods, resided in San Francisco, California, was a citizen of the State of California, and
22  worked for FEDEX. Plaintiff PETER worked for FEDEX as a courier working out of
23  FEDEX's branches in San Rafael, and San Francisco. PETER is no longer employed by
24  FEDEX. .

25      4.      Defendant FEDEX EXPRESS, INC. as referenced herein as "FEDEX
26  EXPRESS," is and was at all times relevant to this complaint, a Delaware Corporation and a
27  delivery business with multiple locations throughout the State of California. -six (46) branches
28  and service centers in the State of California.

5.     Plaintiffs lack sufficient information and belief to allege the true names and capacities of defendants sued herein as DOES 1 through 500, inclusive. For that reason, Plaintiffs sue said fictitiously named defendants by such fictitious names. When the true names, nature and capacity of said fictitiously named defendants are ascertained, Plaintiffs shall amend this Complaint accordingly. At all times herein mentioned, all defendants herein, whether named or unnamed were and are responsible and liable to Plaintiff for all of the Plaintiffs' damages and other relief prayed for herein. Plaintiffs allege on information and belief that at all times herein mentioned, each of the defendants herein, whether named or unnamed, was the agent, servant employee, co-conspirator, co-adventurer, and employee of each other defendant herein, whether named or unnamed. With respect to each action and inaction pled in the following paragraphs, each of the defendants, whether named or unnamed, was acting within the course and scope of their agency and employment and was acting with the full knowledge, consent, ratification and approval of each other defendant herein, whether named or unnamed.

6.     This Court has personal jurisdiction over the named corporate Defendant, which: (1) conducts business in the State of California through its branches and service centers in California; (2) hires and maintains employees in the State of California; and (3) avails itself of the protection of the laws of the State of California.

7.     Venue is proper in this Court because Defendants committed the acts complained of herein in San Francisco, as well as in other locations throughout the State of California.

## CLASS ACTION ALLEGATIONS

8.     Plaintiffs bring this class action pursuant to California Code of Civil Procedure section 382 on behalf of a Class consisting of all non-exempt current and former delivery drivers (aka "couriers") employed by Defendants in the State of California who were denied overtime compensation during all applicable statutes of limitations (the "Class Period"). Plaintiffs also bring this action on behalf of a Class consisting of all non-exempt current and former delivery drivers of Defendants in the State of California who were denied meal and rest

1    periods during the period after the end date of a class certified in an earlier class action brought
2    against FEDEX involving meal and rest periods which settled, was granted final approval by
3    the Court. Plaintiffs further bring this action on behalf of a Class consisting of all non-exempt
4    current and former delivery drivers of FEDEX in the State of California who were required by
5    FEDEX to provide services for FEDEX, as further described herein, without compensation,
6    during periods when they were clocked out.

7        9.      The wrongful acts or omissions were and are a uniform practice that affected all
8    putative class members equally. Respondents, by their practices and policies, have violated the
9    rights of their employees under the California Labor Code, and the Unfair Competition Law.
10   The questions raised are therefore of common or general interest to the class members, and
11   they have a well defined community of interest in the questions of law and fact raised in this
12   action. The only recognizable difference between class members will be the amounts owed to
13   each individual member.

14       10.     Based on information and belief, Defendant FEDEX EXPRESS has employed
15   thousands of delivery drivers in the State of California (a number known particularly to
16   Defendants) since the beginning of the Class Period. These individuals have been subject to
17   Defendants' unlawful and wrongful practices, and their numerosity makes it impractical to
18   bring them all before this forum, and disposition of their claims in a class action is a benefit to
19   the parties and to the court.

20       11.     A class action is superior to other available means for the fair and efficient
21   adjudication of this controversy. Individual joinder of all class members is not practicable, and
22   questions of law and fact common to the class predominate over any questions affecting only
23   individual members of the class. Each member of the class has been damaged and is entitled to
24   recover. Class action treatment will allow those similarly situated persons to litigate their
25   claims in the manner that is most efficient and economical for the parties and the judicial
26   system.

27       12.     A class action is appropriate since Plaintiffs' and class members' damages,
28   although by no means inconsequential, do not rise to the level to make prosecution of

1  individual claims economically feasible for Plaintiffs and class members to pursue. The

2  burden and expense of individual litigation makes it economically unfeasible for the members

3  of the class to seek redress other than through a class action. Consequently, there would be a

4  failure of justice but for the maintenance of the present class action.

5      12.    The prosecution of individual remedies by members of the class would tend to

6  establish inconsistent standards of conduct for the Defendants and would result in the

7  impairment of class members' rights and the disposition of their interests through actions to

8  which they were not parties.

9      13.    Plaintiffs know of no difficulty which will be encountered in the management of

10  this litigation which would preclude its maintenance as a class action.

11      14.    Plaintiffs have incurred and, during the pendency of this action, will incur

12  attorneys' fees and expenses. Such attorneys' fees and expenses are necessary for the

13  prosecution of this action and will result in a benefit to the class.

14      15.    Upon information and belief, Defendants were aware of the facts herein alleged

15  at the time they failed to perform the duties alleged herein.

16      16.    The names and addresses of the persons who are members of the class are

17  available from FEDEX' records and are therefore known to Defendants. Notice can be

18  provided to the member of the class by mail, or by using techniques and a form of notice

19  similar to those customarily used in class actions under California law, with the costs of any

20  notice to be borne by Defendants.

21      17.    The Defendants' unlawful acts and unfair trade practices have affected all

22  members of the Class in a similar manner, i.e., all members of the Class have been denied all

23  wages and overtime. In addition, FEDEX have failed to maintain accurate records of hours

24  worked by employees, and failed to make pay records available to employees upon request.

25  Among the questions of law and fact common to the Class are:

26      (a)    Whether Defendants have violated California law, including California's Unfair
            Competition laws (Business & Professions Code §§ 17200, et seq.), and/or
27          California Labor Code § 226.7.

28      (b)    Whether Defendants have unlawfully denied employees regular and overtime
            wages as a condition to maintaining their jobs, in violation of the California

Labor Code.

(c)    Whether Defendants have unlawfully failed to maintain employees' pay records, and make those records available for employee inspection upon request, in violation of the California Labor Code.

(d)    Whether Defendants' labor policies and practices, as described herein, constitute intentional or reckless violations of California law, entitling Plaintiff and the Class to punitive or exemplary damages.

18.    Plaintiff and the entire Class have been, and/or still are, denied overtime wages for work in excess of eight (8) hours in a day and forty (40) hours in a week.

19.    FEDEX did not keep accurate payroll records as required by California law, and denied delivery drivers' requests to inspect payroll records.

20.    Plaintiffs' claims are typical of those of the Class they seek to represent because Plaintiffs and all members of the Class were injured and/or continue to be injured in the same manner by Defendants' illegal acts and practices, and other wrongful conduct complained of herein.

21.    Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel who are experienced in class action litigation. Plaintiffs have no interests that are adverse to or in conflict with other members of the Class.

## FACTUAL ALLEGATIONS

22.    This action is brought by Plaintiff and all other current and former delivery drivers of Defendant FEDEX EXPRESS, INC. in the State of California who have been denied regular and overtime wages in violation of the Labor Code and Industrial Wage Commission ("IWC") Orders. This action is also brought for FEDEX' failure to maintain employees' payroll records, and make those records available to employees for inspection upon request, in violation of California law.

23.    Defendant FEDEX EXPRESS, INC. is a delivery business with multiple locations throughout the State of California.

24.    FEDEX EXPRESS failed during the Class Period to provide persons in their employment with regular and overtime wages, and further failed to provide delivery drivers with meal and rest periods, as required by law. FEDEX intentionally carried out these statutory violations through a number of methods, including, but not limited to the following:

FIRST AMENDED CLASS ACTION COMPLAINT - 6

1    FEDEX required delivery drivers to work through their 10 minute break periods, and
2   their one hour meal periods; FEDEX required its delivery drivers to stack their meal and rest
3   periods, so that they would receive their meal and rest periods together (1 hour and twenty
4   minutes); FEDEX would send "pick-up" messages to delivery delivers, during their meal and
5   rest periods, requiring delivery drivers to make immediate trips to pick-up packages at various
6   locations. FEDEX instructed delivery drivers not to process the pick-ups, during their meal
7   and rest periods, because that would make it appear that they were not receiving their required
8   meal and rest periods. FEDEX would require delivery drivers to perform services for FEDEX
9   when they were not "clocked-in" or had already "clocked out." FEDEX required delivery
10  drivers to perform services, including servicing computers on trucks, providing employee
11  benefits consulting services, and other services after the delivery drivers had already punched
12  out on their timecards. FEDEX would wait until delivery drivers had already punched out to
13  discuss business related matters with delivery drivers, and would require delivery drivers to
14  interact with customers after they had already punched out. FEDEX would routinely change
15  delivery drivers' start times less than one hour before the scheduled start times, and would not
16  permit delivery drivers to clock-in when they arrived at the work stations. FEDEX would
17  accomplish this by telling delivery drivers that they could not clock-in, or FEDEX would hide
18  time clocks. FEDEX required delivery drivers to take two hour unpaid lunch periods on days
19  which were not busy. FEDEX required delivery drivers to clean, service, and add supplies to
20  their drop boxes (stations on delivery routes used by customers to delivery packages) during
21  their meal and rest periods.

