1  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
2  3620 Hacks Cross Road
   Building B, Third Floor
3  Memphis, Tennessee 38125
   Telephone:       901-434-8526
4  Fax No.:         901-434-9271
   E-mail:  scisom@fedex.com
5
   KEITH A JACOBY, Bar No. 150233
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067-3107
8  Telephone:       310-553-0308
   Fax No.:         310-553-5583
9  E-mail:  kjacoby@littler.com

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
11
                    UNITED STATES DISTRICT COURT
12
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14 | PAUL BIBO, an individual, and | Case No. C 07-02505 TEH
   | GEORGIA SHIELDS, an individual, and |
15 | ALEX GALVEZ, an individual, MARC | **DEFENDANT FEDERAL EXPRESS**
   | GARVEY, an individual; BRYAN PETER, | **CORPORATION'S NOTICE OF MOTION**
16 | an individual, individually and on behalf of | **AND MOTION TO TRANSFER VENUE AND**
   | all other similarly situated, | **MEMORANDUM IN SUPPORT THEREOF**
17
                    Plaintiffs,                           **(28 U.S.C. §1404(a))**
18
          v.                                              Date:  August 6, 2007
19                                                        Time:  10:00 a.m.
   FEDERAL EXPRESS INC., a Delaware                       Courtroom: 12, 19th Floor
20 Corporation, and DOES
   1-500, inclusive,                                      CMC: August 20, 2007
21                                                        Trial Date: None Set
                    Defendants.
22

                                        1    Def. FEC's Motion to Transfer Venue
                                             Case No. C 07-02505 TEH

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

PLEASE TAKE NOTICE that Federal Express Corporation's ("FedEx") Motion to Transfer Venue is to come on for hearing before this Honorable Court on August 6, 2007 at 10:00 a.m. in Courtroom 12, 19th Floor of the United States District Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102.

**CONCISE STATEMENT OF RELIEF SOUGHT**

FedEx requests that the Court enter an order transferring this matter to the United States District Court for the Central District of California (Los Angeles) pursuant to Title 28 U.S.C. 1404(a) and Local Rule 3-14.

**POINTS AND AUTHORITIES**

**I.     STATEMENT OF THE ISSUES TO BE DECIDED**

Whether this matter should be transferred to the United States District Court for the Central District of California (Los Angeles) pursuant to Title 28 U.S.C. 1404(a) and Local Rule 3-14, in the interest of justice?

**II.    INTRODUCTION**

FedEx seeks to transfer this putative class action to the Central District of California, Los Angeles. Prosecution of the action in the Central District will be more convenient for the parties and witnesses, will serve the interests of justice, and allow the federal courts to more efficiently handle this matter and a related matter pending in the Central District.

Plaintiffs seek to represent every FedEx courier (referred to as "drivers" in Plaintiffs' Complaint) employed in the state of California for violations of California wage and hour laws, and related common law complaints. However, a purported class action seeking to represent all hourly nonexempt California employees (which includes couriers) and containing the same allegations and claims is already pending in the Central District of California, entitled *Karamian, et. al. v. Federal*

*Express Corp.*, Case No. CV 06 4345 DSF (PJWx), filed May 31, 2006. (A conformed copy of the cover page of the original Complaint and the Amended Complaint (*Karamian* FAC) is attached as Exhibits A and B, respectively to the Declaration of Leila M. Hassan, ¶2 (Hassan Dec.)). The interests of justice and efficient administration of justice would be better served if this matter was transferred into the same district as *Karamian*. Such a transfer would prevent the potential for inconsistent adjudications of similar claims and issues arising out of the same nucleus of transactions and occurrence.[1] It would also be more efficient for purposes of completing discovery and addressing the same discovery disputes that may arise in each case. FedEx is a Delaware corporation with its principal place of business in Tennessee. Defendant's witnesses are primarily located in Memphis, Tennessee, as well as various relevant computerized corporate records. Given that FedEx is not incorporated in, nor a resident of California, it is more convenient and would further the interests of justice to have the case venued in the Central District, where discovery is already underway in *Karamian*.[2]

For all of these reasons, as discussed more fully below, Defendant's motion should be granted and this should be transferred to the Central District of California (Los Angeles).

