# EXHIBIT B

1  André E. Jardini (State Bar No. 71335)
   aej@kpclegal.com
2  Gwen Freeman (State Bar No. 104094)
   gf@kpclegal.com
3  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
4  Glendale, California 91203-1904
   Telephone:  (818) 547-5000
5  Facsimile:  (818) 547-5329

6  Glen Robert Bregman (State Bar No. 100363)
   glenbregmanlaw@aol.com
7  LAW OFFICES OF GLEN ROBERT BREGMAN
   16633 Ventura Boulevard, Suite 1240
8  Encino, CA 91436
   Telephone:  (818) 981-9793
9  Facsimile:  (818) 981-9807

10 Michael S. Duberchin (State Bar No. 108338)
   msdlaw@earthlink.net
11 4768 Park Granada, Suite 212
   Calabasas, CA 91302
12 Telephone:  (818) 222-7484
   Facsimile:  (818) 222-7480

13
   Attorneys for Plaintiffs
14 ARA KARAMIAN, YVETTE GREEN, and
   EUGENE COLON, individuals, on behalf
15 of themselves and all others
   similarly situated

16

17                 UNITED STATES DISTRICT COURT

18               CENTRAL DISTRICT OF CALIFORNIA

19 ARA KARAMIAN, YVETTE GREEN,        ) NO.  CV06-4345 DSF (PJWx)
   and EUGENE COLON, individuals,     )
20 on behalf of themselves and        ) CLASS ACTION
   all others similarly situated,     )
21                                     ) [PROPOSED] AMENDED COMPLAINT
                 Plaintiffs,          ) FOR COMPENSATORY AND
22                                     ) EXEMPLARY DAMAGES:
           v.                          )
23                                     ) 1.  NONPAYMENT OF WAGES -
   FEDERAL EXPRESS CORPORATION,       ) CLASS
24                                     ) 2.  NONPAYMENT OF WAGES -
           Defendant.                 ) INDIVIDUAL
25                                     ) 3.  NONPAYMENT OF WAGES -
                                       ) INDIVIDUAL
26                                     ) 4.  NONPAYMENT OF WAGES -
                                       ) INDIVIDUAL
27                                     ) 5.  UNFAIR BUSINESS
                                       ) PRACTICES
28                                     )

KNAPP,
PETERSEN
& CLARKE

                              -1-

1    Plaintiff, Ara Karamian, on behalf of himself and all

2  others similarly situated (collectively "Plaintiff Class")

3  alleges as follows:

<u>PARTIES</u>

4

5    1.   Plaintiff Ara Karamian is a resident of the state of

6  California and resides in the County of Los Angeles.

7    2.   Plaintiff Yvette Green is presently a resident of

8  the state of Nevada and worked at all relevant times in

9  Stockton, California.

10    3.   Plaintiff Eugene Colon is presently a resident of

11  the state of California and resides in the County of

12  Lancaster.

13    4.   Defendant Federal Express Corporation is a worldwide

14  corporation, the world's largest express transportation

15  company.  Its world headquarters is located in the State of

16  Tennessee.  At all times relevant hereto, Federal Express

17  Corporation did significant business in the State of

18  California and has substantial continuous contacts with the

19  State of California.  At all times relevant herein, Federal

20  Express Corporation employed plaintiffs in the State of

21  California, County of Los Angeles.

22    5.   Federal Express Corporation is presently doing

23  business or has done business in the past under the names Fed

24  Ex Express, Federal Express, Fed Ex Corporation, FDX and FDX

25  Corporation.  Defendant Federal Express Corporation will be

26  referred to herein as "Fed Ex."

27  ///

28  ///

KNAPP,
PETERSEN
& CLARKE

-2-

6.    Plaintiffs are informed and believe and on that basis allege that at all times relevant herein each of the defendants was acting as the agent, employee and/or joint venturer of the remaining defendants and in so doing the things herein described, was acting within the scope of such agency, employment and/or joint venture except where designated otherwise.

