**Daniel L. Feder, Esq., SB # 130867**
**The Law Offices of Daniel L. Feder**
807 Montgomery Street
San Francisco, CA 94133
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
Email: danfeder@pacbell.net

Attorneys for **Plaintiffs**
Paul Bibo, Georgia Shields, Alex Galvez,
Marc Garvey, Bryan Peter, and all other similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL EXPRESS, INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>Defendants. | Case No.: C 07-02505 TEH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO TRANSFER VENUE**<br><br>(28 U.S.C. § 1404(a))<br><br>Hearing Date: September 10, 2007<br>Time: 10:00 a.m.<br>Judge: Thelton Henderson<br>Dept: 12, 19th Floor |

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Federal Express Inc. (hereinafter "Fedex" or "Defendant") moves this court for an order to change the venue of this action to the Central District of California. Defendant bases its motion on the grounds that it would be more convenient for the witnesses as well as in interests of justice to transfer the action. This latter reason – Defendant's primary stated reason for transfer – relates to its intention to consolidate or coordinate the instant action with a putative class action involving two similar issues currently pending in that venue, *Karamian, et. al. v. Federal Express Corp.*, Case No. CV 06-4345 DSF (PJWx). The *Karamian* action has been pending for fifteen months, since May 31, 2007. The discovery cut off date in that action is October 1, 2007 and the trial date is set for January 8, 2008. Plaintiffs have yet to file a motion for class certification.

Defendant's motion should be denied because the *Bibo* and *Karamian* putative class actions only potentially overlap with respect to two of the eight causes of action alleged in the *Bibo* complaint (whether Defendant violated California Labor Code § 204 and whether those violations were, themselves, violations of California Business and Professions Code §§ 17200, et. seq.). Furthermore, the court should deny this motion because the discovery periods in the two actions will likely only overlap for one month after the Court enters the order in this matter, regardless of its decision on this motion, and the action could be easily coordinated (if even that is necessary) from the Northern District during that time (Plaintiffs have not yet served discovery in this action and there would be no discovery motions before the Court prior to the close of discovery in the *Karamian* action). Lastly, the motion should be denied because the change of venue would not be more convenient to any of the parties.

### II. RELEVANT FACTS

The instant action, the *Bibo* action, was initially filed in the California Superior Court for the County of San Francisco. Defendant removed the action and it is now pending in the Federal Court for the Northern District of California. Defendant is not challenging that this is a proper venue for the litigation of this matter.

PLAINTIFF'S OPPOSITION TO FEDEX'S MOTION TO CHANGE VENUE
Case No. : C 07-02505 TEH                                - 2 -

1     The *Bibo* First Amended Class Action Complaint, [Doc. # 1], alleges causes of action for:

- Violations of California Labor Code §§ 510 and 204 (relating to failure to pay wages and overtime);
- Violations of California Labor Code §§ 201, 202, and 203 (failure to pay wages upon discharge or quitting);
- Violations of California Labor Code § 226 (failure to maintain pay records and make records available upon request);
- Violations of California Labor Code § 226.7 (failure to provide breaks and meal periods);
- Violations of Business and Professions Code §§ 17200, *et seq.* (unfair competition);
- Unjust Enrichment;
- Fraud, and
- Declaratory Relief.

The *Karamian* action only shares the causes of action for violations of California Labor Code § 204 and Business and Professions Code §§ 17200, *et. seq.* While Defendant correctly notes that there is some language in the complaint about meal and rest period violations, the *Karamian* Plaintiffs allege no cause of action seeking relief on those grounds. [*See* Hassan Dec., Doc # 17, Ex. B]. The *Karamian* action has been pending since May 31, 2006 and 15 months later – with less than 2 months of remaining discovery – no motion for class certification has been filed. The trial date in that matter is scheduled for January 8, 2008. [Defendant's moving papers, Doc. # 16, p. 3, n. 2].

## III.    ARGUMENT

Defendant makes its motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." That section was initially passed to "remedy the evils of forum shopping." Torres v. the S. S. Rasario, 125 F. Supp. 496, 97 (S.D.N.Y. 1954). "A transfer is not to be liberally granted." Campbell v. Mitsubishi Aircraft Intern., Inc., 416 F. Supp. 1225, 26 (W.D. Penn. 1976) (*Citing* Shuttle v. Armco Steel Corp., 431 F.2d 22 (3rd Cir. 1970), cert. denied, 401

U.S. 910 (1971), and Handlos v. Litton Industries, Inc., 304 F. Supp. 347 (E.D. Wis. 1969). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ' * * * should not be lightly disturbed.'" Armco Steel Corp., supra, at 25. "A defendant generally must make a strong showing of inconvenience in order to disturb a plaintiff's choice of forum. Garcia v. Allstate Ins. Co., 1996 WL 601689 (N.D.Cal. 1996)[1] (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 43 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

### A. PLAINTIFFS' CHOICE OF VENUE SHOULD BE AFFORDED GREAT WEIGHT IN MAKING THE DETERMINATION OF WHETHER TO TRANSFER THIS ACTION.

