1 | SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
2 | 3620 Hacks Cross Road
Building B, Third Floor
3 | Memphis, Tennessee 38125
Telephone: 901-434-8526
4 | Fax No.: 901-434-9271
E-mail: scisom@fedex.com

5

KEITH A JACOBY, Bar No. 150233
6 | LITTLER MENDELSON
A Professional Corporation
7 | 2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
8 | Telephone: 310-553-0308
Fax No.: 310-553-5583
9 | E-mail: kjacoby@littler.com

10 | Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>Defendants. | Case No. C 07-02505 TEH<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**(28 U.S.C. §1404(a))**<br><br>Date: September 10, 2007<br>Time: 10:00 a.m.<br>Courtroom: 12, 19th Floor<br><br>CMC: September 24, 2007<br>Trial Date: None Set |

## I. INTRODUCTION

This matter should be transferred to the Central District because Plaintiffs' opposition fails to address the most critical factors raised in FedEx's motion justifying transfer in the interests of justice. Moreover, since the filing of this motion, another related putative class action was filed and served on FedEx and has been removed to the Central District of California, where *Karamian* is pending. See *Brown, et. al., v. Federal Express Corporation*, C-07-5011 GPS (SSx). (See Declaration of Leila M. Hassan on Reply (Hassan Dec.) Exhibit A). That complaint was filed on July 3, 2007. *Brown* purports to represent couriers and RTD drivers and alleges failure to provide meal and rest periods as required by California law. (Hassan Dec. ¶2, Exh. A, ¶¶20, 21, 36, 39). Judge Dale Fischer, who is assigned to the *Karamian* matter, consented to transfer of the *Brown* matter to her calendar. (Hassan Dec. ¶3, Exh. B). The reasons cited for transfer include that the *Karamian* and *Brown* matters 1) call for a determination of the same or substantially related or similar questions of law and fact and 2) for other reasons would entail substantial duplication of labor if hear by different judges. *Id.*

## II. ARGUMENT

### A. The interests of justice heavily favor transfer to the Central District.

#### 1. Transfer will prevent duplication of efforts and inconsistent legal results.

In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005) *citing Heller Financial, Inc., v. Midwhey Powder Co.,* 883 F. 2d 1286, 1293 (9th Cir. 1989).

Plaintiffs cannot reasonably dispute that the interests of justice, which is the most important factor in this case, heavily favor transfer. Indeed, Plaintiffs suggest coordination, as opposed to

transfer.[1]  However, "it is highly inefficient for this district to expend resources adjudicating a dispute virtually identical to one already pending in our sister district." *Wells v. Cingular Wireless LLC*, 2006 U.S. Dist. LEXIS 73664, *8 (N.D. Cal. 2006).

Inconsistent legal results involving identical claims are particularly worrisome in the context of a class action where failure to consolidate could also muddle the issue of which plaintiffs are part of the class. *Id.* at *9. Even if no class is certified, the case should be transferred in the interests of justice to avoid duplication of effort and the risk of inconsistent adjudications with respect to the certification issue, which may involve as much or more discovery, than the merits issues. There is no guarantee of certification, and while class status is a factor that favors transfer, the absence of certification is not fatal to a motion to transfer. Indeed, Judge Fischer has accepted transfer of the *Brown* matter to her calendar without a certification motion pending. Further, the interests of justice are more efficiently served by transferring the case pending a certification ruling, which will prevent duplication of discovery. Coordination will not necessarily address all the concerns of having three related cases pending.

### 2. Congestion of the respective courts' dockets favor transfer over coordination.

The congestion of the court's docket is another factor to be considered under the interests of justice factor. *Amazon.com*, supra, at 404 F.Supp. 2d at 1261. According to a Judicial Caseload Profile Report available for the twelve month period ending September 30, 2006 regarding the federal judiciary, there were more actions pending per judgeship in the Northern District than in the Central District. (Hassan Dec., ¶4, Exh. C and D). As noted in the various reports, there were 583

---

[1] Coordination by this Court should be disfavored because *Karamian* is the first-filed action and the actions involved are pending in California district courts, rather than in different states, which might weigh in favor of coordination where different state laws may be implicated and to prevent depriving California residents of a home state forum. See e.g., *Thill v. Edward D. Jones & Co., L.P.*, 2006 U.S. Dist. LEXIS 69485 (N.D. Cal. 2006).

cases pending per judgeship in the Northern District and 443 cases pending per judgeship in the Central District for a difference of 140 cases per judgeship. *Id.* The median time to trial is also about three months shorter in the Central District (21.3 months v. 25 months). *Id.* Given that the Central District appears to be somewhat less congested based upon these government reports, this factor weighs in favor of transferring the matter.

### 3. Transfer of the action will prevent forum shopping.

As noted by Plaintiffs, this venue statute was initially passed to remedy the evils of forum shopping, which is exactly what will be encouraged if the motion to transfer is not granted. FedEx is not suggesting that Plaintiffs herein are forum shopping. The argument is one of prevention. If potential class action plaintiffs and their attorneys understand that related actions will be transferred into one district, this will prevent multiple filings by different attorneys (or the same attorneys with different class representatives) in different courts in an effort to obtain what they consider to be the most favorable forum, all the while tolling the limitations period as to each potential class member, so as to prevent losing periods of time due to the re-filings or multiple filings. Transfer would prevent potential class plaintiffs and their attorneys from re-filing after receiving unfavorable rulings on discovery or motions in limine in an attempt to locate a more favorable jurisdiction. Transfer would prevent races to the courthouse, with each set of plaintiffs and their attorneys working independently or in concert against one defendant, who must defend against each action separately. The unfairness and waste of judicial resources is readily apparent.

