# EXHIBIT A

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 03 2007

JOHN A. CLARKE, CLERK

BY
EDUARDO CHANES, DEPUTY

1  JAMES P. STONEMAN, II, (Bar No. 94523)
   LAW OFFICES OF  JAMES P. STONEMAN, II
2  100 West Foothill Blvd.
   Claremont, CA  91711
3  Telephone:  (909) 621-4987
   Facsimile:  (909) 624-1427
4  Email:  jim@Stonemanlaw.com

5  ERNEST F. CHING, JR., (Bar No. 74253)
   YAMEEN Z. SALAHUDDIN (Bar No. 220003)
6  LAW OFFICES OF CHING AND ASSOCIATES
   160 South Old Springs Road, Suite 280
7  Anaheim Hills, CA  92808
   Telephone:  (714) 637-9888
8  Facsimile:  (714) 637-9833
   Email:  chinglawoffice@aol.com

9
   Attorneys for Plaintiffs
10                                   Case assigned  D 324
                                     to Judge  VICTORIA CHANEY
11
12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF LOS ANGELES
                                          BC373711
14

15  VINCENT BROWN, JOSE ROBERT      )  CASE NO.
    ROJAS, DEBORAH SNYDER,          )
16  CHARLES WALKER, MARK B.         )  **CLASS ACTION**
    TOVSEN, ROBERT ARMAN, JOHN      )
17  O'NEIL, ANDRE D. LAWSON and     )  **COMPLAINT FOR DAMAGES AND**
    GREGORY A. SORRELLS,            )  **PENALTIES BASED ON:**
18  individually and on behalf of   )
    all other similarly situated    )  1.   **FAILURE TO PROVIDE REST**
19  current and former employees,   )       **PERIODS (OR COMPENSATION**
                                     )       **THEREFOR);**
20              Plaintiff,           )  2.   **FAILURE TO PROVIDE MEAL**
                                     )       **PERIODS (OR COMPENSATION**
21       vs.                         )       **THEREFOR);**
                                     )  3.   **VIOLATION OF UNFAIR**
22  FEDERAL EXPRESS CORPORATION      )       **BUSINESS PRACTICES ACT(B**
    and DOES 1 through 10,           )       **& P §17200 et seq.)**
23  inclusive,                       )
                                     )  **DEMAND FOR JURY TRIAL**
24              Defendants.          )
                                     )
25  _____      )

26

27

28

1
Class Action Complaint

1      Plaintiffs VINCENT BROWN, JOSE ROBERT ROJAS, DEBORAH SNYDER,

2 CHARLES WALKER, MARK B. TOVSEN, ROBERT ARMAN, JOHN O'NEIL, ANDRE

3 D. LAWSON and GREGORY A. SORRELLS, individually and on behalf of

4 all other similarly situated current and former employees of

5 Defendant FEDERAL EXPRESS CORPORATION (hereafter sometimes

6 "FedEx" in California (hereinafter, referred to as "Plaintiffs")

7 hereby allege as follows:

8                   **INTRODUCTION**

9     1.  Plaintiffs bring this Class Action on behalf of

10 themselves and all other persons who are or have been employed as

11 non-exempt drivers, specifically as "Ramp Transport Vehicle

12 Drivers" (hereafter "RTD") and Courier Drivers by Federal Express

13 Corporation in the State of California, to recover, among other

14 things, (a) compensation for meal and rest periods not taken or

15 paid, remedies for violation of Labor Code §226.7, *California*

16 *Code of Regulations*, Title 8, §11070, subdivisions 11 12, and

17 *California Business and Professions Code* §17200; interest;

18 attorneys' fees, costs and expenses; and equitable relief.

19 Plaintiffs reserve the right to name additional class

20 representatives.

21            **JURISDICTION AND VENUE**

22     2.  The California Superior Court has jurisdiction over this

23 action pursuant to *California Constitution,* Article VI, Section

24 10, which grants the Superior Court "original jurisdiction in all

25 causes except those given by statute to other trial courts." The

26 Statutes under which this action is brought do not specify any

27 other basis for jurisdiction.

28     3.  The California Superior Court has jurisdiction over

1  FedEx because, based on information and belief, it is a
2  corporation and/or entity and/or person that has sufficient
3  minimum contacts in California, is a citizen of California, or
4  otherwise intentionally avails itself of the California market so
5  as to render the exercise of jurisdiction over it by the
6  California courts consistent with traditional notions of fair
7  play and substantial justice.

