SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone:    901-434-8526
Fax No.:      901-434-9271
E-mail: scisom@fedex.com

KEITH A JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone:    310-553-0308
Fax No.:      310-553-5583
E-mail: kjacoby@littler.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>        Defendants. | Case No. C 07-02505 TEH<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC: October 15, 2007<br>Time: 1:30 p.m.<br><br>Trial Date: None Set |

      Defendant, Federal Express Corporation (FedEx) files this proposed separate Case Management Conference Statement, having been unable to confer with Plaintiff's counsel despite attempts to do so.  (*See* Declaration of Sandra C. Isom, submitted herewith).

1. **Jurisdiction and Service**: Jurisdiction is based upon diversity and the Class Action Fairness Act.  No parties remain to be served.  FedEx has challenged venue pursuant to its pending motion.

2. **Facts**: Plaintiffs claim that they were denied meal and rest breaks, denied wages for working "off the clock."  Plaintiffs further claim that FedEx failed to maintain accurate pay records and make them available upon request.  Plaintiffs further purport to represent all non-exempt current and former "delivery drivers" (i.e. couriers) employed in the State of California.  FedEx denies the allegations.  FedEx policy provides meal and rest periods as mandated by state law and prohibits working "off the clock."  Moreover, most of plaintiffs' claims are completely barred by accord and satisfaction.  Principal factual issues in dispute include, but are not limited to: whether FedEx policy provided for meal and rest breaks as required by state law, whether policy prohibited work during breaks and working without compensation, whether the individual courier decided to forego the provided breaks on any dates in question, whether the individual courier waived the breaks in question, whether the courier voluntarily choose to work without compensation (and in violation of company policy), and whether FedEx had knowledge of uncompensated work occurring.  FedEx further disputes that Plaintiffs can eslablish all elements necessary to maintain a class action.

3. **Legal Issues**:  Primary disputed legal issues include, but are not limited to: whether the Airline Deregulation Act preempts state wage and hour laws as to couriers, whether couriers need only be provided the opportunity for a meal break, or whether there is strict liability for missed meal periods.

4. Motions: Defendant's Motion to transfer venue is currently pending. FedEx anticipates filing a dispositive motion.

5. Amendment of Pleadings: None anticipated at this time. Recommended deadline: December 31, 2007.

6. Evidence Preservation: FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7. Disclosures: The parties have not yet exchanged initial disclosures.

8. Discovery: No discovery has occurred, other than an informal disclosure related to the issue of accord and satisfaction. No limitations on discovery are proposed. Discovery is anticipated regarding certification, liability, and damages. Proposed discovery plan is set forth in paragraph 17.

9. Class Actions: FedEx denies this case is suitable for class treatment.

10. Related Cases: Karamian v. FedEx No. CV06-4345 DSF and Brown v. FedEx, No. CV07-5011 DSF, both pending in the Central District of California.

11. Relief: FedEx denies Plaintiffs are entitled to any relief. However, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue.

12. Settlement and ADR: No settlement discussions have occurred to date. Prospects for settlement unlikely. The parties have selected private mediation. A ruling on certification is necessary before settlement discussions can occur on a class-wide basis.

13. Consent to Magistrate: FedEx will not consent to a Magistrate Judge.

14. Other References: None.

15. Narrowing of issues: Either through agreement or by motion, most named plaintiffs should be dismissed due to accord and satisfaction because the

    plaintiffs received settlement checks pursuant to <u>Foster v. FedEx,</u> Case No. BV 282300, in the Los Angeles County Superior Court and did not work after the effective date of the claims period. Other plaintiffs who received settlement checks and remained employed worked only a short period of time thereafter.

16.  Expedited Schedule: Not applicable other than as addressed in paragraph 15.

17.  Scheduling: Amendment of pleadings: December 31, 2007; Discovery deadline: April 30, 2008; Expert Disclosure: April 30, 2008; Rebuttal Expert Disclsoure: May 31, 2008; Dispositive motion deadline: June 30, 2008, Pretrial conference and trial: August 2008.

18.  Trial: Five day jury trial for individually named plaintiffs.

19.  Disclosure of Non-party Interested Entities or Persons: FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and is set forth herein, but excludes references to <u>Karamian v. FedEx</u>, which can no longer be pursued as a class action, although is arguably still related:

  Pursuant to Local Rule 3-16, Defendant Federal Express Corporation ("FedEx"), by and through undersigned counsel, certifies that the following listed certifies that the following listed parties, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (1) have a financial interest in the subject matter in controversy or is a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

  a.  Plaintiff Paul Bibo - former employee of Federal Express Corporation;

  b.  Plaintiff Georgia Shields;

  c.  Plaintiff Alex Galvez;

4  FEC's CMC STMT.-C07-02505 TEH

      d.    Plaintiff Marc Garvey - former employee of Federal Express Corporation;

      e.    Plaintiff Bryan Peter - former employee of Federal Express Corporation;

      f.    Federal Express Corporation;

      g.    FedEx Corporation – Parent Corporation of Federal Express Corporation which is publicly traded;

      h.    Sandra C. Isom, in-house attorney for Defendant Federal Express;

      i.    Richard S. McConnell, in-house attorney for Defendant Federal Express;

      j.    Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express;

      k.    Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez, Garvey, and Peter.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Brown v. Federal Express Corporation*, CV07-5011 GPS (SSx), pending in the United States District Court for the Central District of California, which seeks to certify and represent couriers and ramp transport drivers formerly or currently employed by Federal Express Corporation:

      l.    Plaintiff Vincent Brown;

      m.    Plaintiff Jose Robert Rojas;

      n.    Plaintiff Deborah Snyder;

      o.    Plaintiff Charles Walker;

      p.    Plaintiff Mark B. Tovsen;

      q.    Plaintiff Robert Arman (unknown party, may be misspelled);

      r.    Plaintiff John O'Neil;

      s.    Plaintiff Andre D. Lawson;

      t.     Plaintiff Gregory A. Sorrells;

      u.     James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

      v.     Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

      w.    Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

      x.     David S. Wilson, in-house attorney for FedEx.

Dated: October 9, 2007

                                                      /s/ Sandra C. Isom
                                                      SANDRA C. ISOM
                                                      FEDERAL EXPRESS CORPORATION

Doc. No. 700702