IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL EXPRESS, INC.,<br><br>　　　　　　Defendant. | NO. C07-2505 TEH<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) |

This matter came before the Court on Monday September 10, 2007, on a motion to transfer venue under 28 U.S.C. § 1404(a) filed by Defendant Federal Express, Inc. ("FedEx"). Having carefully reviewed the parties' papers, the arguments of counsel, and the record herein, the Court DENIES Defendant's motion for the reasons set forth below.

**BACKGROUND**

Defendant FedEx is a United States corporation headquartered in Memphis, Tennessee, and incorporated in Delaware. FedEx employs couriers and conducts business throughout the country. Plaintiffs are former and current FedEx delivery drivers residing in California.

Plaintiffs allege violations of the California Labor Code and Business and Professions Code, including malicious and fraudulent failure to pay regular and overtime wages, maintain pay records and make them available for employees' review, and allow meal and rest breaks. Plaintiffs originally filed suit in San Francisco Superior Court on February 28, 2007. Defendant removed the action to this Court under 28 U.S.C. § 1332(d) based on diversity jurisdiction. Defendant now seeks to transfer venue to the Central District of California under 28 U.S.C. § 1404(a).

Two similar cases are currently pending against FedEx in the Central District of California. FedEx employees filed the first action, *Karamian, et. al., v. Federal Express Corp.*, as a class action on March 31, 2006. In that case, plaintiffs allege nonpayment of wages, wrongful termination, and racial discrimination. The *Karamian* plaintiffs, however, did not succeed at class certification; the suit will continue as an individual action and is currently set for trial on January 8, 2008, before the Honorable Dale Fischer in the Central District.[1] The second action, *Brown, et. al., v. Federal Express Corp.*, was filed in Los Angeles Superior Court as a class action on July 3, 2006. The *Brown* plaintiffs allege that FedEx did not provide meal and rest breaks in violation of the California Labor Code and Business and Professions Code. Judge Fischer related *Brown* to *Karamian* because she found that both actions called for a similar determination of law and fact and would entail substantial duplication of labor if heard by another judge.

**LEGAL STANDARD**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To successfully move for transfer under this section, the moving party must establish that the action could originally have been brought in the district to which transfer is sought. *Commodity Futures Trading Comm'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979). The moving party also bears the burden of "establishing that an action should be transferred." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F. 2d 1381 (9th Cir. 1984).

---

[1] FedEx argues briefly in its reply that *Karamian* should be given deference as the first-filed case because it was filed nine months before this case. However, since the *Karamian* plaintiffs missed the class certification deadline, the issue is now moot because the first-to-file rule may only be "invoked when a complaint involving the same parties already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Now that *Karamian* will not proceed as a class action, the parties are not the same as the parties in this case.

2

In ruling on a motion to transfer, a district court must consider the factors enumerated in § 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). Other relevant factors include: the plaintiff's choice of forum; the local interest in the issue; the relative ease of access to evidence; the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses; and the practical issues that make a case easier or more difficult to try in a given forum, such as familiarity of each forum with applicable law and the relative court congestion. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Royal Queenex Enterprises, Inc. v. Sara Lee Corp.*, No. C-99-4787MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000). The court has the broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F.&P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

**DISCUSSION**

Neither Plaintiffs nor Defendant disputes that this case could have been brought in either the Central or Northern Districts of California. Thus, FedEx's motion to transfer turns on whether the Court finds it appropriate to transfer the case to the Central District "[f]or the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C.§ 1404(a).

**1. Plaintiffs' Choice of Forum**

The plaintiff's choice of forum is afforded substantial weight in the § 1404(a) balancing test, and courts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Thus, with certain exceptions, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

The plaintiff's choice of forum is given less weight where the plaintiff does not reside in the selected forum and the forum has no interest in the alleged unlawful activity. *Chrysler*

3

*Capital Corp. v. Woelhing*, 663 F. Supp. 478, 482 (D. Del. 1987). These exceptions are not applicable here because the named plaintiffs reside in this district, and this Court has a clear interest in protecting such residents against unlawful employment practices.

FedEx also argues that the Court should give Plaintiffs' forum choice less deference because this case is a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, Plaintiffs' choice of forum remains significant in a class action where it is preferable to other forums in administering the action and protecting the class. *National Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F.Supp 665, 668 (S.D.N.Y. 1977) (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947)). The Northern District of California is preferable to the Central District because all of the named plaintiffs live in this district, as do many of the other important witnesses, such as FedEx's human resources representatives and managers. As a result, the Court gives Plaintiffs' choice of forum deference, which weighs against transfer.