22     Defendants' policies and practices toward its employees violate California Labor Code §§
23  510 and 204, which provide, in relevant part:

24
25      Sec. 510(a). Eight hours of labor constitutes a day's work. Any work in excess of eight
        hours in one workday and any work in excess of 40 hours in any one workweek and the
26      first eight hours worked on the seventh day of work in any one workweek shall be
        compensated at the rate of no less than one and one-half times the regular rate of pay
27      for an employee. Any work in excess of 12 hours in one day shall be compensated at
        the rate of no less than twice the regular rate of pay for an employee. In addition, any
28      work in excess of eight hours on any seventh day of a workweek shall be compensated
        at the rate of no less than twice the regular rate of pay of an employee.

FIRST AMENDED CLASS ACTION COMPLAINT - 7

1

2          Sec. 204. All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
           earned by any person in any employment are due and payable twice during each
3          calendar month, on days designated in advance by the employer as the regular paydays.

4          25. .    FEDEX fail to maintain accurate payroll records, and fail to provide persons in

5    their employment with those records for inspection upon request. Defendants' policies and

6    practices towards its employees violate California Labor Code § 226, which provides, in

7    relevant part:

8

9          (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish
           each of his or her employees, either as a detachable part of the check, draft, or voucher
10         paying the employee's wages, or separately when wages are paid by personal check or ·
           cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)
11         total hours worked by the employee, except for any employee whose compensation is
           solely based on a salary and who is exempt from payment of overtime under
12         subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
           Commission, (3) the number of piece-rate units earned and any applicable piece rate if
13         the employee is paid on a piece-rate basis, (4) all deductions, provided that all
14         deductions made on written orders of the employee may be aggregated and shown as
           one item, (5) net wages earned, (6) the inclusive dates of the period for which the
15         employee is paid, (7) the name of the employee and his or her social security number,
           except that by January 1, 2008, only the last four digits of his or her social security
16         number or an employee identification number other than a social security number may ·
           be shown on the itemized statement, (8) the name and address of the legal entity that is
17         the employer, and (9) all applicable hourly rates in effect during the pay period and the
18         corresponding number of hours worked at each hourly rate by the employee. The
           deductions made from payments of wages shall be recorded in ink or other indelible
19         form, properly dated, showing the month, day, and year, and a copy of the statement or
20         a record of the deductions shall be kept on file by the employer for at least three years
           at the place of employment or at a central location within the State of California.
21

22         (b) An employer that is required by this code or any regulation adopted pursuant to this
           code to keep the information required by subdivision (a) shall afford current and former
23         employees the right to inspect or copy the records pertaining to that current or former
24         employee, upon reasonable request to the employer. The employer may take reasonable
           steps to assure the identity of a current or former employee. If the employer provides
25         copies of the records, the actual cost of reproduction may be charged to the current or
           former employee.
26

27         (c) An employer who receives a written or oral request to inspect or copy records
           pursuant to subdivision (b) pertaining to a current or former employee shall comply
28         with the request as soon as practicable, but no later than 21 calendar days from the date
           of the request. A violation of this subdivision is an infraction.

                              FIRST AMENDED CLASS ACTION COMPLAINT - 8

1       26.    Defendants routinely denied employees regular wages, and overtime wages to
2  employees working more than eight (8) hours per day and more than forty (40) hours per week.

3       27.    Defendant's illegal policy of denying regular and overtime wages also
4  constitute a violation of California's Unfair Competition Law (Business and Professions Code
5  §§17200, et seq.), in that Defendant's policies and practices constitute unlawful, unfair or
6  fraudulent business acts or practices, including violations of California Labor Code provisions
7  and California IWC Orders.

8       28.    Defendants' policies and practices are despicable and are enforced through
9  oppressive and fraudulent means, as described herein, including the verbal and economic
10 harassment of their employees for Defendants' profit. Defendants' acts were committed and
11 continue to be committed with malice, and constitute despicable conduct that is carried on by
12 Defendants with a willful and conscious disregard of the rights of their employees. Plaintiff
13 and the Class are entitled to punitive or exemplary damages for Defendants' intentional and
14 despicable conduct.

15      29.    Plaintiffs seek injunctive relief prohibiting Defendants from engaging in the
16 illegal labor acts described herein. Injunctive relief is required. Unless enjoined, Defendants'
17 unlawful conduct will continue unchecked, while Plaintiffs and the Class bear the financial
18 brunt of Defendant's unlawful conduct.

19      30.    Plaintiffs also seek restitution of costs incurred by Plaintiff and members of the
20 class under California's Unfair Competition Law.

21

22                       **First Cause of Action**

23               **(On Behalf of Plaintiffs and the Entire Class)**

24                      **Against All Defendants**

25      **For Willful Violations of California Labor Code §§ 510 and 204 –**
        **Failure to Pay All Wages and Overtime Under California Law**
26

27      31.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as
28 though set forth herein.

32.   On January 1, 2000, Labor Code § 510(a) was enacted and provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

33.   Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

34.   Labor Code § 204 states, in pertinent part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

35.   Under California law, FEDEX are required to pay wages for each hour worked, and overtime wages when non-exempt employees work over 8 hours in a day or 40 hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Plaintiffs and putative class members have worked for Defendants without being paid for all hours worked, regular and overtime. Among other things, Defendant would require delivery drivers to make deliveries after they had clocked out and before they had clocked in. Further, Defendant would assign various tasks to Plaintiffs, including servicing the electrical systems on the trucks, performing work on employee benefits, and other services, and would refuse to compensate drivers for the time expended performing these tasks. In addition, Defendant's management level employees would routinely clock delivery drivers out while delivery drivers were still performing services, at Defendant's request, for the benefit of the Defendant.

36.   As a result of FEDEX' violation of statutory duties to comply with statutory wage requirements, as more fully set forth above, Plaintiffs and Class members were damaged in an amount above the jurisdictional limits of this Court.

37.    Plaintiffs and Class members seek as damages all wages owed to individuals

employed by FEDEX.

38.    Plaintiffs and Class members are entitled to, and therefore request, an award of

pre-judgment interest on the unpaid wages set forth herein.

39.    Plaintiffs have incurred, and will continue to incur attorneys' fees and costs in

the prosecution of this action. Plaintiffs seeks attorneys' fees under all applicable provisions of

law. Wherefore, Plaintiffs pray judgment as set forth herein below.

## Second Cause of Action

### (On Behalf of Plaintiff and the Entire Class)

### Against All Defendants

**For Willful Violations of California Labor Code §§ 201, 202, and 203 –
Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties**

40.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as

though set forth herein.

41.    California Labor Code §§ 201 and 202 require FEDEX to pay their employees

all wages due immediately upon discharge or 72 hours after an employee quits. California

Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the

employer must, as a penalty, continue to pay the subject employees' wages until the back

wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of

wages. A worker need not prove malice or intentional conduct in establishing their claim for

waiting time penalties, but merely establish the employer did not do something it was obligated

to do. (See Mamika v. Barca (1998) 68 Cal. App. 4th 487; Barnhill v. Robert Saunders & Co.

(1981) 125 Cal.App.3d 1.)

42.    Plaintiffs and Class members are entitled to unpaid compensation, but to date

have not received such compensation. As a consequence of FEDEX' willful conduct in not

paying compensation for all hours worked, Plaintiffs and Class members are entitled to 30 days

FIRST AMENDED CLASS ACTION COMPLAINT - 11

1  wages as penalty under Labor Code § 203, together with interest thereon and attorneys' fees

2  and costs. Wherefore, Plaintiffs pray judgment as set forth herein below.

3

4  ### Third Cause of Action

5  ### (On Behalf of Plaintiff and the Entire Class)

6  ### Against All Defendants.