## III.  STATEMENT OF RELEVANT FACTS

Plaintiffs assert seven causes of actions for unpaid wages, seeking class certification for all non-exempt current and former delivery drivers (couriers) employed by FedEx in the State of California who were allegedly denied overtime compensation, meal and rest breaks, and who were required to perform work without compensation. (Dkt. 1, p. 15 *Bibo* First Amended Complaint (*Bibo* FAC), ¶¶8, 24-26). More specifically, Plaintiffs allege that FedEx had a uniform policy of requiring couriers to work through rest and meal periods, to stack meal and rest periods together, and to perform services before and after their shifts without pay. (Dkt. 1, *Bibo* FAC ¶24). Plaintiffs

---

[1] If the matter is transferred to the Central District, FedEx will then move to consolidate or coordinate the matter with *Karamian*, in order to have the matters assigned to the same Judge.

[2] The discovery deadline in *Karamian* is October 1, 2007 and trial is set for January 8, 2008. Plaintiffs in that case have not yet moved to certify a class.

further allege that FedEx failed to keep accurate payroll records and failed to provide records for inspection upon request. (Dkt. 1, *Bibo* FAC ¶¶24 and 25). Plaintiffs assert the following claims:

1. Unpaid wages and overtime (violations of Labor Code §§510 and 204);

2. Unpaid wages upon termination; waiting time penalties (violations of Labor Code §§201-203);

3. Failure to maintain pay records and make them available upon request (violations of Labor Code §226);

4. Unfair Business Acts and Practices (violations of CA B&P Code §17200 et. seq.);

5. Unjust enrichment;

6. Declaratory Relief;

7. Failure to Afford Mandatory Breaks or Meal Periods (violations of Labor Code §226.7)

Similarly, in the *Karamian* matter, Plaintiffs assert the following class claims:

1. Nonpayment of wages (violations of Labor Code §§201, 204, 210, 558); and

2. Unfair Business Acts and Practices (violations of CA B&P Code §17200 et. seq.)

The *Karamian* Plaintiffs also allege that they were denied wages and overtime due to a uniform policy or practice of requiring work during meal breaks, failing to provide meal and rest breaks, exercising control of the couriers during meal breaks and split shifts such that the break time should be compensated, and otherwise generally failing to pay all wages due. (Hassan Dec., Exh. B, *Karamian* FAC §§10, 16). Like the *Bibo* Plaintiffs and those they seek to represent on a class basis, Karamian and co-Plaintiff Colon were couriers. (*Id.* at §§34 and 60).

**IV.  ARGUMENT**

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Section 1404(a), courts must balance the plaintiff's choice of forum against the burden of litigating in an inconvenient forum. Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Although the burden of showing that the

1  "convenience of the parties and witnesses" and "interests of justice" are served by transfer rests with
2  the moving party, such determination is addressed to the inherent discretion of the trial court.
3  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979), *citing* Van
4  Dusen v. Barack, 376 U.S. 612, 622, 84 S.Ct. 805 (1964).  The ultimate goal of a court in analyzing
5  a motion to transfer venue is to serve both convenience of the parties and witnesses, as well as the
6  interests of justice.  Mercury Serv., Inc. v. Allied Bank of Texas, 117 F.R.D. 147, 154-55 (C.D.Cal.
7  1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990).

8  In making this determination, courts look at the following factors: (1) whether the transferee
9  district is one where the action might have been brought; (2) the convenience of the parties and
10 witnesses; and (3) whether transferring will promote the interest of justice.  Goodyear Tire & Rubber
11 v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D.Cal. 1992), *citing* Mercury Serv., Inc. v.
12 Allied Bank of Texas, 117 F.R.D. 147, 154-55 (C.D.Cal. 1987), *aff'd* 907 F.2d 154 (9th Cir. 1990).
13 The location of plaintiff's or defendant's counsel is an impermissible consideration.  Soloman v.
14 Continental American, 472 F.2d 1043, 1047 (3d Cir. 1973).  Here, as discussed below, the foregoing
15 factors weigh in favor of transfer.