## CLASS ALLEGATIONS

7.    Plaintiffs bring this action on behalf of himself and herself, and all others similarly situated, as a class action under Fed. R. Civ. P. 23.  The class which plaintiffs seek to represent is composed of and defined as follows:  All California employees of defendant Fed Ex paid on an hourly basis as nonexempt employees for the period encompassed by the applicable statute of limitations for each claim.

8.    This action has been brought and may properly be maintained as a class action, under the provisions of Fed. R. Civ. P. 23, because the prosecution of separate actions by or against individual members of the Class would create a risk of: inconsistent or varying adjudications with respect to individual members which could establish incompatible standards of conduct for Fed Ex (Rule 23(b)(1)(A)); and adjudications with respect to individual members of the Class which would be as a practical matter dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests (Rule 23(b)(1)(B)); and because Fed Ex has acted or refused to act on grounds generally applicable to the Class

KNAPP,
PETERSEN
& CLARKE

-3-

6

1  (Rule 23(b)(1)(C)); and questions of law or fact common to

2  members of the class predominate over any questions affecting

3  only individual members, and a class action is superior to

4  other available methods for the fair and efficient

5  adjudication of the controversy (Rule 23(b)(1)(D)).

6      9.  **Numerosity**:  The Plaintiff Class is so numerous that

7  the individual joinder of all members is impracticable under

8  the circumstances of this case.  While the exact number of

9  class members is presently unknown to plaintiffs, plaintiffs

10  are informed and believe that during the time period

11  concerned herein, defendant, as a matter of corporate

12  practice, engaged in violations of law concerning their

13  practices in the payment of employees and that said wage and

14  hour violations occurred universally throughout the offices

15  of defendant in California over at least the last four years.

16  Defendant employs more than 200,000 employees worldwide, and

17  plaintiffs are informed and believe and thereupon allege that

18  the number of present and former nonexempt employees in the

19  State of California numbers more than six thousand

20  individuals.

21      10.  **Common Questions Predominate**:  Common questions of

22  law and fact exist as to all members of the Plaintiff Class

23  and predominate over any questions which affect only

24  individual members of the class.  These common questions of

25  law and fact include, without limitation:

26          (a)  Whether defendant violated wage and hour laws

27  in establishing a corporate policy of failing to pay for the

28  services of hourly employees;

KNAPP,
PETERSEN
& CLARKE

-4-

1    (b)  Whether defendant failed to pay for hours

2  worked as defined by law in establishing a split shift

3  procedure for its courier employees whereby said couriers and

4  courier/handlers were limited in their activities,

5  particularly by a "five mile/five minute" rule such that all

6  time spent by employees on split shifts should be

7  compensated;

8    (c)  Whether defendant violated wage and hour laws

9  in failing to pay its courier employees for unpaid meal

10  breaks at a time when activities of the courier employees

11  were restricted on their routes by limitations imposed by

12  defendant, including the five minute/five mile rule such that

13  all time on such unpaid meal breaks should be paid as wages;

14    (d)  Whether defendant violated wage and hour laws

15  in failing to pay for services rendered by hourly employees

16  which were unpaid because the services were rendered during

17  an unpaid meal break;

18    (e)  Whether defendant has established policies and

19  practices which fail to provide or unreasonably limit the

20  opportunity to take rest breaks as required by law;

21    (f)  Whether defendant violated wage and hour law in

22  failing to provide meal breaks as required by law;

23    (g)  The amount of penalties owed by defendant for

24  willful failure to pay damages;

25    (h)  The appropriate nature of class-wide equitable

26  relief in the form of an injunction to prevent such wage and

27  hour violations in the future.