The *Bibo* Plaintiffs' determination of forum should be afforded great weight in determining the proper forum for this action. While Defendant correctly points out that a Plaintiff's choice in forums is afforded less weight in a class action where the class is spread out, a "Plaintiffs' choice in forum in significant in a class action where it appears preferable to other forums in administering the action and protecting the class." National Super Spuds, Inc. v. New York Mercantile Exhange, 425 F. Supp. 665, 668 (S.D.N.Y. 1977). Defendant has failed to name one potential witness in this action that resides in the Central District. In fact, the only ties to that District that are apparent from Defendant's moving papers are the location of Defendant's counsel and the *Karamian* action.

On the other hand, each named Plaintiff is either a resident of the City of San Francisco or lives nearby in the bay area. [Plaintiffs' FAC, Doc # 1, p. 1-2, ¶¶ 1-3]. This is not a case of forum shopping.

Furthermore, Defendant concedes that its witnesses are either in Tennessee or in Northern California. It further concedes that the managers and HR representatives for Plaintiffs are located in Northern California, [Defendant's moving papers, Doc # 16, p. 8, l. 19-20], but states that it is not problematic if a transfer was granted, because Fedex will bear the burden of

---

[1] Not reported in F. Supp.

transporting employees to Southern California for the purposes of depositions, [*Id.* at p. 8, l. 26 – p. 9, l. 1]. While this may not be a problem for those personnel still working for Fedex, it is likely that during the course of prosecuting this class action that some individuals will resign or be terminated (for reasons having to do with or unrelated to this litigation) from Fedex. It would be problematic to have individuals no longer employed by Fedex appear for trial in Southern California. This may well hinder the class representative's ability to prosecute the action on behalf of the class.

Furthermore, Defendant's contentions regarding possible settlements in a L.A. Superior court action are nothing more than a red herring. It concedes that even if it is correct that some named class members may be barred from proceeding under theories of *res judicata* and accord and satisfaction, other named plaintiffs would not be barred by such principles.[2]

### B. DEFENDANT HAS NOT MADE A SUFFICIENT SHOWING OF INCONVENIENCE, AND THEREFORE, THE MOTION TO TRANSFER SHOULD BE DENIED.

In making the inquiry of whether a party making a motion for change of venue under Section 1440(a) has made a "strong showing of inconvenience," "the court should consider private and public interest factors affecting the convenience of the forum." Decker Coal, *supra*, at 843. "Private factors include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' Public factors include 'the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of the laws, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'" Id.

---

[2] This issue is not currently before the court and therefore, Plaintiff does not address the lack of merit of these arguments. Plaintiff will reserve these arguments for when/if Defendant makes that motion.

1   Of all possible factors, Defendant has only identified two factors which it believes weigh
2   in favor granting this motion: the convenience to its witnesses and the *Karamian* action.
3   Defendant has failed to identify one witness that would be geographically
4   inconvenienced if the matter was to proceed in Northern California. Rather, Defendant seems to
5   focus its efforts more upon the grounds that some witnesses may have to have their depositions
6   taken twice if this action was allowed to proceed in the Northern District. [Defendant's moving
7   papers, Doc # 16, p. 9, l. 3-6]. Alternatively, that discovery would be simpler if the action was in
8   the Central District, because the parties may seek to depose the same witnesses or seek the same
9   documents as the *Karamian* action. [Defendant's moving papers, Doc # 16, p. 6, l. 26 – p. 7, l.
10  2]. Defendant overlooks the fact that discovery in the *Karamian* action has one and one-half
11  months prior to the discovery cut off. It would be quite simple to coordinate discovery for that
12  period. Furthermore, even if correct, *Bibo* Plaintiffs have yet to conduct any written discovery to
13  use as a foundation for its later depositions.
14  Defendant's concern that there could be inconsistent rulings between the *Bibo* action in
15  Northern California and the *Karamian* action in Southern California is similarly unfounded.
16  There has yet to be any discovery served in the *Bibo* action. Barring divine intervention, it is
17  simple not credible to argue that the *Bibo* plaintiffs will serve discovery, Fedex will respond, the
18  parties will meet and confer, and the *Bibo* plaintiffs will have a hearing on a motion to compel
19  prior to the October 1, 2007 discovery cut off in the *Karamian* action. Even with higher powers
20  at work, it would be quite simple to coordinate discovery with the *Bibo* action remaining in the
21  Northern District.
22  It is also extremely noteworthy that the *Karamian* Plaintiffs, in spite of having over a
23  year to do so, have not yet filed a motion for class certification. It is quite possible at this late
24  stage in their litigation that they intend upon dropping their class allegations and proceeding with
25  their individual causes of action.
26  Simply put, Defendant has failed to show any real inconvenience, let alone a "strong
27  showing" of it. On the other hand, if the action is transferred to Southern California and
28  consolidated with *Karamian*, the *Bibo* Plaintiffs will be severely prejudiced in that they have had

zero opportunity to conduct discovery into any of the six of eight causes of action that they allege that are completely distinct from the causes of action alleged in *Karamian*.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for change of venue pursuant to 28 U.S.C. § 1440(a) should be denied.

Respectfully submitted,

Dated: 8/6/07

The Law Offices of Daniel L. Feder

By: _____
Daniel L. Feder, ESQ.
Attorney for Plaintiffs
Paul Bibo, Georgia Shields, Alex Galvez,
Marc Garvey, Bryan Peter,
and all other similarly situated.