### B. The matter should be transferred to the Central District because of the substantially similar nature of the primary claims.

Although Plaintiffs attempt to parse out specific claims, the reality is that the primary claims alleged in each case relate to meal and rest periods and thus duplicate each other. In this case, Plaintiffs allege failure to provide meal and rest periods, failure to pay for time worked, and failure to maintain records and make them available. (Dkt. 1, ¶¶8, 17, 24, 35). The *Karamian* Plaintiffs

also allege that they were denied meal and rest breaks, as well as wages for time worked. (See Declaration of Leila M. Hassan filed with FedEx's motion, Exh. B, *Karamian* FAC §§10, 16.) Thus, while Plaintiffs suggest that only two of the causes of action overlap, there are only two class claims asserted in *Karamian* and thus the entire action is related to this action. Moreover, the separate claims in *Bibo* unrelated to the records claims are simply duplicative of the primary claims related to meal and rest breaks and unpaid time, or relate to remedies. Thus, while Plaintiffs attempt to make it appear that this matter involves many more claims than *Karamian*¸ the distinction is one of semantics. In substance, each action seeks damages primarily for the same alleged conduct: failure to provide meal and rest breaks and failure to pay for time worked.

It is also noteworthy that the plaintiffs in this action acknowledge that potential liability is limited to the time frame after the effective end date of a previous class action (*Foster v. Federal Express Corporation*, Los Angeles Superior Court, Case No. BV 282300.) (Dkt. 1, ¶8) As such, their liability period is the same as that for the couriers in *Karamian* and *Bibo*.

        C.    <u>The matter should be transferred regardless of the status of the actions pending in the Central District.</u>

Plaintiff also argues that he will be prejudiced because the *Karamian* action is proceeding slowly (no certification motion yet) and discovery is about to close. Plaintiffs cite no case law in support of their suggestion that the age of the case or advanced nature of discovery militates against transfer. Even though the action may have been filed nine months before this action, it must be given deference as the first filed. *Wells*, supra, 2006 U.S. Dist. LEXIS 73664 at *7-8, *citing*, *e.g.*, *Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982) ("The first-to-file rule is 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'") Moreover, the fact that the case has been pending that much longer in the

sister court means that court is that much more familiar with the case than the transferor court.

The issues of the age and stage of the *Karamian* matter in relation to any related matters would be for the Judge Fischer, who has already agreed to accept the *Brown* case, which was filed more than one year after *Karamian*. The important point is to avoid duplicating judicial effort and the risk of inconsistent adjudications, which the *Karamian* court is currently in the best position to prevent. It is unreasonable for Plaintiffs to suggest that if the case is transferred to the Central District they will be forced to forego discovery. FedEx will not object to allowing Plaintiffs the opportunity to conduct necessary and otherwise non-objectionable discovery. The advantage of transfer and consolidation is to prevent duplicate discovery. Discovery in the three related cases after transfer will be more efficient and productive in advancing the cases to conclusion.

D. The matter should be transferred for the convenience of the witnesses and the parties.

Plaintiffs have not articulated any prejudice that they will suffer by proceeding in the Central District rather than in this district. See *Wells*, supra, 2006 U.S. Dist. Lexis 73664 at *7. Indeed, Plaintiffs cannot deny, and must concede that it would be more convenient for both parties to prevent duplicate discovery and inconsistent adjudications.

It makes sense to transfer this *Bibo* action to the same district where the *Karamian* and *Brown* actions are pending as it would be more convenient for witnesses (and the parties) to appear once, rather than twice. See *Hernandez v. Equifax Info. Servs. LLC*, 2006 U.S. Dist. LEXIS 27645, *4-5 (N.D. Cal. 2006).

In addition, should a class be certified, there are more potential courier class members in Southern California than in Northern California. (See Declaration of Amanda Adams, ¶¶3-7.) On August 15, 2007, there were 3018 active couriers employed in southern California and 1787 couriers in northern California. Approximately 63% of all active California couriers were employed in southern California on that date. *Id.*

With respect to compelling attendance of witnesses who might leave FedEx during the pendency of the action, both district courts have the same power over subpoenaed California residents beyond the 100 mile limit in Fed. R. Civ. Proc. Rule 45(b)(2), by virtue of another provision in that same subsection: a subpoena may be served at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the trial. Pursuant to CCP §1989, a California resident can be subpoenaed anywhere in the state to any California state court.

### III.   CONCLUSION

For all of the foregoing reasons, Defendant respectfully urges the Court to grant the motion and order the transfer of this case to the Central District of California (Los Angeles).

Dated: August 20, 2007

    /s/ Sandra C. Isom
SANDRA C. ISOM
FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Doc# 660897

7

Def. FEC's Reply on Motion to Transfer Venue
Case No. C 07-02505 TEH