8      4.  Venue is proper in the County of Los Angeles, because
9  FedEx exists, transacts a substantial amount of business, and has
10 offices in such County.  Venue is proper in this Court pursuant
11 to *California Code of Civil Procedure* §395 because certain acts
12 and omissions complained of occurred arose in this County and/or
13 the administration of such unlawful practices was accomplished
14 from such County.

15     5.  Plaintiffs are informed and thereon allege that FedEx is
16 a Delaware Corporation and that at all material times, it has
17 maintained a principal place of business in California.  Although
18 its corporate headquarters are in Memphis, Tennessee, plaintiffs
19 are informed and believe and thereon allege that FedEx conducts a
20 majority of its business in California by virtue of the
21 substantial volume of ingoing and outgoing freight and the dollar
22 volume of business generated within the State of California.  By
23 virtue of such facts, California constitutes a principal place of
24 business of FedEx.

25                          **PARTIES**

26     6.  Plaintiff VINCENT BROWN was at all relevant times
27 employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
28 California for at least the past 4 years driving routes

---

3
Class Action Complaint

1   throughout Southern California, including Los Angeles County.  He

2   was an "employee" as that term is used in the *California Labor*

3   *Code* and the IWC Wage Orders regulating wages, hours and working

4   conditions.

5        7.  Plaintiff JOSE ROBERT ROJAS was at all relevant times

6   employed by FedEx as an hourly, non-exempt "RTD" with FedEx in

7   California for at least the past 4 years driving routes

8   throughout Southern California, including Los Angeles County.  He

9   was an "employee" as that term is used in the *California Labor*

10  *Code* and the IWC Wage Orders regulating wages, hours and working

11  conditions.

12       8.  Plaintiff DEBORAH SNYDER was at all relevant times

13  employed by FedEx as an hourly, non-exempt "RTD" with FedEx in

14  California for at least the past 4 years driving routes

15  throughout Southern California, including Los Angeles County.

16  She was an "employee" as that term is used in the *California*

17  *Labor Code* and the IWC Wage Orders regulating wages, hours and

18  working conditions.

19       9.  Plaintiff CHARLES WALKER was at all relevant times

20  employed by FedEx as an hourly, non-exempt "RTD" with FedEx in

21  California for at least the past 4 years driving routes

22  throughout Southern California, including Los Angeles County.  He

23  was an "employee" as that term is used in the *California Labor*

24  *Code* and the IWC Wage Orders regulating wages, hours and working

25  conditions.

26       10.  Plaintiff MARK B. TOVSEN was at all relevant time

27  employed by FedEx as an hourly, non-exempt "RTD" with FedEx in

28  California for at least the past 4 years driving routes

1  throughout Southern California, including Los Angeles County.  He
2  was an "employee" as that term is used in the *California Labor*
3  *Code* and the IWC Wage Orders regulating wages, hours and working
4  conditions.

5      11.  Plaintiff ROBERT ARMAN was at all relevant time
6  employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
7  California for at least the past 4 years driving routes
8  throughout Southern California, including Los Angeles County.  He
9  was an "employee" as that term is used in the *California Labor*
10  *Code* and the IWC Wage Orders regulating wages, hours and working
11  conditions.

12      12.  Plaintiff JOHN O'NEIL was at all relevant times
13  employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
14  California for at least the past 4 years driving routes
15  throughout Southern California, including Los Angeles County.  He
16  was an "employee" as that term is used in the California Labor
17  Code and the IWC Wage Orders regulating wages, hours and working
18  conditions.

19      13.  Plaintiff ANDRE D. LAWSON was at all relevant times
20  employed by FedEx as an hourly, non-exempt Courier Driver with
21  FedEx in California for at least the past 4 years.  He was an
22  "employee" as that term is used in the *California Labor Code* and
23  the IWC Wage Orders regulating wages, hours and working
24  conditions.

25      14.  Plaintiff GREGORY A. SORRELLS was at all relevant times
26  employed by FedEx as an hourly, non-exempt Courier Driver with
27  FedEx in California for at least the past 4 years.  He was an
28  "employee" as that term is used in the *California Labor Code* and

the IWC Wage Orders regulating wages, hours and working conditions.