**2. Convenience of the Parties**

It is not disputed that the named plaintiffs live in the San Francisco Bay Area and that Defendant is headquartered in Tennessee. Thus, the Northern District of California is no more or less convenient for Defendant than the Central District. The Northern District of California is, however, more convenient to the named plaintiffs since they all reside here. While it may be more convenient for FedEx to litigate in the Central District because defense counsel is located there, "convenience of counsel is not a consideration in determining whether to transfer an action." *E. & J. Gallo Winery*, 899 F.Supp. at 466; *accord In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). Given that Defendant has not described any real inconvenience that would result for the parties if the motion is denied, the Court finds that this factor does not weigh in favor of transfer.

**3. Convenience of the Witnesses and Access to Evidence**

The Court also finds that FedEx has failed to meet its burden regarding the convenience of the witnesses and access to evidence. "To demonstrate an inconvenience to

4

1  witnesses, the moving party must identify relevant witnesses, state their location, and
2  describe their testimony and its relevance." *Sec. & Exch. Comm'n v. Rose Fund, LLC*, No.
3  C 03-04593WHA, 2004 WL 2445242, at *3 (N.D. Cal. Jan. 9, 2004); *see also Royal*
4  *Queentex,* 2000 WL 246599 at *6.

5  Defendant, however, failed to identify any relevant witnesses that would be
6  inconvenienced by a trial in the Northern District. FedEx concedes that both venues are
7  equally convenient or inconvenient for the witnesses based at the company's headquarters in
8  Tennessee, and the company named no specific witnesses that live outside the Northern
9  District. Defendant pointed only to the fact that if a class is ultimately certified there may be
10 more class members located in southern California because, as of August 15, 2007, 63% of
11 all active FedEx couriers in California are employed there. However, the fact that slightly
12 more than a majority of couriers are currently employed in southern California has no
13 bearing on the convenience of the forum to the named plaintiffs who will ultimately be
14 representing the class's interests. Defendant's willingness to take the named plaintiffs'
15 depositions in the Northern District and to "bear the inconvenience" to any FedEx employees
16 who may have to travel from the San Francisco Bay Area if the action is transferred similarly
17 do not weigh in favor of transfer. Finally, FedEx failed to establish that there are any
18 voluminous documents the parties must exchange or that there is any evidence in the Central
19 District that would need to be transferred to San Francisco. Therefore, this factor does not
20 weigh in favor of transfer.

21    **4. Interests of Justice**

22 Defendant's primary argument is that transferring the case will serve the interests of
23 justice. In determining whether a case should be transferred based on the interests of justice,
24 the Court can consider whether transfer will avoid duplicative litigation, affect judicial
25 economy, and limit waste of time and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616
26 (1964). FedEx argues that because there are two related actions already pending against it in
27 the Central District, this Court should transfer the case there to prevent duplication of efforts
28 and inconsistent legal results related to the class actions.

5

1  FedEx's argument is not ultimately persuasive. Although *Karamian* was filed as a
2  class action, the plaintiffs failed to move for class certification before the court's deadline.
3  As a result, *Karamian* is continuing as an individual action on behalf of only three named
4  plaintiffs, and there is no remaining threat of inconsistent adjudication regarding which
5  plaintiffs are part of the class or on the class certification issue. Although the potential for
6  inconsistent rulings persists on pre-trial disputes or on the case's final disposition, FedEx has
7  failed to provide the Court with any specific information that indicates there is a high risk for
8  inconsistent adjudication. Additionally, such inconsistencies can only be avoided if the
9  Court assumes that Judge Fischer will relate *Bibo* to *Karamian* and *Brown*, which is
10 speculative at this point. The Court can also avoid duplicative discovery by coordinating
11 discovery with the actions pending before Judge Fischer in the Central District. In light of all
12 of the above, the interests of justice weigh in favor of transfer, but only slightly.

**CONCLUSION**

In sum, the Court finds that FedEx has not made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843. The interests of justice are not strong enough to overcome the deference the Court must give to Plaintiffs' forum choice, and Defendant has not demonstrated that maintaining the venue in the Northern District will result in any inconvenience to the parties or witnesses. Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Defendant's motion to transfer venue is DENIED.

**IT IS SO ORDERED.**

Dated: 10/09/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6