7  ### For Willful Violations of Labor Code § 226 –
   ### Failure to Maintain Pay Records; Failure to Make
8  ### Pay Records Available Upon Request

9  43.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as

10  though set forth herein.

11  44.    FEDEX knowingly and intentionally failed to maintain accurate pay records,

12  and failed to allow current and former employees to inspect pay records upon request, in

13  violation of California Labor Code § 226.

14  45.    As a direct result of FEDEX' failure, Plaintiffs and Class members were injured

15  and are entitled to recover an amount to be proved at trial, of not less than $750 for each

16  violation.

17  46.    Plaintiffs and Class members are entitled to statutory penalties and attorneys'

18  fees pursuant to Labor Code § 226 and California Code of Civil Procedure § 1021.5.

19  Wherefore, Plaintiffs pray judgment as set forth herein below.

20  ### Fourth Cause of Action

21  ### (On Behalf of Plaintiff and the Entire Class)

22  ### Against All Defendants
   ### For Violations of California Business and Professions Code Sections 17200, et seq.
23  ### Based Upon Defendants' Unfair Business Acts and Practices

24

25  47.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as

26  though set forth herein.

27

28  48.    Plaintiffs further bring this action pursuant to the Business and Professions

Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime

FIRST AMENDED CLASS ACTION COMPLAINT - 12

1   wages, and injunctive relief to enjoin FEDEX' illegal practices.

2

3       49.     The Unfair Competition Law prohibits all unfair competition, which is

4   defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs and the class

5   have standing to bring this claim because they are direct victims of FEDEX' illegal and unfair

6   business practices, which Defendants engaged in for their sole financial benefit.

7       50.     Defendants, and each of them, are "persons" as defined under Business and

8   Professions Code § 17201. Each of the directors, officers, and/or agents of Defendants, and

9   each of them, are equally responsible for the acts of the other directors, officers, employees

10  and/or agents as set forth in the Business and Professions Code § 17095.

11      51.     Plaintiffs and the Class members bring this action in the interest of

12  themselves, as representatives, and in the interest of other employees of Defendants, and each

13  of them, and in the interest of the public pursuant to § 17203 of the California Business and

14  Professions Code. Plaintiffs and Class members bring this cause of action seeking restitution

15  for FEDEX' failure to pay employees regular and overtime wages, as well as an injunction

16  prohibiting Defendants from denying employees regular and overtime wages, now and in the

17  future.

18      52.     Plaintiffs and the Class members bring this action to pursue claims during a 4-

19  year statute of limitations under § 17208 of the California Business and Professions Code.

20      53.     The following practices of Defendants, and each of them, are unlawful and

21  unfair business practices under California Business and Professions Code §§ 17200 et seq.:

22          (a)    failure to pay all regular and overtime wages, in violation of the California

23                 Labor Code and all other applicable laws;

24          (b)    failure to maintain accurate pay records, and make those records available

25                 for inspection upon request by employees;

26          (c)    unjust enrichment due to the failure to pay wages, including overtime

27                 wages.

28      54.     At all times material to this action, FEDEX' conduct described above is an

    unfair, unlawful, and/or fraudulent business practice in violation of California Business &

FIRST AMENDED CLASS ACTION COMPLAINT - 13

1    Professions Code §§ 17200 et seq.

2        55.    As alleged hereinabove, FEDEX have inequitably and unlawfully conspired,
3    agreed, arranged and combined to violate California labor laws, as alleged herein.

4        56.    As set forth below, Plaintiffs and Class members are informed and believe and
5    thereupon allege, that by failing to pay wages to all employees at Defendants' business,
6    Defendants have engaged in business within the State of California in a manner that injured
7    competitors, lead to misrepresentations to the public about the manner in which Defendants
8    engaged in business, and/or destroyed competition in violation of Business and Professions
9    Code § 17043. Upon information and belief, Plaintiffs and Class members allege that
10   Defendants engaged in the acts and omissions heretofore alleged for the purpose of profiting
11   from lower labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to
12   engage in unfair competition, at the expense of their employees and to the detriment of public
13   policy for the lawful employment of employees.

14       57.    Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of
15   Defendants, and each of them, to pay all wages, including overtime wages, is admissible as
16   evidence of Defendants' intent to violate the California Unfair Practices Act.

17       58.    As a direct and proximate result of the unfair, unlawful, and/or fraudulent
18   business practices alleged herein, Plaintiffs and the entire Class have been denied due wages,
19   both regular and overtime, all to their detriment and all to FEDEX' illegal economic
20   advantage.

21       59.    Plaintiffs and the Class members are informed and believe and thereon allege
22   that the Defendants, and each of them, by committing the above-described acts, have deceived
23   the public by illegally depriving its employees regular and overtime wages, thus injuring its
24   employees.

25       60.    Business and Professions Code provides that the Court may restore to an
26   aggrieved party any money or property acquired by means of unlawful and unfair business
27   practices. Plaintiffs and Class members seek restitution of all unpaid wages owing to them and
28   members of the general public, according to proof, that the Defendants have enjoyed as a result

1   of the unfair business practices.

2        Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the

3   Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or

4   penal law in a case of unfair competition."

5        61.    In addition to restoration of all wages owed, Plaintiffs and Class members seek

6   to enforce penalties in the interest of themselves, in the interest of other employees of

7   Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

8            (a)    waiting time penalties (Labor Code § 203);

9            (b)    failure to maintain and make available for inspection accurate pay

10                  records (Labor Code § 226)

11       62.    There is a financial burden incurred in pursuing this action which would be

12   unjust to place on Plaintiffs and the Class members, because the burden of enforcing

13   workforce-wide rights is disproportionate to that of enforcing only individual claims. It would

14   be against the interests of justice to force payment of attorneys' fees from Plaintiffs and Class

15   members' recovery in this action. Therefore, attorneys' fees are appropriate and sought

16   pursuant to all applicable laws, including but not limited to California Code of Civil Procedure

17   § 1021.5.

18       63.    Unless equitable relief is granted, members of the Class will continue to be

19   subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203,

20   plaintiffs and the Class seek a permanent injunction enjoining Defendants' continuing

21   violations of California's Unfair Competition Law on the grounds that such acts described

22   herein violate § 17200 of the Business and Professions Code and California's public policy.

23   Wherefore, Plaintiffs pray judgment as set forth herein below.

24                          **Fifth Cause of Action**

25                 **(On Behalf of Plaintiffs and the Entire Class)**

26                          **Against All Defendants**

27                          **For Unjust Enrichment**

28

FIRST AMENDED CLASS ACTION COMPLAINT - 15

64.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

65.    By taking advantage of Plaintiffs and Class members, Defendants, and each of them, were unjustly enriched at Plaintiffs' and Class members' expense. FEDEX gained an advantage by denying Plaintiffs and Class members regular and overtime wages. As a proximate result, Plaintiffs and Class members suffered damages. The interests of equity require that Defendants pay restitution and penalties for violating the Labor Code and Business and Professions Code. Wherefore, Plaintiffs pray judgment as set forth herein below.

## Sixth Cause of Action

### (On Behalf of Plaintiffs and the Entire Class)

### Against All Defendants

### For Declaratory Relief

66.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

67.    Plaintiffs and the Class seek a Declaration by this Court that Defendants' concerted violations alleged herein constitute unfair business practices, in violation of the Unfair Competition Act.

68.    Plaintiffs and the Class also seek a Declaration by this Court that Defendants' policy and practice of denying regular and overtime wages constitute a violation of California law, as alleged herein. In addition, Plaintiffs and Class members seek a Declaration by this Court that Defendants' policy and practice of failing to maintain accurate pay records, and failing to provide employees with those records for inspection upon request constitutes a violation of California law, as alleged herein.

## Seventh Cause of Action

### (On Behalf of Plaintiff and the Entire Class)

### Against All Defendants

**For Willful Violations of California Labor Code § 226.7 –
Failure to Afford Mandatory Breaks or Meal Periods as Required by
IWC Orders and Labor Code**

FIRST AMENDED CLASS ACTION COMPLAINT - 16

· 70.    Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.  At all times relevant, Plaintiff and the Class members were covered by the provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001. The IWC Orders provide, in applicable part:

11. (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. In the case of employees covered by a valid collective bargaining agreement, the parties to the collective bargaining agreement may agree to a meal period that commences after no more than six (6) hours of work.

11. (B)  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

11. (C)  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

11. (D)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

12. (A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. (B)  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

9.      California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

71.      FEDEX routinely failed to provide Plaintiff and the Class members with a 30-minute unpaid meal period within the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. Defendants routinely failed to provide Plaintiff and the Class members with a second 30-minute meal period within the second five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiff and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the meal period was not provided, and any and all civil penalties provided by law.