### A. Venue Is Proper In The Central District of California (Los Angeles).

17 The first analytical step in a transfer motion is to determine whether the action could
18 originally have been brought in the District Court to which transfer is sought. (28 U.S.C. § 1404(a).)
19 The proper District Court is one in which the action could originally have been brought if: 1) it has
20 subject matter jurisdiction; 2) defendant would have been subject to personal jurisdiction; and 3)
21 venue would have been proper.  Hoffman v. Blaski, 363 U.S. 335, 343-344; 80 S.Ct. 1084, 1089-
22 1090; Commercial Lighting Prods., Inc. v. U.S. Dist. Court, 537 F.2d 1078 (9th Cir. 1976).  Venue
23 in this case is governed by 28 U.S.C. §§1391(a) and (c).

24 Subject matter jurisdiction exists in the Central District because the named Plaintiffs could
25 have initiated this action there under the Class Action Fairness Act (28 U.S.C. §1332(d)) (CAFA)
26 and diversity jurisdiction, as asserted in the Notice of Removal. (Dkt. 1).  Defendant is incorporated
27 in Delaware with its principal place of business in Memphis, Tennessee.  Federal Express, however,
28 does business throughout the world, including both the Los Angeles area and the San Francisco Bay

area and as such, venue would be appropriate pursuant to 28 U.S.C. §1391(a)(1),(2), and (c) because FedEx is subject to personal jurisdiction in the Central District.

### B. Transferring The Case Will Promote The Interests of Justice.

To determine whether a transfer will serve the interests of justice, the Ninth Circuit applies the following criteria: (1) plaintiff's initial choice of forum; (2) the convenience of the witnesses – ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses; (3) where the events took place, and the relative ease of access to sources of proof; (4) convenience of the parties; and (5) all other practical considerations that make the trial of a case easy, expeditious and inexpensive. (See, Decker Coal, *supra*, 805 F.2d at 842-43.)

"The interest of justice factor is the most important factor of all." Amazon.com v. Cendant Corp., 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005) (citing Nelson v. Mater Lease Corp., 759 F.Supp. 1397, 1402 (D. Minn. 1991)). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" Id. (quoting Regents of the University of California v. Eli Lilly and Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997). The pendency of related actions in the transferee forum is a significant factor in weighing whether the interests of justice would be served by a transfer of venue. Id. Litigation of related claims in the same tribunal is strongly favored because "it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous litigation and inconsistent results." Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., Series A, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982).

In this case, the *Bibo* Plaintiffs are nearly identical in situation to the plaintiffs in the *Karamian* action currently pending in the Central District of California. Both cases involve the same category of employees and allege the same allegations. Transfer of this action to the Central District would prevent the potential for inconsistent adjudications and provide for the more efficient completion of discovery.

Moreover, the plaintiffs in both actions will undoubtedly seek to depose many of the same individuals and request production of a substantially similar set of documents. Failing to consolidate these actions will, therefore, result in duplicative discovery efforts, requiring witnesses to appear for

multiple depositions and Defendant to respond to overlapping sets of requests for production. It is also likely that discovery disputes will arise in both cases. Transfer of this matter to the Central District will prevent inconsistent rulings on such disputes which could certainly subject Defendant to substantial prejudice.

Accordingly, the interests of justice and efficient administration of justice will be better served if this matter is transferred to the Central District of California.

### C. Plaintiffs' Choice of Forum Is Given Less Weight Because Of Their Status As Representatives Of An Alleged Class And Because If *Karamian* Is Certified, Plaintiffs Would Be Potential Members Of That Class.

Ordinarily, a plaintiff's choice of forum is provided some deference when challenged via a motion to transfer. Lewis v. ABC Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998). This rule is substantially attenuated where plaintiff has commenced the action in a forum that is not his or her residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion. New Image, Inc. v. Travelers Indem. Co., 536 F.Supp. 58, 59 (E.D.PA 1981); Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D.Ill. 1999).

Here, any weight given Plaintiffs' choice of forum is diminished due to their attempt to represent a class. Koster v. Lumbermen's Mutual Casualty Co., 330 U.S. 518, (1947); Diemer v. United States Postal Serv., 1987 WL 9037, *4 (D.D.C. 1987)(transferring class action claim under Fair Labor Standards Act after determining plaintiff's forum choice entitled to little weight).[3] Further, the fact that a similar and older case is already pending that would potentially cover the Plaintiffs if certified as a class should also diminish the weight of the Plaintiffs' choice of forum.