KNAPP,
PETERSEN
& CLARKE    28  ///

-5-

1    11. **Typicality**: Plaintiffs' claims are typical of the
2 claims of the members of the Plaintiff Class.  Plaintiffs and
3 all members of the Plaintiff Class sustained damages arising
4 out of defendant's adoption of policies and a common course
5 of conduct in violation of law as complained of herein.  The
6 damages of each member of the Plaintiff Class were caused
7 directly by the defendant's wrongful conduct in violation of
8 the wage and hour laws alleged herein.

9    12. **Adequacy**: Plaintiffs will fairly and adequately
10 protect the interests of the members of the Plaintiff Class.
11 Plaintiff Karamian resides in California, and is, or has
12 been, a nonexempt employee of defendant as to whom defendant
13 failed to pay wages earned.  Plaintiff Green is, or has been,
14 a nonexempt employee of defendant as to whom defendant failed
15 to pay wages earned.  Plaintiffs have retained counsel who
16 have substantial experience in the prosecution of wage and
17 hour cases and in the prosecution of complex class action
18 litigation.

19    13. **Superiority**: A class action is superior to other
20 available means for the fair and efficient adjudication of
21 this controversy, since the individual joinder of all members
22 of the class is impracticable.  Class action will permit a
23 large number of similarly situated persons to prosecute their
24 common claims in a single forum simultaneously, efficiently,
25 and without the unnecessary duplication of effort and expense
26 that numerous individual actions would engender.
27 Furthermore, as the damage suffered by each individual of the
28 class may be small, on a relative basis, the expenses and

KNAPP,
PETERSEN
& CLARKE

-6-

1  burden of individual litigation would make it difficult or

2  impossible for individual members of the class to redress the

3  wrongs done to them.  Moreover, an important public benefit

4  will be realized by addressing the matter as a class action.

5  The cost to the court system of adjudication of such

6  individualized litigation would be substantial.

7  Individualized litigation would also present the potential

8  for inconsistent or contradictory judgments.

9      14.  Plaintiffs are unaware of any difficulties that are

10  likely to be encountered in the management of this action

11  that would preclude its maintenance as a class proceeding.

12                          INTRODUCTION

13      15.  This action arises out of the prevalent practices

14  engaged in by Fed Ex in willfully failing to pay wages to

15  nonexempt employees for hours worked, as defined by law, and

16  for failure to provide meal and rest breaks as required by

17  law.

18      16.  Defendant has engaged in at least the following

19  violations with regard to its employees in the State of

20  California:

21          (a)  Establishing as a policy the restriction of

22  courier employees during split shifts such that employees,

23  during that time, are under the control of defendant and the

24  time should, therefore, be compensated as hours worked, by

25  law;

26          (b)  Establishing as a policy and enforcing

27  limitations on activities by couriers and courier/handlers

28  during unpaid meal breaks such that Fed Ex exerts control

KNAPP,
PETERSEN
& CLARKE

-7-

10

1  over said employees and the time spent should be treated as

2  hours worked, according to law;

3         (c)  Establishing as a policy and/or permitting with

4  full knowledge the performance of work during unpaid meal

5  breaks or split shifts;

6         (d)  Failing to provide meal breaks as required by

7  law;

8         (e)  Failing to provide or permit rest breaks as

9  required by law.

10     17.  The conduct of defendant has resulted in unwarranted

11  profits to defendant.

12     18.  Damages are warranted to repay employees for this

13  egregious and illegal conduct.

14     19.  Injunctive relief is necessary to prevent such

15  conduct in the future.

16     20.  Defendant has established a written policy and

17  practice to maintain employee time records for a period of

18  three years.  Defendant is hereby notified that employment

19  records concerning class issues should be maintained and not

20  destroyed pursuant to any corporate document destruction

21  policy.  Those records include both written and electronic

22  records of work days by hourly employees and electronic data

23  concerning services rendered by employees such as employee

24  stop action reports.