15. Defendant FEDERAL EXPRESS CORPORATION is a Delaware corporation doing business under the laws of California, with a principal place of business in California.

16. At all times herein mentioned, FedEx was a corporation regularly employing over 100 persons.

17. The true names and capacities, whether corporate, associate, individual or otherwise of Defendant, DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendant by such fictitious names pursuant to *California Code of Civil Procedure* §474. Each of the Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and circumstances herein reference and proximately caused injuries and damages to the Plaintiffs and class members, as herein alleged. Plaintiffs will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

18. Plaintiffs is informed and believes and thereupon alleges that each of the defendants acted in concert with each and every other defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

19. At all times herein mentioned, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.

////

**FACTS COMMON TO ALL CAUSES OF ACTION**

20.   At all relevant times, FedEx has conducted regional and local air and ground transportation operations throughout California, including Los Angeles County.  Defendant employs plaintiffs and numerous other Ramp Transport Vehicle Drivers and Courier Drivers in California and issues the paychecks for Plaintiff and the other Ramp Transport Vehicle Drivers employed by FEDEX in California.

21.   Defendant FedEx is a "person" as defined in *California Labor Code* §18 and *California Business and Professions Code* §17201.  FedEx is an "employer" as that term is used in the *California Labor Code* and the California Industrial Welfare Commission's Orders regulating wages, hours and working conditions, specifically including Wage Order 9, governing the Transportation Industry, Title 8, *California Code of Regulations*, §11090 (2007).  At all material times, Wage Order 9 provided in relevant part that "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes", and that "ever employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  8 *California Code of Regulations* §11090.

22.   Plaintiffs and class members are current and former non-exempt hourly Ramp Transport Vehicle Drivers and Courier Drivers during the four years immediately preceding the date of

1   filing of this action.  Plaintiffs and class members have

2   performed work for FedEx in the State of California during that

3   time period.  During that time, plaintiffs and class members were

4   improperly denied earned wages under various illegal payroll

5   practices and policies as described herein.

6       23.  At all relevant times, Ramp Transport Vehicle Drivers,

7   transported large deliveries in 18-wheel trucks.  Their duties

8   included delivering and picking up various large shipments from

9   FedEx customers.  Their routes and schedules were determined

10  solely by FedEx.

11      24.  At all relevant times, Courier Drivers transported

12  large deliveries in small trucks or vans.  Their duties included

13  delivering and picking up various smaller shipments from FedEx

14  customers.  Their routes and schedules were determined solely by

15  FedEx.

16      25.  By virtue of a number of factors, FedEx imposed a

17  number of unreasonable objectives on plaintiffs and class.  These

18  factors included (a) FedEx's relationship with its customers,

19  which included strong "on-time" commitments regarding delivery

20  and pick-up of shipments, and (b) FedEx's failure and refusal to

21  place an adequate number of trucks, RTDs and Couriers into

22  service to handle the heavy load of deliveries and pick-ups.

23  Failure to meet the schedules set by FedEx frequently would

24  result in consequences to FedEx, as it would frequently owe the

25  customer a rebate or refund for a late delivery or pick-up, with

26  consequent pressure applied to the driver who had failed to keep

27  the schedule.  As a result of the pressures placed on plaintiffs

28  and class by such policies, RTDs and Courier Drivers were under

1  constant pressure to make the deliveries and pick-ups as quickly

2  as possible once they commenced their shift.   The foregoing facts

3  caused a situation in which RTDs and Courier Drivers were

4  frequently unable to take their meal break within the first five

5  hours of their shift.

6      26.  As a further consequence of the foregoing facts,

7  plaintiffs and class members frequently were unable to take rest

8  breaks within the times required.   On many occasions they were

9  not able to take rest breaks at all.   In short, there were

10  frequently not enough hours in the shift to allow plaintiffs and

11  class to take their meal and/or rest breaks.

12      27.  At all times prior to March 26, 2007, defendant FedEx

13  failed and refused to pay one hour of pay to plaintiffs and class

14  members who did not take their meal break within five hours of

15  starting their shift.

16      28.  At all times prior to March 26, 2007, defendant FedEx

17  failed and refused to pay one hour of pay to plaintiffs and class

18  members who did not take their rest breaks in accordance with the

19  provisions of Wage Order 9.