72.      FEDEX routinely failed to provide Plaintiff and the Class members with a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiff and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the rest period was not provided, and any and all civil penalties provided by law.

73.      FEDEX' policy and practice of denying Plaintiff and the entire Class meal and rest periods constitutes a willful violation of California Labor Code § 226.7. Plaintiff and the entire Class have sustained damages as a direct and proximate consequence of the Defendants' willful and illegal conduct, to wit, they have been forced to work continuously throughout the day, every day, without being allowed to take meal and rest periods.

Plaintiff has incurred, and will continue to incur attorney fees and costs in the prosecution of this action. Plaintiff seeks attorneys' fees under all applicable provisions of law. Wherefore, Plaintiff prays judgment as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

(a)    Certifying this action to proceed as a class action pursuant to California Code of Civil Procedure section 382 and designating Plaintiffs as the representatives of the Class and their counsel as counsel for the Class;

(b)    For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

(c)    For 30 days waiting time penalties under Labor Code § 203;

(d)    For statutory penalties under Labor Code § 210 and 558(a)(3);

(e)    For penalties under Labor Code § 226(f);

(f)    Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, and violations of California's Labor Code;

(g)    Permanently enjoining Defendants from continuing to engage in the unlawful concerted conduct described herein;

(h)    Equitable remedies, including but not limited to, an equitable accounting, as the court deems just and proper under the circumstances;

(i)    Awarding Plaintiffs and the Class punitive or exemplary damages based on Defendants' oppressive and despicable conduct;

(j)    Granting Plaintiffs and the Class the costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees; and

(k)    Granting such other relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

To the full extent available, Plaintiff demands a trial by jury.

FIRST AMENDED CLASS ACTION COMPLAINT - 19

1   Dated: _3/16/02_                    LAW OFFICES OF DANIEL L. FEDER

2

3

4                                       By: _Daniel J. Feder_

5                                          Daniel L. Feder
                                           Attorney for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT - 20

CASE NUMBER: CGC-07-460845  PAUL BIBO et al VS. FEDEX EXPRESS, INC., A DELAWARE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **AUG-03-2007**
>
> **TIME:** **9:00AM**
>
> **PLACE:** **Department 212**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order
> **without an appearance** at the case management conference if the case management
> statement is filed, served and lodged in Department 212
> twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
> CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
> JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
> SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
> PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges



F I L E D
San Francisco County Superior Court

FEB 2 8 2007

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

ORIGINAL

1  Daniel L. Feder, Esq., SB #130867    **CASE MANAGEMENT CONFERENCE SET**
   The Law Offices of Daniel L. Feder
2  807 Montgomery Street
   San Francisco, CA 94133
3  Phone: (415) 391-9476               AUG 0 3 2007 -9:00 AM
   Fax:    (415) 391-9432
4
   Attorney for Plaintiffs             **DEPARTMENT 212**
5
                                       **SUMMONS ISSUED**
6
7            IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
8        IN AND FOR THE COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)
9
10 PAUL BIBO, an individual, and GEORGIA    ) Case No.:  **CGC-07-460845**
   SHIELDS, an individual, individually and on )
11 behalf of all others similarly situated,    ) **CLASS ACTION COMPLAINT FOR :**
                                               )
12               Plaintiffs,                    )   • **Violations of California Labor Code**
                                               )     **§§ 510 and 204;**
13        vs.                                   )   • **Violations of California Labor Code**
                                               )     **§§ 201, 202, and 203;**
14 FEDEX EXPRESS, INC.,  a Delaware            )   • **Violations of California Labor Code**
   Corporation, and DOES 1-500, inclusive,    )     **§ 226.7;**
15                                             )   • **Violations of Business and**
                 Defendants.                   )     **Professions Code §§ 17200 et seq.;**
16                                             )   • **Unjust Enrichment;**
                                               )   • **Fraud, and**
17                                             )   • **Declaratory Relief**
                                               )
18 ────────────────────────────────           **JURY TRIAL DEMANDED**
19
20        Plaintiffs PAUL BIBO and GEORGIA SHIELDS, individually and on behalf of all

21 others similarly situated, for their complaint against defendant FEDEX EXPRESS, INC., and

22 Does 1-500, inclusive, allege upon information and belief, except as to the allegations that

23 pertain to Plaintiffs and their counsel, as follows:

24                        **JURISDICTION AND VENUE**

25        1.      Plaintiff PAUL BIBO is an individual who, at all relevant time periods, resided in

26
27 San Francisco, California, was a citizen of the State of California, was offered employment by

28 FEDEX EXPRESS, INC. (hereinafter referred to as "FEDEX EXPRESS" or "CORPORATE

                        CLASS ACTION COMPLAINT - 1

1  DEFENDANT"), and worked for FEDEX EXPRESS in California from approximately February

2  8, 2001 until January 26, 2006, when he was terminated. Plaintiff PAUL BIBO was employed

3  with FEDEX EXPRESS as a courier responsible for picking up and delivering packages in the
4
5  Southern Marin County area, when his employment was abruptly terminated by FEDEX, as

6  further stated herein.

7      2.     Plaintiff GEORGIA SHIELDS is an individual who, at all relevant time periods,

8  resided in San Rafael, California, was a citizen of the State of California, was offered
9
10 employment by FEDEX EXPRESS, INC. (hereinafter referred to as "FEDEX EXPRESS" or

11 "CORPORATE DEFENDANT"), and worked for FEDEX EXPRESS in California from

12 approximately 1997 to the present. George Shields is currently on disability.  Plaintiff

13 GEORGIA SHIELDS is employed with FEDEX EXPRESS as a delivery.

14     3.     Defendant FEDEX EXPRESS, INC. as referenced herein as "FEDEX
15
16 EXPRESS," is and was at all times relevant to this complaint, a Delaware Corporation and a

17 delivery business with multiple locations throughout the State of California. -six (46) branches

18 and service centers in the State of California.

19     4.     Plaintiffs lack sufficient information and belief to allege the true names and

20 capacities of defendants sued herein as DOES 1 through 500, inclusive.  For that reason,

21 Plaintiffs sue said fictitiously named defendants by such fictitious names. When the true names,
22
23 nature and capacity of said fictitiously named defendants are ascertained, Plaintiffs shall amend

24 this Complaint accordingly.  At all times herein mentioned, all defendants herein, whether named

25 or unnamed were and are responsible and liable to Plaintiff for all of the Plaintiffs' damages and

26 other relief prayed for herein.  Plaintiffs allege on information and belief that at all times herein

27 mentioned, each of the defendants herein, whether named or unnamed, was the agent, servant

28 employee, co-conspirator, co-adventurer, and employee of each other defendant herein, whether

named or unnamed.  With respect to each action and inaction pled in the following paragraphs,

CLASS ACTION COMPLAINT - 2

1  each of the defendants, whether named or unnamed, was acting within the course and scope of

2  their agency and employment and was acting with the full knowledge, consent, ratification and

3  approval of each other defendant herein, whether named or unnamed.

4    5.    This Court has personal jurisdiction over the named corporate Defendant, which:

5  (1) conducts business in the State of California through its branches and service centers in

6  California; (2) hires and maintains employees in the State of California; and (3) avails itself of

7  the protection of the laws of the State of California.

8    6.    Venue is proper in this Court because Defendants committed the acts complained

9  of herein in San Francisco, as well as in other locations throughout the State of California.

10
11    **CLASS ACTION ALLEGATIONS**

12    7.    Plaintiffs bring this class action pursuant to California Code of Civil Procedure

13  section 382 on behalf of a Class consisting of all current and former delivery drivers employed

14  by Defendants in the State of California who were denied overtime compensation during all

15  applicable statutes of limitations (the "Class Period").

16    8.    The wrongful acts or omissions were and are a uniform practice that affected all

17  putative class members equally. Respondents, by their practices and policies, have violated the

18  rights of their employees under the California Labor Code, and the Unfair Competition Law.

19  The questions raised are therefore of common or general interest to the class members, and they

20  have a well defined community of interest in the questions of law and fact raised in this action.

21  The only recognizable difference between class members will be the amounts owed to each

22  individual member.

23
24    9.    Based on information and belief, Defendant FEDEX EXPRESS has employed

25  thousands of delivery drivers in the State of California (a number known particularly to

26  Defendants) since the beginning of the Class Period. These individuals have been subject to

27  Defendants' unlawful and wrongful practices, and their numerosity makes it impractical to bring

28  them all before this forum, and disposition of their claims in a class action is a benefit to the

parties and to the court.

10. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

11. A class action is appropriate since Plaintiffs' and class members' damages, although by no means inconsequential, do not rise to the level to make prosecution of individual claims economically feasible for Plaintiffs and class members to pursue. The burden and expense of individual litigation makes it economically unfeasible for the members of the class to seek redress other than through a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

12. The prosecution of individual remedies by members of the class would tend to establish inconsistent standards of conduct for the Defendants and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

13. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

14. Plaintiffs have incurred and, during the pendency of this action, will incur attorneys' fees and expenses. Such attorneys' fees and expenses are necessary for the prosecution of this action and will result in a benefit to the class.

15. Upon information and belief, Defendants were aware of the facts herein alleged at the time they failed to perform the duties alleged herein.

16. The names and addresses of the persons who are members of the class are available from CORPORATE DEFENDANTS' records and are therefore known to Defendants. Notice can be provided to the member of the class by mail, or by using techniques and a form of

1  notice similar to those customarily used in class actions under California law, with the costs of

2  any notice to be borne by Defendants.

3
4      17.    The Defendants' unlawful acts and unfair trade practices have affected all

5  members of the Class in a similar manner, i.e., all members of the Class have been denied all

6  wages and overtime. In addition, CORPORATE DEFENDANTS have failed to maintain

7  accurate records of hours worked by employees, and failed to make pay records available to

8  employees upon request. Among the questions of law and fact common to the Class are:
9
10         (a)    Whether Defendants have violated California law, including
                  California's Unfair Competition laws (Business & Professions
11                Code §§ 17200, et seq.), and/or California Labor Code § 226.7.
12
13         (b)    Whether Defendants have unlawfully denied employees regular
                  and overtime wages as a condition to maintaining their jobs, in
14                violation of the California Labor Code.

15         (c)    Whether Defendants have unlawfully failed to maintain
16                employees' pay records, and make those records available for
                  employee inspection upon request, in violation of the California
17                Labor Code.
18
19         (d)    Whether Defendants' labor policies and practices, as described
                  herein, constitute intentional or reckless violations of California
20                law, entitling Plaintiff and the Class to punitive or exemplary
                  damages.
21

22      18.    Plaintiff and the entire Class have been, and/or still are, denied overtime wages

23  for work in excess of eight (8) hours in a day and forty (40) hours in a week.

24      19.    CORPORATE DEFENDANTS did not keep accurate payroll records as required

25  by California law, and denied delivery drivers' requests to inspect payroll records.

26      20.    Plaintiffs' claims are typical of those of the Class they seek to represent because

27  Plaintiffs and all members of the Class were injured and/or continue to be injured in the same

28  manner by Defendants' illegal acts and practices, and other wrongful conduct complained of

CLASS ACTION COMPLAINT - 5

herein.

21.     Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel who are experienced in class action litigation. Plaintiffs have no interests that are adverse to or in conflict with other members of the Class.

## FACTUAL ALLEGATIONS

22.     This action is brought by Plaintiff and all other current and former delivery drivers of Defendant FEDEX EXPRESS, INC. in the State of California who have been denied regular and overtime wages in violation of the Labor Code and Industrial Wage Commission ("IWC") Orders. This action is also brought for CORPORATE DEFENDANTS' failure to maintain employees' payroll records, and make those records available to employees for inspection upon request, in violation of California law.

23.     Defendant FEDEX EXPRESS , INC. is a delivery business with multiple locations throughout the State of California.

24.     CORPORATE DEFENDANTS failed during the Class Period to provide persons in their employment with regular and overtime wages. Defendants' policies and practices toward its employees violate California Labor Code §§ 510 and 204, which provide, in relevant part:

> Sec. 510(a). Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

> Sec. 204. All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

25.     CORPORATE DEFENDANTS fail to maintain accurate payroll records, and fail

to provide persons in their employment with those records for inspection upon request.

Defendants' policies and practices towards its employees violate California Labor Code § 226, which provides, in relevant part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction.

26.    Defendants routinely denied employees regular wages, and overtime wages to employees working more than eight (8) hours per day and more than forty (40) hours per week.

27.    Defendant's illegal policy of denying regular and overtime wages also constitute a violation of California's Unfair Competition Law (Business and Professions Code §§17200, et seq.), in that Defendant's policies and practices constitute unlawful, unfair or fraudulent business acts or practices, including violations of California Labor Code provisions and California IWC Orders.

28.    Defendants' policies and practices are despicable and are enforced through oppressive and fraudulent means, as described herein, including the verbal and economic harassment of their employees for Defendants' profit. Defendants' acts were committed and continue to be committed with malice, and constitute despicable conduct that is carried on by Defendants with a willful and conscious disregard of the rights of their employees. Plaintiff and the Class are entitled to punitive or exemplary damages for Defendants' intentional and despicable conduct.

29.    Plaintiffs seek injunctive relief prohibiting Defendants from engaging in the illegal labor acts described herein. Injunctive relief is required. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiffs and the Class bear the financial brunt of Defendant's unlawful conduct.

30.    Plaintiffs also seek restitution of costs incurred by Plaintiff and members of the class under California's Unfair Competition Law.

**First Cause of Action**

**(On Behalf of Plaintiffs and the Entire Class)**

**Against All Defendants**

**For Willful Violations of California Labor Code §§ 510 and 204 –
Failure to Pay All Wages and Overtime Under California Law**

31.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though

1  set forth herein.

2      32.    On January 1, 2000, Labor Code § 510(a) was enacted and provides:

3

4      Eight hours of labor constitutes a day's work. Any work in excess of eight
       hours in one workday and any work in excess of 40 hours in any one
5      workweek and the first eight hours worked on the seventh day of work in
       any one workweek shall be compensated at the rate of no less than one and
6      one-half times the regular rate of pay for an employee. Any work in
       excess of 12 hours in one day shall be compensated at the rate of no less
7      than twice the regular rate of pay for an employee. In addition, any work
       in excess of eight hours on any seventh day of a workweek shall be
8      compensated at the rate of no less than twice the regular rate of pay of an
       employee.
9

10     33.    Labor Code § 1194(a) states:

11

12     Notwithstanding any agreement to work for a lesser wage, any employee
       receiving less than the legal minimum wage or the legal overtime
13     compensation applicable to the employee is entitled to recover in a civil
       action the unpaid balance of the full amount of this minimum wage or
14     overtime compensation, including interest thereon, reasonable attorney's
15     fees, and costs of suit.

16     34.    Labor Code § 204 states, in pertinent part:

17

       All wages, other than those mentioned in Section 201, 202, 204.1, or
18     204.2, earned by any person in any employment are due and payable twice
       during each calendar month, on days designated in advance by the
19     employer as the regular paydays.

20

21     35.    Under California law, CORPORATE DEFENDANTS are required to pay wages

22  for each hour worked, and overtime wages when non-exempt employees work over 8 hours in a

23  day or 40 hours in a week by calculating the hourly rate and then computing the overtime

24  premium amount owed. Plaintiffs and putative class members have worked for Defendants

25  without being paid for all hours worked, regular and overtime. Among other things, Defendant

26  would require delivery drivers to make deliveries after they had clocked out and before they had

27  clocked in. Further, Defendant would assign various tasks to Plaintiffs, including servicing the

28  electrical systems on the trucks, performing work on employee benefits, and other services, and

CLASS ACTION COMPLAINT - 9

1  would refuse to compensate drivers for the time expended performing these tasks. In addition,
2  Defendant's management level employees would routinely clock delivery drivers out while
3  delivery drivers were still performing services, at Defendant's request, for the benefit of the
4  Defendant.

5  36.    As a result of CORPORATE DEFENDANTS' violation of statutory duties to
6  comply with statutory wage requirements, as more fully set forth above, Plaintiffs and Class
7  members were damaged in an amount above the jurisdictional limits of this Court.

8  37.    Plaintiffs and Class members seek as damages all wages owed to individuals
9  employed by CORPORATE DEFENDANTS.
10

11  38.    Plaintiffs and Class members are entitled to, and therefore request, an award of
12  pre-judgment interest on the unpaid wages set forth herein.

13  39.    Plaintiffs have incurred, and will continue to incur attorneys' fees and costs in the
14  prosecution of this action. Plaintiffs seeks attorneys' fees under all applicable provisions of law.
15  Wherefore, Plaintiffs pray judgment as set forth herein below.