Lastly, given that Plaintiffs' claims were adjudicated in a prior class action in state court by way of settlement, Plaintiffs' choice of forum is diminished even further. In *Foster v. Federal Express Corporation*, Los Angeles Superior Court, Case No. BV 282300, each named Plaintiff in this matter received a check pursuant to the settlement in that matter, which received preliminary

---

[3] Other courts similarly have held that a plaintiff's choice of forum is given less weight in the class context. (Lou v. Belzberg, 834 F.2d 730, 739 (citing Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53, 58 (E.D.N.Y.1979)(ordering transfer where potential existence of numerous class "considerably weakens" plaintiff's stake in chosen forum) and Stolz v. Barker, 466 F.Supp. 24, 27 (M.D.N.C.1978) (ordering transfer because, in a derivative class suit, plaintiff is "almost an insignificant figure"); O'Hopp v. Contifinancial Corp., 88 F.Supp.2d 31, 35 (E.D.N.Y. 2000).

approval in April 2006 and final approval in November 2006. (Isom Dec. on Removal (Dkt. 5, p.2, ¶3); Hassan Dec. on Removal (Dkt. 4, p.2, ¶3). Plaintiffs Bibo, Peters, and Shields were either terminated or did not perform any work after April 2006. (Hassan Dec. ¶¶3, 4, 7) Plaintiff Garvey was terminated in July 2006. (Hassan Dec. ¶6). Only Plaintiffs Shields remain employed but is, and has been on disability during the relevant time frame. (Hassan Dec. ¶7). Plaintiff Galvez last worked on December 7, 2006 and was terminated on June 1, 2007. (Hassan Dec. ¶5). As such, given the fact that most of the named Plaintiffs will be subject to dismissal based upon *res judicata* and/or accord and satisfaction, their choice of forum should be given even less weight.

### D. The Convenience Of Parties, Witnesses, Location Of Events, And Relative Ease of Access To Sources Of Proof, While Of Limited Significance, Support A Transfer.

Witness convenience also supports transferring the matter to the Central District of California. Although the named Plaintiffs reside in the Bay area, they seek to represent a class of current and former employees who reside throughout the state of California. Further, FedEx can take the Plaintiffs' depositions in the Bay area. As such, there is limited inconvenience to the Plaintiffs as witnesses.

The significance of the location of the events and relative ease of access to sources of proof to the transfer determination is limited because Plaintiffs have alleged that FedEx engaged in uniform practices that affected all putative class members equally and that FedEx failed to maintain payroll records (FAC ¶¶8 22) While the manager and HR representatives for the Plaintiffs are in Northern California, most of the other company witnesses and documents related to payroll processing, policies, and computerized time and payroll records are based in Memphis, Tennessee. (See Declarations of Robert T. Molinet and Kathryn R. Young (Dkt. 5, p. 40 (Exh. F) and Dkt. 5, p. 58 (Exh. I), respectively.)

As such, whether the case is in San Francisco or Los Angeles, each location is equally inconvenient (or convenient) for witnesses based in Memphis, Tennessee, assuming they even had to travel to California for depositions. Additionally, to the extent it is not as convenient for managers and HR Reps. in the Bay area to have to travel to Los Angeles, FedEx desires to bear such inconvenience given that the interests of justice are factors that far outweigh any inconvenience to

witnesses.

While the convenience of the parties is a factor considered in determining the propriety of transfer, it is not an overriding factor under the circumstances of this case. In fact, depending upon whether the Central District decides to consolidate or coordinate the cases for discovery purposes or otherwise, it could be more convenient for both parties in relation to preventing duplication in conducting discovery.

## IV.   CONCLUSION

For each and all of the foregoing reasons, Defendant respectfully urges the Court to grant the motion and order the transfer of this case to the Central District of California (Los Angeles).

Dated: June 27, 2007

    /s/ Sandra C. Isom
SANDRA C. ISOM
FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Doc# 651196