25  ///

26  ///

27  ///

28  ///

KNAPP,
PETERSEN
& CLARKE

-8-

## FIRST CAUSE OF ACTION

(For Nonpayment of Wages, Violation of Labor Code

Sections 204, 210, Against Defendant Fed Ex)

21. Plaintiffs allege and incorporate herein by reference the allegations of Paragraphs 1 through 19, inclusive.

22. At all times relevant herein Labor Code section 204 required the payment of all wages earned by the members of the Plaintiff Class.

23. At all times relevant herein, Industrial Welfare Commission Wage Order No. 4-2001 (8 Cal. Code Reg. § 11040) provides for payment of overtime compensation at not less than one and half times the employees regular rate of pay for all hours worked in excess of eight hours in any workday and for the first eight hours worked on the seventh consecutive day of work in a work week and double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek.

24. Plaintiffs and members of the Plaintiff Class worked regular time and overtime hours for defendant which were not paid.

25. Defendant has failed to pay wages earned to plaintiffs and members of the Plaintiff Class pursuant to the policies as herein alleged.

26. Defendant's failure to pay the regular and overtime wages of plaintiffs and Plaintiff Class members, violates the

///

KNAPP,
PETERSEN
& CLARKE

-9-

1 provisions of Labor Code sections 201 and 1198, and is,

2 therefore, unlawful.

3     27.  Civil penalties should be awarded pursuant to Labor

4 Code section 558.

5     28.  Pursuant to Labor Code section 1194(a) plaintiffs

6 request that the court award reasonable attorneys' fees and

7 costs incurred in this action.

8     29.  Pursuant to Labor Code sections 218.6 and 1194(a),

9 plaintiffs request that the court award interest on all due

10 and unpaid wages, at the legal rates specified by Civil Code

11 section 3289(b) accruing from the date the wages were due and

12 payable.

13     30.  In doing the acts herein described, defendant acted

14 consciously to deprive its employees of compensation which

15 had been earned.  These acts were committed with malice,

16 oppression and fraud, and punitive damages are warranted

17 pursuant to Civil Code section 3294.

18                    <u>SECOND CAUSE OF ACTION</u>

19          (Nonpayment of Wages on Behalf of Plaintiff Ara

20      Karamian, as an Individual, Against Defendant Fed Ex)

21     31.  Plaintiff Karamian realleges and incorporate herein

22 by reference the allegations of paragraphs 1 through 30,

23 inclusive.

24     32.  Plaintiff Karamian was employed by defendant for

25 more than fourteen (14) years.

26     33.  Plaintiff Karamian worked as an hourly, nonexempt

27 employee, as a courier, in the County of Los Angeles.

KNAPP,
PETERSEN
& CLARKE  28 ///

13

34. During the period plaintiff Karamian worked as a nonexempt, hourly courier for defendant; he was not paid wages for hours worked.

35. Plaintiff Karamian was restricted in his activities on split shifts, but was not paid for that time.

36. Plaintiff Karamian was restricted in his activities during unpaid meal breaks, but was not paid for that time.

37. Plaintiff Karamian performed services during unpaid meal breaks and split shifts, but was not paid for that time.

38. Plaintiff Karamian was not afforded paid breaks and meal breaks as required by law.

39. Defendant's failure to pay regular and overtime wages to plaintiff Karamian violates the provisions of Labor Code sections 201 and 1198, and is, therefore, unlawful.

40. Civil penalties should be awarded pursuant to Labor Code section 558.

41. Pursuant to Labor Code section 1194(a), plaintiff Karamian requests that the court award reasonable attorneys' fees and costs incurred in this action.

42. Pursuant to Labor Code sections 218.6 and 1194(a), plaintiff Karamian requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code section 3289(b) accruing from the date the wages were due and payable.

43. The court is requested to require defendant to pay waiting time penalties pursuant to Labor Code section 203, for failure to timely pay wages when due on termination of employment.

KNAPP,
PETERSEN
& CLARKE

-11-

14

44.  In doing the acts herein described, defendant acted consciously to deprive plaintiff Karamian of compensation which had been earned.  These acts were committed with malice, oppression and fraud and punitive damages are warranted pursuant to Civil Code section 3294.