20      29.  In perpetrating the acts and omissions alleged herein,

21  Defendant acted pursuant to and in furtherance of a policy and

22  practice of not providing for meal and rest periods (and not

23  compensating therefor), and violating the *California Business and*

24  *Professions Code.* All such acts are in violation of applicable

25  California Industrial Welfare Commission Wage Order(s) set forth

26  above.

27      30.  Plaintiffs are informed and believes and based thereon

28  alleges that each and every one of the acts and omissions alleged

1  herein was performed by, and/or attributable to Defendant FedEx
2  and/or DOES 1-10, acting as agents and/or employees, and/or under
3  the direction and control of Defendant FedEx, and that said acts
4  and failures to act were within the course and scope of said
5  agency, employment and/or direction and control, and were
6  committed willfully, maliciously, oppressively, and fraudulently.

7      31.  As a direct and proximate result of the unlawful
8  actions of Defendant, plaintiffs and members of the class have
9  suffered and continue to suffer from loss of earnings in amounts
10 as yet to be ascertained, but subject to proof at trial in
11 amounts in excess of the minimum jurisdiction of this Court,

12                  **CLASS ACTION ALLEGATIONS**

13     32.  Plaintiffs bring this action on behalf of themselves
14 and others similarly situated under *California Code of Civil*
15 *Procedure § 382.*

16     33.  **Description of the Class:**

17     (A)  **Subclass A:** All non-exempt Ramp Transport Vehicle
18 Drivers who are or have been employed by FedEx in the State of
19 California at any time between during the 4 year period
20 immediately preceding the filing of this case.  (This Subclass
21 will be represented by plaintiffs BROWN, ROJAS, SNYDER, WALKER,
22 TOVSEN, ARMAN and O'NEIL).

23     (B)  **Subclass B:** All non-exempt Courier Drivers who are or
24 have been employed by FedEx in the State of California at any
25 time between during the 4 year period immediately preceding the
26 filing of this case.  (This Subclass will be represented by
27 plaintiffs LAWSON and SORRELLS).

28     34.  This action is appropriately suited for Class Action

1  status under *Code of Civil Procedure* § 382 because there is a

2  well-defined community of interest in the litigation and the

3  proposed class is easily ascertainable:

4      (A)  **Numerosity**: The potential members of the Class as

5  defined are so numerous that joinder of all affected employees

6  individually would be impractical.  While the exact number of

7  Class members is unknown to plaintiffs at this time, and can only

8  be ascertained through appropriate discovery, plaintiffs are

9  informed and believes that Class members number in the hundreds

10  or thousands.  Members of the Class may be identified from

11  records maintained by Defendant and may be notified of the

12  pendency of this action by mail, using a form of notice similar

13  to that customarily used in class actions.

14      (B)  **Commonality**:  This action involves common questions of

15  law and fact, as the action focuses on Defendant's systematic

16  course of illegal practices and policies throughout the State of

17  California, which have been applied to all similarly situated

18  employees, in violation of the California Industrial Welfare

19  Commission Wage Orders, the *California Labor Code*, and the

20  *California Business and Professions Code*.  The questions of law

21  and fact common to the Class include, but are not limited to:

22          1.  Whether Defendant's practices deprived

23          plaintiffs and class members of wage

24          compensation as required by *Labor Code* §226.7

25          and 8 *California Code of Regulations*, §11090,

26          in the amount of one hour of pay for each day

27          on which a plaintiff or class member did take

28          a meal break within five hours of starting

1  his or her shift.

2  2.  Whether Defendant's practices deprived

3  plaintiffs and class members of wage

4  compensation as required by *Labor Code* §226.7

5  and 8 *California Code of Regulations*, §11090,

6  in the amount of one hour of pay for each day

7  on which a plaintiff or class member did not

8  take a rest break within the time required by

9  applicable Wage Orders and *Code of California*

10  *Regulations*.

11  3.  Whether practices and schemes employed by

12  Defendant constituted a violation of the

13  Unfair Business Practices Act, *California*

14  *Business & Professions Code* §17200 *et seq.*,

15  as a deceitful, unlawful, or unfair business

16  practice within the meaning of the Unfair

17  Business Practices act, and,

18  4.  What is the nature of damages for members

19  of Plaintiffs and class.

20  (C)  **Typicality**:  The claims of the named Plaintiffs

21  are typical of the class because Defendant subjected all

22  similarly situated employees to identical violations of the

23  California Industrial Welfare Commission Wage Orders, the

24  *California Labor Code*, and the *California Business and*

25  *Professions Code*.