16
17                              **Second Cause of Action**

18                       **(On Behalf of Plaintiff and the Entire Class)**

19                              **Against All Defendants**

20  **For Willful Violations of California Labor Code §§ 201, 202, and 203 –**
    **Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties**
21
22  40.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though
    set forth herein.
23
24  41.    California Labor Code §§ 201 and 202 require CORPORATE DEFENDANTS to
25  pay their employees all wages due immediately upon discharge or 72 hours after an employee
    quits. California Labor Code § 203 provides that if an employer willfully fails to timely pay
26  such wages the employer must, as a penalty, continue to pay the subject employees' wages until
27  the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days
28  of wages. A worker need not prove malice or intentional conduct in establishing their claim for

waiting time penalties, but merely establish the employer did not do something it was obligated to do. (See Mamika v. Barca (1998) 68 Cal. App. 4th 487; Barnhill v. Robert Saunders & Co. (1981) 125 Cal.App.3d 1.)

42.    Plaintiffs and Class members are entitled to unpaid compensation, but to date have not received such compensation. As a consequence of CORPORATE DEFENDANTS' willful conduct in not paying compensation for all hours worked, Plaintiffs and Class members are entitled to 30 days wages as penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs. Wherefore, Plaintiffs pray judgment as set forth herein below.

## Third Cause of Action

### (On Behalf of Plaintiff and the Entire Class)

### Against All Defendants.

#### For Willful Violations of Labor Code § 226 –
#### Failure to Maintain Pay Records; Failure to Make
#### Pay Records Available Upon Request

43.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

44.    CORPORATE DEFENDANTS knowingly and intentionally failed to maintain accurate pay records, and failed to allow current and former employees to inspect pay records upon request, in violation of California Labor Code § 226.

45.    As a direct result of CORPORATE DEFENDANTS' failure, Plaintiffs and Class members were injured and are entitled to recover an amount to be proved at trial, of not less than $750 for each violation.

46.    Plaintiffs and Class members are entitled to statutory penalties and attorneys' fees pursuant to Labor Code § 226 and California Code of Civil Procedure § 1021.5. Wherefore, Plaintiffs pray judgment as set forth herein below.

**Fourth Cause of Action**

**(On Behalf of Plaintiff and the Entire Class)**

**Against All Defendants**

**For Violations of California Business and Professions Code Sections 17200, et seq.
Based Upon Defendants' Unfair Business Acts and Practices**

47.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

48.    Plaintiffs further bring this action pursuant to the Business and Professions Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime wages, and injunctive relief to enjoin CORPORATE DEFENDANTS' illegal practices.

49.    The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs and the class have standing to bring this claim because they are direct victims of CORPORATE DEFENDANTS' illegal and unfair business practices, which Defendants engaged in for their sole financial benefit.

50.    Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17201. Each of the directors, officers, and/or agents of Defendants, and each of them, are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in the Business and Professions Code § 17095.

51.    Plaintiffs and the Class members bring this action in the interest of themselves, as representatives, and in the interest of other employees of Defendants, and each of them, and in the interest of the public pursuant to § 17203 of the California Business and Professions Code. Plaintiffs and Class members bring this cause of action seeking restitution for CORPORATE DEFENDANTS' failure to pay employees regular and overtime wages, as well as an injunction prohibiting Defendants from denying

1    employees regular and overtime wages, now and in the future.

2       52.     Plaintiffs and the Class members bring this action to pursue claims

3 during a 4-year statute of limitations under § 17208 of the California Business and

4 Professions Code.

5       53.     The following practices of Defendants, and each of them, are unlawful

6 and unfair business practices under California Business and Professions Code §§ 17200

7 et seq.:

8

9              (a)    failure to pay all regular and overtime wages, in violation of the

10                   California Labor Code and all other applicable laws;

11              (b)    failure to maintain accurate pay records, and make those records

12                   available for inspection upon request by employees;

13              (c)    unjust enrichment due to the failure to pay wages, including

14                   overtime wages.

15       54.     At all times material to this action, CORPORATE DEFENDANTS' conduct

16 described above is an unfair, unlawful, and/or fraudulent business practice in violation of

17 California Business & Professions Code §§ 17200 et seq.

18       55.     As alleged hereinabove, CORPORATE DEFENDANTS have inequitably and

19 unlawfully conspired, agreed, arranged and combined to violate California labor laws, as alleged

20 herein.

21       56.     As set forth below, Plaintiffs and Class members are informed and believe and

22 thereupon allege, that by failing to pay wages to all employees at Defendants' business,

23 Defendants have engaged in business within the State of California in a manner that injured

24 competitors, lead to misrepresentations to the public about the manner in which Defendants

25 engaged in business, and/or destroyed competition in violation of Business and Professions Code

26 § 17043. Upon information and belief, Plaintiffs and Class members allege that Defendants

27 engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower

28 labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to engage in unfair

competition, at the expense of their employees and to the detriment of public policy for the lawful employment of employees.

57.    Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices Act.

58.    As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiffs and the entire Class have been denied due wages, both regular and overtime, all to their detriment and all to CORPORATE DEFENDANTS' illegal economic advantage.

59.    Plaintiffs and the Class members are informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving its employees regular and overtime wages, thus injuring its employees.

60.    Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiffs and Class members seek restitution of all unpaid wages owing to them and members of the general public, according to proof, that the Defendants have enjoyed as a result of the unfair business practices.

Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

61.    In addition to restoration of all wages owed, Plaintiffs and Class members seek to enforce penalties in the interest of themselves, in the interest of other employees of Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

       (a)    waiting time penalties (Labor Code § 203);

       (b)    failure to maintain and make available for inspection accurate pay records (Labor Code § 226)

62.     There is a financial burden incurred in pursuing this action which would be unjust to place on Plaintiffs and the Class members, because the burden of enforcing workforce-wide rights is disproportionate to that of enforcing only individual claims. It would be against the interests of justice to force payment of attorneys' fees from Plaintiffs and Class members' recovery in this action. Therefore, attorneys' fees are appropriate and sought pursuant to all applicable laws, including but not limited to California Code of Civil Procedure § 1021.5.

63.     Unless equitable relief is granted, members of the Class will continue to be subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203, plaintiffs and the Class seek a permanent injunction enjoining Defendants' continuing violations of California's Unfair Competition Law on the grounds that such acts described herein violate § 17200 of the Business and Professions Code and California's public policy. Wherefore, Plaintiffs pray judgment as set forth herein below.

### Fifth Cause of Action

### (On Behalf of Plaintiffs and the Entire Class)

### Against All Defendants

### For Unjust Enrichment

64.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

65.     By taking advantage of Plaintiffs and Class members, Defendants, and each of them, were unjustly enriched at Plaintiffs' and Class members' expense. CORPORATE DEFENDANTS gained an advantage by denying Plaintiffs and Class members regular and overtime wages. As a proximate result, Plaintiffs and Class members suffered damages. The interests of equity require that Defendants pay restitution and penalties for violating the Labor Code and Business and Professions Code. Wherefore, Plaintiffs pray judgment as set forth herein below.

### Sixth Cause of Action

**(On Behalf of Plaintiffs and the Entire Class)**

**Against All Defendants**

**For Declaratory Relief**

66.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

67.     Plaintiffs and the Class seek a Declaration by this Court that Defendants' concerted violations alleged herein constitute unfair business practices, in violation of the Unfair Competition Act.

68.     Plaintiffs and the Class also seek a Declaration by this Court that Defendants' policy and practice of denying regular and overtime wages constitute a violation of California law, as alleged herein. In addition, Plaintiffs and Class members seek a Declaration by this Court that Defendants' policy and practice of failing to maintain accurate pay records, and failing to provide employees with those records for inspection upon request constitutes a violation of California law, as alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

(a)     Certifying this action to proceed as a class action pursuant to California Code of Civil Procedure section 382 and designating Plaintiffs as the representatives of the Class and their counsel as counsel for the Class;

(b)     For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

(c)     For 30 days waiting time penalties under Labor Code § 203;

1    (d)    For statutory penalties under Labor Code § 210 and 558(a)(3);

2    (e)    For penalties under Labor Code § 226(f);

3

4    (f)    Declaring that the concerted violations alleged herein constitute unfair

5  competition in violation of California's Unfair Competition Law, and violations of California's

6  Labor Code;

7    (g)    Permanently enjoining Defendants from continuing to engage in the unlawful

8  concerted conduct described herein;

9

10    (h)    Equitable remedies, including but not limited to, an equitable accounting, as the

11  court deems just and proper under the circumstances;

12    (i)    Awarding Plaintiffs and the Class punitive or exemplary damages based on

13  Defendants' oppressive and despicable conduct;

14    (j)    Granting Plaintiffs and the Class the costs of prosecuting this action, together with

15  interest and reasonable attorneys' and experts' fees; and

16    (k)    Granting such other relief as this Court may deem just and proper under the

17  circumstances.