### THIRD CAUSE OF ACTION

(Nonpayment of Wages on Behalf of Plaintiff Yvette Green, as an Individual, Against Defendant Fed Ex)

45.  Plaintiff Green realleges and incorporates herein by reference the allegations of paragraphs 1 through 30, inclusive.

46.  Plaintiff Green was employed by defendant since June of 2004.

47.  Plaintiff Green worked as an hourly, nonexempt employee, as a handler and customer service agent, in the Stockton Station.

48.  During the period plaintiff Green worked as a nonexempt, hourly employee for defendant, she was not paid wages for hours worked.

49.  Plaintiff Green was restricted in her activities during unpaid meal breaks, but was not paid for that time.

50.  Plaintiff Green performed services during unpaid meal breaks, but was not paid for that time.

51.  Plaintiff Green was not afforded paid breaks and meal breaks as required by law.

52.  Defendant's failure to pay regular and overtime wages to plaintiff Green violates the provisions of Labor Code sections 201 and 1198, and is, therefore, unlawful.

KNAPP,
PETERSEN
& CLARKE

-12-

1    53.   Civil penalties should be awarded pursuant to Labor

2  Code section 558.

3    54.   Pursuant to Labor Code section 1194(a), plaintiff

4  Green requests that the court award reasonable attorneys'

5  fees and costs incurred in this action.

6    55.   Pursuant to Labor Code sections 218.6 and 1194(a),

7  plaintiff Green requests that the court award interest on all

8  due and unpaid wages, at the legal rate specified by Civil

9  Code section 3289(b) accruing from the date the wages were

10  due and payable.

11    56.   The court is requested to require defendant to pay

12  waiting time penalties pursuant to Labor Code section 203,

13  for failure to timely pay wages when due on termination of

14  employment.

15    57.   In doing the acts herein described, defendant acted

16  consciously to deprive plaintiff Green of compensation which

17  had been earned.   These acts were committed with malice,

18  oppression and fraud and punitive damages are warranted

19  pursuant to Civil Code section 3294.

20                    FOURTH CAUSE OF ACTION

21    (Nonpayment of Wages on Behalf of Plaintiff Eugene Colon as

22              an Individual, Against Defendant Fed Ex)

23    58.   Plaintiff Colon realleges and incorporate herein by

24  reference the allegations of paragraphs 1 through 30,

25  inclusive.

26    59.   Plaintiff Colon was employed by Fed Ex from December

27  1989 to October 2004.

KNAPP,
PETERSEN
& CLARKE
28  ///

                              -13-

                                                    16

60. Plaintiff Colon worked as an hourly, nonexempt employee, as a handler/hut driver, courier, courier/swing driver, RTD/courier and ramp truck driver, in the Canoga Park, Van Nuys, Sun Valley, Burbank Airport and Lancaster locations.

61. During the period plaintiff Colon worked as a nonexempt, hourly employee for defendant, he was not paid wages for hours worked.

62. Plaintiff Colon was restricted in his activities during unpaid meal breaks, but was not paid for that time.

63. Plaintiff Colon performed services during unpaid meal breaks, but was not paid for that time.

64. Plaintiff Colon was not afforded paid breaks and meal breaks as required by law.

65. Defendant's failure to pay regular and overtime wages to plaintiff Colon violates the provisions of Labor Code sections 201 and 1198, and is, therefore, unlawful.

66. Civil penalties should be awarded pursuant to Labor Code section 558.

67. Pursuant to Labor Code section 1194(a), plaintiff Colon requests that the court award reasonable attorneys' fees and costs incurred in this action.

68. Pursuant to Labor Code sections 218.6 and 1194(a), plaintiff Colon requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code section 3289(b) accruing from the date the wages were due and payable.

///

KNAPP,
PETERSEN
& CLARKE

-14-

1    69.  The court is requested to require defendant to pay

2   waiting time penalties pursuant to Labor Code section 203,

3   for failure to timely pay wages when due on termination of

4   employment.