26  (D)  **Adequacy of Representation**:  Plaintiffs will

27  fairly and adequately protect the interests of the Class and have

28  retained counsel competent and experienced in employment class

1  action litigation, including class actions in the State of

2  California.  Plaintiffs have no interests antagonistic to, or in

3  conflict with, the Class that plaintiffs seeks to represent.

4       (E)  **Superiority of Class Action**:  A class action is

5  far superior to other available methods for the fair and

6  efficient adjudication of the claims asserted herein because

7  joinder of all members is impracticable and the alternative would

8  entail multiplicity of separate actions potentially numbering

9  into the thousands.  Furthermore, because the damages suffered by

10  individual members of the Class may be relatively small, the

11  expense and burden of individual litigation make it

12  impracticable, if not virtually impossible, for Class members to

13  pursue their claims separately.  The likelihood of individual

14  Class members prosecuting separate claims is remote and class

15  action treatment will allow those similarly situated persons to

16  litigate their claims in the manner that is most efficient and

17  economical for the parties and judicial system.

18                    **FIRST CAUSE OF ACTION**

19   **FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR)**

20                   **(Against All Defendants)**

21       35.  Plaintiff hereby realleges and incorporates by

22  reference as though set forth in full the allegations of

23  paragraphs 1 through 34.

24       36.  In so acting, defendant FedEx failed and refused to pay

25  plaintiffs and class members wages in the form of on hour of pay

26  for each day on which they did not commence a lunch break within

27  five hours of starting their shifts.

28       37.  Pursuant to *Labor Code* §226.7 and the IWC Order(s) set

1  forth above, plaintiffs are entitled to one hour of pay for each

2  day on which they did not commence a lunch break within five

3  hours of starting their shifts.

4  ## SECOND CAUSE OF ACTION

5  **FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR)**

6  **(Against All Defendants)**

7      38.  Plaintiff hereby realleges and incorporates by

8  reference as though set forth in full the allegations of

9  paragraphs 1 through 34.

10     39.  In so acting, defendant FedEx failed and refused to pay

11 plaintiffs and class members wages in the form of on hour of pay

12 for each day on which they did not take a rest break within the

13 time required by applicable Wage Orders and *Code of California*

14 *Regulations*.

15     40.  Pursuant to *Labor Code* §226.7 and the IWC Order(s) set

16 forth above, plaintiffs are entitled to one hour of pay for each

17 day on which they did not commence a rest break within five hours

18 of starting their shifts.

19  ## THIRD CAUSE OF ACTION

20  **VIOLATION OF UNFAIR BUSINESS PRACTICES ACT**

21  **(Against All Defendants)**

22     41.  Plaintiff hereby realleges and incorporates by

23 reference as though set forth in full the allegations of

24 paragraphs 1 through 30.

25     42.  *California Business & Professions Code* § 17200 provides

26 that "unfair competition shall mean and include any unlawful,

27 unfair or fraudulent business act or practice."

28     43.  Each and every practice alleged in the First and Second

1    Causes of Action above constitutes unlawful, deceptive, and/or
2    unfair competition in violation of §17200 of the *Business and*
3    *Professions Code.*

4        44.   By violating the foregoing statutes, regulations and
5    orders governing wage and hour issues in California, and by
6    failing to take appropriate measures to address these violations,
7    Defendant's acts constitute per se acts of unlawful, deceptive,
8    and unfair business practices under *California Business and*
9    *Professions Code* § 17200, et seq.

10        45.   As a direct, foreseeable, and proximate result of
11    Defendant's acts and omissions alleged herein, and within the
12    relevant statutory period, plaintiffs and class members have been
13    deprived of substantial wages to which they are entitled by law,
14    all redounding to the unjust enrichment of Defendant,
15    Accordingly, Plaintiffs and class members are entitled to
16    restitution of such wages as is specifically authorized by
17    *Business & Professions Code* §17203.

18        46.   Moreover, continuing commission of the acts alleged
19    above by defendant will irreparably harm plaintiffs and class
20    other employees of Defendant for which harm they have no plain,
21    speedy or adequate remedy at law. Accordingly, Defendant must be
22    enjoined from further engaging in these practices as more fully
23    set forth below.