18

19                   **JURY DEMAND**

20  To the full extent available, Plaintiff demands a trial by jury.

21

22  Dated:  2/26/07                      LAW OFFICES OF DANIEL L. FEDER

23

24                            By: _Daniel J. Feder_

                                  Daniel L. Feder

25

26                            Attorney for Plaintiffs

27

28

# EXHIBIT B

1  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
2  3620 Hacks Cross Road
   Building "B", Third Floor
3  Memphis, Tennessee 38125
   Telephone:       901/434-8375
4  Fax No.:         901/434-9279

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA 90067.3107
   Telephone:       310/553-0308
8  Fax No.:         310/553-5583

9  Attorneys for Defendants
   FEDERAL EXPRESS CORPORATION
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12         FOR THE COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)

13

| | |
|---|---|
| 14  PAUL BIBO, an individual, and<br>GEORGIA SHIELDS, an individual, and | Case No. CGC-07-460845 |
| 15  ALEX GALVEZ, an individual, MARC<br>GARVEY, an individual; BRYAN | **CLASS ACTION** |
| 16  PETER, an individual, individually and<br>on behalf of all other similarly situated, | Case Management Conference<br>Dept.: 212 |
| 17              Plaintiffs, | Date: August 3, 2007<br>Time: 9:00 a.m. |
| 18              v. | |
| 19  FEDERAL EXPRESS INC., a Delaware | **GENERAL DENIAL AND<br>AFFIRMATIVE DEFENSES TO** |
| 20  Corporation, and DOES<br>1-500, inclusive, | **FIRST AMENDED COMPLAINT** |
| 21 | |
| 22              Defendants. | |

23

24

25      Defendant Federal Express Corporation ("FedEx") (erroneously sued as Federal

26  Express, Inc.), by and through its attorneys, hereby answers the above captioned First Amended

    Complaint brought by Plaintiffs and similarly situated persons (collectively, "Plaintiffs"), on

27  behalf of itself and no other Defendant, as follows:

28

GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | **GENERAL DENIAL** |
| 2 | 1.      Pursuant to California Code of Civil Procedure section §431.30(d), FedFx |
| 3 | generally denies each and every allegation of Plaintiffs' unverified First Amended Complaint. |
| 4 | **AFFIRMATIVE DEFENSES AS TO EACH AND ALL CAUSES OF ACTION** |
| 5 | FedEx additionally asserts the following affirmative defenses: |
| 6 | 2.      As a first separate and distinct affirmative defense, FedEx alleges that the |
| 7 | First Amended Complaint and each cause of action set forth therein fail to state a claim against |
| 8 | FedEx upon which relief can be granted. |
| 9 | 3.      As a second distinct and affirmative defense, FedEx alleges that this First |
| 10 | Amended Complaint cannot proceed as a class action because the allegations therein are not suitable |
| 11 | for class adjudication, pursuant to section 382 of the California Code of Civil Procedure. |
| 12 | 4.      As a third separate and distinct affirmative defense, FedEx alleges that the |
| 13 | First Amended Complaint and each cause of action set forth therein are barred because at all times |
| 14 | relevant, FedEx acted reasonably, in good faith and without malice based upon all relevant facts and |
| 15 | circumstances known by FedEx at the time it acted. |
| 16 | 5.      As a fourth separate and distinct affirmative defense, FedEx alleges that the |
| 17 | First Amended Complaint and each cause of action set forth therein are barred because FedEx's |
| 18 | conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiffs |
| 19 | were undertaken |
| 20 | and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons. |
| 21 | 6.      As a fifth separate and distinct affirmative defense, FedEx alleges that the First |
| 22 | Amended Complaint and each cause of action set forth therein are barred, in whole or in part, by the |
| 23 | applicable statutes of limitations including but not limited to Code of Civil Procedure sections 338, |
| 24 | 340 and 343. |
| 25 | 7.      As a sixth separate and distinct affirmative defense, FedEx alleges |
| 26 | provisionally and conditionally that if Plaintiffs suffered any damages, such damages were |
| 27 | proximately or legally caused by the misconduct of Plaintiffs and/or parties other than FedEx and, |
| 28 | accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion |

1    to the percentage of comparative fault of the Plaintiffs, other parties and/or unauthorized individuals,
2    including both economic and non-economic damages. In the event of such apportionment, FedEx is
3    entitled to a separate judgment for non-economic damages in direct proportion to its percentage of
4    fault, if any is found, notwithstanding FedEx's continuing denial of any fault, pursuant to California
5    Civil Code section 14312, with such percentage determined by the comparative fault of all parties,
6    non-parties and/or authorized individuals in this action, known or unknown. To assess any greater
7    percentage of fault and damages than its own against FedEx would constitute a denial of equal
8    protection of the law and due process which is guaranteed by the United States and California
9    Constitutions.

10        8.    As a seventh separate and distinct affirmative defense, FedEx alleges that
11   Plaintiffs are not entitled to recover any punitive damages because: (1) Plaintiffs failed to plead facts
12   sufficient to support the recovery of punitive damages; (2) FedEx committed no act justifying an
13   award of punitive damages; and (3) punitive damages are not an available remedy under the relevant
14   wage and hour provisions of the California Labor Code and California Business and Professions Code
15   section 17200, which provide their own respective remedial schemes.

16        9.    As an eighth separate and distinct affirmative defense, FedEx alleges that the
17   provisions of California law allowing for the award of punitive damages and the substantive rules,
18   procedures and standards for determining whether or not to award them and, if so, in what amount,
19   violate FedEx's rights to due process and equal protection under the law pursuant to both the United
20   States and California Constitutions.

21        10.    As a ninth separate and distinct affirmative defense, FedEx alleges that the
22   First Amended Complaint and each cause of action set forth therein are barred, or any recovery
23   should be reduced, because of Plaintiffs' own neglect and fault in connection with the matters alleged
24   therein.

25        11.    As a tenth separate and distinct affirmative defense, FedEx alleges that the
26   First Amended Complaint and each cause of action set forth therein are barred because all conduct
27   toward Plaintiffs was undertaken by reason of business necessity and/or for lawful business reasons.

28        12.    As an eleventh separate and distinct affirmative defense, FedEx

3
GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1   contends Plaintiffs' claims are barred by the doctrine of accord and satisfaction and

2   compromise and release.

3           13.     As a twelfth separate and distinct affirmative defense, FedEx contends

4   Plaintiffs' claims are barred by the doctrine of laches. Specifically, Plaintiffs, to the extent they

5   suffered any harm, did not act promptly to notify FedEx of the harm and by sitting on their rights

6   allowed further harm to occur. FedEx shall seek leave of court to amend its answer to add additional

7   facts in support of this affirmative defense.

8           14.     As a thirteenth separate and distinct affirmative defense, FedEx contends

9   Plaintiffs' claims are barred in whole or in part by the provisions of the Airline Deregulation Act, 49

10  U.S.C. section 41713(b)(1), *et seq.*

11          15.     As a fourteenth separate and distinct affirmative defense, FedEx contends

12  Plaintiffs' claims are barred, or any recovery should be reduced, pursuant to the avoidable

13  consequences doctrine because FedEx took reasonable steps to prevent and correct improper wage

14  payments, Plaintiffs and the class members unreasonably failed to use the preventative and

15  corrective opportunities provided to them by FedEx, and reasonable use of FedEx's procedures

16  would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

17          16.     As a fifteenth separate and distinct affirmative defense, FedEx asserts that

18  class members whose hours of service are subject to regulation by the Department of Transportation

19  ("DOT") are exempt from certain California state wage and hour laws and regulations, because such

20  laws are preempted by the United States DOT Federal Regulations and other DOT related provisions.

21          17.     As a sixteenth and distinct affirmative defense, Plaintiffs have failed to state a

22  claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and

23  one-half their regular hourly rate for all hours worked in excess of forty in any workweek during the

24  period of time employed by FedEx in a non-exempt capacity.

25          18.     As a seventeenth and distinct affirmative defense, Plaintiffs' claims are barred

26  in whole or in part by the doctrine of de minimis non curat lex.