5                    **FIFTH CAUSE OF ACTION**

6       (Unfair Business Practices Against Defendant Fed Ex)

7    70.  Plaintiffs reallege and incorporate herein by

8   reference the allegations of paragraphs 1 through 69,

9   inclusive.

10    71.  Plaintiffs bring this action both in his and her

11  individual capacities and on behalf of all nonexempt

12  employees of defendant as to whom defendant failed to pay

13  wages over the period of the applicable statute of

14  limitations.

15    72.  Defendant's establishment of policy and

16  encouragement of its managers to fail to pay wages is

17  immoral, unethical, oppressive, unscrupulous, substantially

18  injurious to plaintiffs and the Plaintiff Class and has been

19  implemented through the use of economic force.  It is an

20  unfair business practice under Business & Professions Code

21  section 17200 et. seq, for defendants to consciously,

22  deliberately and in bad faith underpay its employees by

23  adopting these practices.

24    73.  Specifically, defendant, by its continuing course of

25  conduct of failing and refusing to pay wages earned by its

26  employees, have engaged, and continue to engage in, conduct

27  which was, and is, "unlawful, unfair and fraudulent," within

28  ///

KNAPP,
PETERSEN
& CLARKE

                              -15-

                                                    18

1 the meaning of Business & Professions Code section 17200, et

2 seq.

3    74. Defendant, accordingly, should be ordered to restore

4 to plaintiffs and the Plaintiff Class those amounts which

5 defendant has wrongfully retained, in violation of wage and

6 hour law and in violation of their duty to refrain from

7 "unlawful, unfair and fraudulent" conduct, as proscribed by

8 Business & Professions Code 17200, et seq.

9    75. As a direct and proximate result of these

10 violations, defendant has obtained the services of the

11 plaintiffs and the Plaintiff Class and has not paid for those

12 services, all to the profit of defendant and the detriment of

13 plaintiffs and the Plaintiff Class. The profit so obtained

14 should be disgorged from defendant as ill-gotten gains.

15    76. The acts as herein alleged are continuing. Unless

16 enjoined, defendant will continue to reap the benefits of the

17 services of its nonexempt employees while failing to pay for

18 those services. Injunctive relief is warranted.

19    77. The wrongful conduct of defendant, unless restrained

20 and enjoined by an order of this Court, will cause great and

21 irreparable harm to plaintiffs and the Plaintiff Class in

22 that defendant will continue to violate the wage and hour law

23 with impunity and continue to engage in conduct prohibited by

24 Business & Professions Code section 17200, et seq.

25 Plaintiffs and the Plaintiff Class have no adequate remedy of

26 law for the injuries they have suffered and that they will

27 continue to suffer in the future, unless defendant's wrongful

28 conduct is restrained and enjoined and unless defendant is

KNAPP,
PETERSEN
& CLARKE

-16-

19

1  compelled to refrain from its "unfair, unlawful and

2  fraudulent" acts and practices.  Plaintiffs and the Plaintiff

3  Class, therefore, pray for a temporary restraining order,

4  preliminary injunction and permanent injunction enjoining

5  such conduct.

6      WHEREFORE, plaintiffs pray for relief as follows:

7      1.   For a temporary restraining order, preliminary

8  injunction and permanent injunction restraining defendant Fed

9  Ex and its agents and employees from continuing to violate

10  the wage and hour laws of the State of California.