24                        **PRAYER FOR RELIEF**
25        WHEREFORE, Plaintiffs and class pray judgment against
26    Defendant as follows:

27        1.   For general damages in an amount within the
28    jurisdictional limits of this court according to proof;

1     2.  For loss of earnings, according to proof;

2     3.  For restitution of all monies due to Plaintiffs;

3     4.  For interest pursuant to Labor Code §§ 218.6 and 1194;

4     5.  For wages/penalties pursuant to Labor Code §§ 226.7

5 and applicable Industrial Welfare Commission Wage Orders;

6     6.  For costs of suit;

7     7.  For reasonable attorneys' fees pursuant to *Labor Code*

8 *§§218.5 and 1194*, and *California Code of Civil Procedure §§*

9 *1021.5*;

10     8.  For such other and further relief as the Court may

11 deemed just and proper.

12 DATED:  July 3, 2007

13

14             LAW OFFICES OF JAMES P. STONEMAN II

              LAW OFFICES OF ERNEST F. CHING, JR.

15

16

17           By

18               JAMES P. STONEMAN II

              Attorneys for Plaintiffs

19

20               **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

21 DATED:  July 3, 2007

22

23

24             LAW OFFICES OF JAMES P. STONEMAN II

              LAW OFFICES OF ERNEST F. CHING, JR.

25

26

27          By:

              JAMES P. STONEMAN II

28               Attorneys for Plaintiffs

# EXHIBIT B

ORIGINAL ①

FILED
CLERK, U S DISTRICT COURT

AUG 1 7 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent Brown, et al<br><br>                Plaintiff(s),<br>v<br><br>Federal Express Corporation, et al<br><br>                Defendant(s). | CASE NUMBER<br><br>CV 07-5011 GPS (SSx)<br><br>ORDER RE TRANSFER PURSUANT<br>TO GENERAL ORDER 07-02<br>( Related Cases ) |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 07-02.

_8-16-07_                                Dale S Fischer
    _Date_                                            _United States District Judge_

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

_____

_____

    _Date_                                            _United States District Judge_

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____CV 06-4345 DSF (PJWx)_____ and the present case:

☐ A.    Arise from the same or closely related transactions, happenings or events; or

☑ B.    Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C.    For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.    Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge_____Segal_____ to Magistrate Judge_____Walsh_____.

On all documents subsequently filed in this case, please substitute the initials ___DSF (PJWx)___ after the case number in place of the initials of the prior judge, so that the case number will read ____CV 07-5011 DSF (PJWx)____ This is very important because documents are routed to the assigned judges by means of these initials The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☑ Western ☐ Southern ☐ Eastern Division.

**Subsequent documents must be filed at the ☑ Western ☐ Southern ☐ Eastern Division.**
**Failure to file at the proper location will result in your documents being returned to you.**

⑭

# EXHIBIT C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | | **12-MONTH PERIOD ENDING SEPTEMBER 30** | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA NORTHERN** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | **Numerical Standing** | |
| | | | | | | | | | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 8,683 | 6,362 | 6,727 | 6,919 | 7,887 | 6,841 | U.S. | Circuit |
| | Terminations | | 6,983 | 6,966 | 6,471 | 7,094 | 6,675 | 6,069 | | |
| | Pending | | 8,157 | 6,557 | 7,267 | 7,567 | 7,958 | 6,928 | | |
| | % Change in Total Filings | Over Last Year | | 36.5 | | | | | 4 | 1 |
| | | Over Earlier Years | | | 29.1 | 25.5 | 10.1 | 26.9 | 10 | 2 |
| Number of Judgeships | | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| Vacant Judgeship Months** | | | .0 | .0 | .0 | 3.1 | 12.0 | 3.0 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 620 | 455 | 480 | 494 | 563 | 489 | 11 | 3 |
| | | Civil | 558 | 390 | 413 | 424 | 510 | 439 | 6 | 2 |
| | | Criminal Felony | 37 | 39 | 44 | 47 | 42 | 50 | 82 | 12 |
| | | Supervised Release Hearings** | 25 | 26 | 23 | 23 | 11 | - | 36 | 12 |
| | Pending Cases | | 583 | 468 | 519 | 541 | 568 | 495 | 12 | 2 |
| | Weighted Filings** | | 621 | 543 | 581 | 631 | 598 | 610 | 5 | 2 |
| | Terminations | | 499 | 498 | 462 | 507 | 477 | 434 | 28 | 5 |
| | Trials Completed | | 8 | 10 | 10 | 11 | 11 | 11 | 91 | 14 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 11.2 | 12.6 | 11.1 | 11.7 | 11.8 | 10.1 | 75 | 11 |
| | | Civil** | 7.4 | 9.8 | 8.2 | 10.6 | 9.5 | 9.1 | 11 | 3 |
| | From Filing to Trial** (Civil Only) | | 25.0 | 28.0 | 22.5 | 30.3 | 23.5 | 22.7 | 41 | 5 |
| **OTHER** | Civil Cases Over 3 Years Old** | Number | 528 | 530 | 430 | 377 | 475 | 335 | | |
| | | Percentage | 7.3 | 9.5 | 6.9 | 5.7 | 6.7 | 5.6 | 60 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.5 | 1.4 | 1.5 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 59.09 | 55.21 | 61.19 | 65.00 | 66.42 | 60.46 | | |
| | | Percent Not Selected or Challenged | 43.2 | 31.0 | 48.9 | 40.9 | 47.2 | 42.2 | | |

| **2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7812 | 128 | 2118 | 1540 | 105 | 23 | 487 | 577 | 481 | 464 | 745 | 105 | 1039 |
| Criminal* | 507 | 16 | 58 | 134 | 70 | 89 | 18 | 28 | 8 | 9 | 15 | 27 | 35 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# EXHIBIT D

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA CENTRAL** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | | 12,909 | 14,630 | 16,938 | 14,720 | 15,440 | 15,342 | U.S. | Circuit |
| | Terminations | | 13,680 | 16,173 | 15,269 | 15,800 | 16,936 | 16,906 | | |
| | Pending | | 12,401 | 13,180 | 14,720 | 13,129 | 14,525 | 16,142 | | |
| | % Change in Total Filings | Over Last Year | | -11.8 | | | | | 83 | 13 |
| | | Over Earlier Years | | | -23.8 | -12.3 | -16.4 | -15.9 | 81 | 13 |
| | Number of Judgeships | | 28 | 28 | 28 | 28 | 27 | 27 | | |
| | Vacant Judgeship Months** | | 53.9 | 24.8 | 2.3 | 23.6 | 63.9 | 57.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 461 | 523 | 605 | 526 | 572 | 568 | 36 | 7 |
| | | Civil | 397 | 450 | 515 | 451 | 490 | 521 | 18 | 4 |
| | | Criminal Felony | 36 | 45 | 60 | 49 | 58 | 47 | 84 | 14 |
| | | Supervised Release Hearings** | 28 | 28 | 30 | 26 | 24 | - | 30 | 11 |
| | Pending Cases | | 443 | 471 | 526 | 469 | 538 | 598 | 26 | 7 |
| | Weighted Filings** | | 518 | 565 | 651 | 590 | 584 | 557 | 24 | 6 |
| | Terminations | | 489 | 578 | 545 | 564 | 627 | 626 | 32 | 7 |
| | Trials Completed | | 12 | 13 | 12 | 14 | 12 | 14 | 79 | 11 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 12.4 | 10.3 | 8.2 | 9.4 | 8.6 | 9.1 | 82 | 14 |
| | | Civil** | 7.2 | 7.4 | 7.3 | 7.5 | 7.9 | 7.1 | 10 | 2 |
| | From Filing to Trial** (Civil Only) | | 21.3 | 20.5 | 17.8 | 21.2 | 20.0 | 21.0 | 29 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 1,240 | 809 | 624 | 609 | 650 | 541 | | |
| | | Percentage | 11.6 | 7.2 | 5.0 | 5.4 | 5.2 | 3.8 | 79 | 14 |
| | Average Number of Felony Defendants Filed Per Case | | 1.6 | 1.5 | 1.4 | 1.4 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 64.08 | 47.33 | 49.01 | 49.49 | 54.63 | 61.75 | | |
| | | Percent Not Selected or Challenged | 55.7 | 48.3 | 49.4 | 51.6 | 55.5 | 58.8 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 11104 | 994 | 211 | 2833 | 274 | 58 | 754 | 1330 | 497 | 1425 | 1188 | 80 | 1460 |
| Criminal* | 999 | 3 | 151 | 234 | 88 | 228 | 54 | 46 | 43 | 43 | 25 | 35 | 49 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."