27          19.     As an eighteenth and distinct affirmative defense, to the extent that discovery

28  reveals that Plaintiffs have previously received compensation for their alleged unpaid overtime wages

4

1    in connection with, or as a result of, a payment to FedEx employees supervised by the Department of
2    Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-
3    approved settlement or judgment, FedEx hereby invokes the doctrine of waiver to bar the claims
4    asserted by Plaintiffs. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th
5    Cir. 1982).

6         20.    As a nineteenth and distinct affirmative defense, to the extent that discovery
7    reveals that Plaintiffs falsely reported their hours and there is no evidence that FedEx required the
8    false reporting of hours; no evidence that FedEx encouraged Plaintiffs to falsely report hours; and no
9    evidence that FedEx knew or should have known that Plaintiffs were providing false information as to
10   their hours, FedEx hereby invokes the doctrine of estoppel to bar the claims asserted by the Plaintiffs.
11   See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972).

12        21.    As a twentieth and distinct affirmative defense, FedEx alleges, without
13   admitting that it engaged in any of the acts, conduct or statements attributed to it by the First
14   Amended Complaint, that any acts, conduct or statements which may have been engaged in are
15   privileged pursuant to California law including, but not limited to, California Civil Code section
16   47.

17        22.    As a twenty-first and district affirmative defense, FedEx alleges that, to the
18   extent any allegations or causes of action alleged in the First Amended Complaint rely upon any
19   verbal or non-verbal speech or expression, such allegations or causes of action are barred by the
20   protections of free speech and expression contained in Article I, Section 2 of the Constitution of
21   the State of California and the First Amendment of the United States Constitution.

22        23.    As a twenty-second and distinct affirmative defense, FedEx alleges that
23   Plaintiffs failed to exercise reasonable and ordinary care, caution or prudence and that the alleged
24   injuries and damages, if any in fact were suffered, were proximately caused and/or contributed to
25   by Plaintiffs' own conduct.

26        24.    As a twenty-third and distinct affirmative defense, FedEx alleges that even
27   if Plaintiffs have suffered damages, all or some of said damages were caused by or attributable to
28   Plaintiffs' own failure to mitigate damages.

5

1      25.     As a twenty-fourth and distinct affirmative defense, FedEx alleges that the

2   First Amended Complaint and each cause of action set forth therein cannot be maintained against

3   Defendants because if Defendants' employees took the actions alleged, such actions were

4   committed outside the course and scope of such employees' employment, were not authorized,

5   adopted, or ratified by Defendants.

6      26.     As a twenty-fifth and distinct affirmative defense, FedEx alleges that the

7   First Amended Complaint and each cause of action set forth therein cannot be maintained against

8   Defendants because, at all relevant times, Defendants took prompt and appropriate corrective

9   action in response to Plaintiffs' workplace concerns, thereby satisfying all legal obligations

10   Defendants had to Plaintiff, if any.

11      27.     As a twenty-sixth and distinct affirmative defense, FedEx alleges that

12   Plaintiffs are not entitled to recover any punitive damages because no managing agent engaged in

13   conduct with the requisite intent.

14      28.     As a twenty-seventh and distinct affirmative defense, FedEx alleges that

15   Plaintiffs are not entitled to recover any punitive damages because the imposition of such

16   damages constitutes an impermissible restriction on speech and a violation of the First

17   Amendment of the United States Constitution.

18      29.     As a twenty-eighth and distinct affirmative defense, FedEx alleges that

19   Plaintiffs are not entitled to recover any punitive damages because such damages are so punitive

20   in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given

21   to Defendants in criminal proceedings under the United States Constitution and the California

22   Constitution. All procedures and application of California and federal law in this action which

23   deny Defendants such rights including, but not limited to, a burden of proof beyond a reasonable

24   doubt, unanimous jury and the right against self-incrimination violate Defendants' rights under

25   such Constitutional provisions.

26      30.     As a twenty-ninth and distinct affirmative defense, FedEx alleges that

27   Plaintiffs are not entitled to recover any punitive damages because the provisions of California

28   law allowing for the award of punitive damages and the substantive rules, procedures and

6
GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1    standards for determining whether or not to award them and, if so, in what amount, violate

2    Defendants' rights to due process and/or equal protection under the law, under the United States

3    and/or California Constitutions.

4          31.    As a thirtieth and distinct affirmative defense, FedEx alleges that Plaintiffs

5    are not entitled to recover any punitive damages because the California punitive damages statute

6    is unconstitutional in that it imposes an undue burden on interstate commerce.

7          32.    As a thirty-first and distinct affirmative defense, FedEx alleges that on the

8    belief that further investigation and discovery will disclose facts supporting such an allegation,

9    that evidence acquired subsequent to Plaintiffs' filing of their First Amended Complaint bars

10    and/or limits the amount of damages Plaintiffs can recover on their claims, assuming arguendo he

11    is able to establish Defendants' liability.

12          33.    As a thirty-second and distinct affirmative defense, FedEx alleges that any

13    recovery to which Plaintiffs might otherwise allegedly be entitled must be offset by any disability

14    or unemployment benefits and/or other monies and/or benefits Plaintiffs have received or will

15    receive.

16          34.    As a thirty-third and distinct affirmative defense, FedEx alleges that the

17    cause of action for discrimination cannot be maintained against Defendants because Defendants

18    allege that their conduct, and the conduct of the officers, managers or employees while acting in

19    the course and scope of their employment, are protected by the managerial privilege in that all

20    actions taken with respect to Plaintiffs' employment were undertaken and exercised with proper

21    managerial discretion in good faith, and for proper, lawful reasons.

22          35.    As a thirty-fourth and distinct affirmative defense, FedEx alleges that the

23    First Amended Complaint and each cause of action set forth therein cannot be maintained against

24    Defendants because good cause existed for each and every action taken by Defendants with

25    respect to Plaintiffs' employment.

26          36.    As a thirty-fifth and distinct affirmative defense, FedEx alleges that in

27    accordance with California Labor Code section 2699(e)(2), Plaintiffs are not entitled to the

28    maximum civil penalty because such an award would be unjust, arbitrary and oppressive, or

7
GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1   confiscatory.

2         37.    As a thirty-sixth and distinct affirmative defense, FedEx alleges that all of

3   Plaintiffs' claims are barred due to Plaintiffs' failure to provide the requisite notice to Defendants

4   specified in the Private Attorney General Act of 2004, Labor Code section 2699 et seq., and

5   particularly section 2699.3.

6         38.    As a thirty-seventh and distinct affirmative defense to the First Amended

7   Complaint and each cause of action set forth therein, FedEx alleges that such claims, or some of

8   them, are barred because the applicable Wage Orders are unconstitutionally vague and ambiguous

9   and violated Defendants' rights under the California and U.S. Constitutions to, among other

10   things, due process of law.

11         39.    As a thirty-eighth and distinct affirmative defense to the First Amended

12   Complaint and each cause of action set forth there, FedEx alleges that Plaintiffs have filed in an

13   improper venue and forum.

14

15         WHEREFORE, FedEx prays for judgment as follows:

16         1.    That Plaintiffs take nothing and that the First Amended Complaint be dismissed

17   in its entirety with prejudice;

18         2.    That judgment be entered in FedEx's favor;

19         3.    That FedEx be awarded its attorneys' fees and costs of suit herein; and

20         4.    That FedEx be awarded such other and further relief as the Court deems just and

21         proper.

22

23   Dated: May 4, 2007

24                              Sandra C. Isom
                                Federal Express Corporation

25                              and

26                              Keith Jacoby
                                Littler Mendleson

27

28                              Attorneys for Defendant
                                Federal Express Corporation

8

1

## PROOF OF SERVICE

2

I am employed in the County of Shelby, State of Tennessee. I am over the age of 18 and

3

not a party to the within action. My business address is 3620 Hacks Cross Rd., Building B., 3rd

4

5

Floor, Memphis, Tennessee 38125. I am over the age of eighteen and not a party to the action in

which this service is made.

6

7

On May 4, 2007, I served the foregoing document described as:

8

**GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

9

10

on all parties in this action:

11

*Daniel L. Feder*
**Law Offices of Daniel L. Feder**
**807 Montgomery Street**
**San Francisco, CA 94133**

12

13

14

15

[x]    **BY EXPRESS MAIL**: I caused said document(s) to be sent by overnight express mail to
the address(s) indicated above.

16

17

[X]    **STATE**        I declare under penalty of perjury under the laws of the State of Tennessee
that the above is true and correct.

18

19

Executed this 4th day of May, 2007 in Memphis, Tennessee.

20

21

Suzanne Melton

22

Doc # 643608

23

24

25

26

27

28