11      2.   For a temporary restraining order, preliminary

12  injunction and permanent injunction prohibiting defendant Fed

13  Ex and its agents and employees from continuing to withhold

14  from plaintiffs and the members of the Plaintiff Class the

15  wages and hours due for services rendered which have been

16  unpaid in violation of wage and hour laws of the State of

17  California.

18      3.   For a temporary restraining order, preliminary

19  injunction and permanent injunction mandating that defendant

20  Fed Ex and its agents and employees pay to plaintiffs and the

21  members of the Plaintiff Class those sums due and owing to

22  them which defendant has not paid for services rendered as

23  wages, in violation of wage and hour law of the State of

24  California.

25      4.   For a temporary restraining order, preliminary

26  injunction and permanent injunction restraining defendant Fed

27  Ex and its agents and employees from continuing to commit

28  unlawful, unfair and fraudulent practices in violation of

KNAPP,
PETERSEN
& CLARKE

-17-

1  Business & Professions Code 17200, et seq., including from

2  continuing to commit violations of the wage and hour laws of

3  the State of California by using economic force against

4  plaintiffs and the members of the Plaintiff Class.

5.    For restitution to plaintiffs and the members of the

6  Plaintiff Class of those wages which defendants have

7  wrongfully refused to pay, in violation of wage and hour law.

6.    For compensatory damages in an amount according to

9  proof to plaintiffs and the members of the Plaintiff Class.

7.    For penalties according to statute.

8.    For an award of exemplary damages for the purpose of

12  punishing defendants and deterring their unlawful conduct in

13  the future.

9.    For interest on all sums awarded.

10.  For reasonable attorneys' fees incurred.

11.  For costs of suit.

12.  For such other and further relief as the court finds

18  proper.

Dated:  January 11, 2007

KNAPP, PETERSEN & CLARKE

By: _____
    André E. Jardini
    Attorneys for Plaintiffs
    ARA KARAMIAN, YVETTE
    GREEN, and EUGENE COLON,
    individuals, on behalf of
    themselves and all others
    similarly situated

KNAPP,
PETERSEN
& CLARKE

-18-

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 500 North Brand Boulevard, 20th Floor, Glendale, California 91203-1904. On January 17, 2007, I caused the foregoing document(s) described as DECLARATION OF GWEN FREEMAN IN SUPPORT OF MOTION TO ADD PLAINTIFF YVETTE GREEN AND PLAINTIFF EUGENE COLON to be served on the interested parties in this action as follows:

    by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X]  BY MAIL: I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on January 17, 2007, at Glendale, California.

_____    _____
    Vivian Guest
    (Type or print name)           (Signature)

KNAPP,
PETERSEN
& CLARKE

4

1

<u>SERVICE LIST</u>

2

3  Glen Robert Bregman, Esq.          CO-COUNSEL ATTORNEYS FOR
   Law Offices of Glen Robert         PLAINTIFFS
4  Bregman
   16633 Ventura Boulevard
5  Suite 1240
   Encino, CA  91436
6  TEL: (818) 981-9793
   FAX: (818) 981-9807
7
   Michael S. Duberchin, Esq.         CO-COUNSEL ATTORNEYS FOR
8  4768 Park Granada                  PLAINTIFF
   Suite 212
9  Calabasas, CA  91302
   TEL: 818-222-7484
10 FAX: 818-222-7480

11 Keith A. Jacoby, Esq.              ATTORNEYS FOR DEFENDANT
   LITTLER MENDELSON                  Federal Express Corporation
12 2049 Century Park East
   5th Floor
13 Los Angeles, CA  90067
   TEL: (310) 553-0308
14 FAX: (310) 553-5583

15 Richard S. McConnell, Esq.         ATTORNEYS FOR DEFENDANT
   Senior Counsel                     Federal Express Corporation
16 Federal Express Corporation
   Legal/Litigation
17 3620 Hacks Cross Road
   Building B, 3rd Floor
18 Memphis, TN  38125
   TEL: (901) 434-8375
19 FAX: (901) 434-9279

20 W. Joseph Strapp, Esq.             Attorneys for DEFENDANT Robert
   Strapp & Strapp                    Seymour
21 11355 W. Olympic Boulevard
   Suite 400 West
22 Los Angeles, CA 90064
   TEL: (310) 445-2323
23 FAX: (310) 445-2324

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE