Case 3:07-CV 02505-THE                          Bibo, et al. v. Federal Express, Inc., et al.

1  **Daniel L. Feder, Esq., SB # 130867**
   **The Law Offices of Daniel L. Feder**
2  807 Montgomery Street
   San Francisco, CA 94133
3  Telephone: (415) 391-9476
   Facsimile: (415) 391-9432
4  Email: danfeder@pacbell.net

5

6  Attorneys for **Plaintiffs**
   Paul Bibo, Georgia Shields, Alex Galvez,
7  Marc Garvey, Bryan Peter, and all other similarly situated

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  PAUL BIBO, an individual, and GEORGIA      ) Case No.: C 07-02505 TEH
    SHIELDS, an individual, and ALEX           )
12  GALVEZ, an individual, MARC GARVEY,        ) **PLAINTIFFS' SEPARATE CASE**
    an individual; BRYAN PETER, an individual, ) **MANAGEMENT STATEMENT**
13  individually and on behalf of all others   )
    similarly situated,                        )
14                                             )
                                               ) Conference Date:  October 15, 2007
15              Plaintiffs,                     ) Time:             1:30 p.m.
                                               ) Place:            Dept. 12, 19th Floor
16        vs.                                   )
                                               ) Honorable Thelton E. Henderson
17                                             )
    FEDERAL EXPRESS, INC., a Delaware          ) Trial Date:        None Set
18  Corporation, and DOES 1-500, inclusive,    )
                                               )
19              Defendants.                     )

20

21

22

23

24

25

26

27

28

Plaintiffs file this proposed separate Case Management Conference Statement, having been unable to confer with Defendant's counsel. (See Declaration of Daniel L. Feder, submitted herewith.)

1.    **Jurisdiction and Service:**  This Court has personal jurisdiction over the named corporate Defendant, which:  (1) conducts business in the State of California through its branches and service centers in California; (2) hires and maintains employees in the State of California; and (3) avails itself of the protection of the laws of the State of California. Venue is proper in this Court because Defendants committed the acts complained of herein in San Rafael, as well as in other locations throughout Northern California.

2.    Facts:    FEDEX required delivery drivers to work through their 10 minute break periods, and their one hour meal periods; FEDEX required its delivery drivers to stack their meal and rest periods, so that they would receive their meal and rest periods together (1 hour and twenty minutes);  FEDEX would send "pick-up" messages to delivery delivers, during their meal and rest periods, requiring delivery drivers to make immediate trips to pick-up packages at various locations.  FEDEX instructed delivery drivers not to process the pick-ups, during their meal and rest periods, because that would make it appear that they were not receiving their required meal and rest periods.  FEDEX would require delivery drivers to perform services for FEDEX when they were not "clocked-in" or had already "clocked out." FEDEX required delivery drivers to perform services, including servicing computers on trucks, providing employee benefits consulting services, and other services after the delivery drivers had already punched out on their timecards.  FEDEX would wait until delivery drivers had already punched out to discuss business related matters with delivery drivers, and would require delivery drivers to interact with customers after they had already punched out.  FEDEX would routinely change delivery drivers' start times less than one hour before the scheduled start times, and would not permit delivery drivers to clock-in when they arrived at the work stations.  FEDEX would accomplish this by telling delivery drivers that they could not clock-in, or FEDEX would hide time clocks.  FEDEX required delivery drivers to take two hour unpaid lunch periods on days which were not busy.  FEDEX required delivery drivers to clean,

1  service, and add supplies to their drop boxes (stations on delivery routes used by customers to

2  delivery packages) during their meal and rest periods.

3      Plaintiffs bring this class action pursuant to California Code of Civil Procedure section

4  382 on behalf of a Class consisting of all non-exempt current and former delivery drivers (aka

5  "couriers") employed by Defendants in the State of California who were denied overtime

6  compensation during all applicable statutes of limitations (the "Class Period").  Plaintiffs also

7  bring this action on behalf of a Class consisting of all non-exempt current and former delivery

8  drivers of Defendants in the State of California who were denied meal and rest periods during the

9  period after the end date of a class certified in an earlier class action brought against FEDEX

10  involving meal and rest periods which settled, was granted final approval by the Court.  Plaintiffs

11  further bring this action on behalf of a Class consisting of all non-exempt current and former

12  delivery drivers of FEDEX in the State of California who were required by FEDEX to provide

13  services for FEDEX, as further described herein, without compensation, during periods when

14  they were clocked out.

15      Defendants' policies and practices toward its employees violate California Labor

16  Code §§ 510 and 204, which provide, in relevant part:

17      Sec. 510(a).  Eight hours of labor constitutes a day's work.  Any work in excess of eight
18  hours in one workday and any work in excess of 40 hours in any one workweek and the
first eight hours worked on the seventh day of work in any one workweek shall be
19  compensated at the rate of no less than one and one-half times the regular rate of pay
for an employee.  Any work in excess of 12 hours in one day shall be compensated at
20  the rate of no less than twice the regular rate of pay for an employee.  In addition, any
work in excess of eight hours on any seventh day of a workweek shall be compensated
21  at the rate of no less than twice the regular rate of pay of an employee.

22  

23      Sec. 204.  All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
earned by any person in any employment are due and payable twice during each
24  calendar month, on days designated in advance by the employer as the regular paydays.

25      FEDEX fail to maintain accurate payroll records, and fail to provide persons in their

26  employment with those records for inspection upon request.  Defendants' policies and practices

27  towards its employees violate California Labor Code § 226, which provides, in relevant part:

28

Case 3:07-CV 02505-THE                                    Bibo, et al. v. Federal Express, Inc., et al.

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction.

Plaintiffs seek injunctive relief prohibiting Defendants from engaging in the illegal labor acts described herein.  Injunctive relief is required.  Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiffs and the Class bear the financial brunt of Defendant's unlawful conduct.

Plaintiffs also seek restitution of costs incurred by Plaintiff and members of the class under California's Unfair Competition Law.

3.    Legal Issues:   Among the questions of law and fact common to the Class are:

(a)    Whether Defendants have violated California law, including California's Unfair

Competition laws (Business & Professions Code §§ 17200, et seq.), and/or

California Labor Code § 226.7.

(b)     Whether Defendants have unlawfully denied employees regular and overtime

wages, and meal and rest periods, as a condition to maintaining their jobs, in

violation of the California Labor Code.

(c)     Whether Defendants have unlawfully failed to maintain employees' pay

records, and make those records available for employee inspection upon

request, in violation of the California Labor Code.

(d)     Whether Defendants' labor policies and practices, as described herein,

constitute intentional or reckless violations of California law, entitling Plaintiff

and the Class to punitive or exemplary damages.

4.      Motions:  Plaintiffs will file a Motion requesting certification of the class.

5.      Amendment of Pleadings:  None anticipated at this time.  Recommended

Deadline:  December 31, 2007.

6.      Evidence Preparation:

7.      Disclosures:  The parties have not yet exchanged initial disclosures because of

uncertainties pertaining to the proper venue in this case.  The Court issued its order denying

Defendant's Motion to Transfer Venue just one week ago.  In view of the Court's denial of

venue transfer, it is clear that this Court will have case management responsibilities over this

case, including managing scheduling issues concerning initial disclosures.

8.      Discovery:  No discovery has occurred, other than an informal disclosure related

to the issue of accord and satisfaction.  No limitations on discovery are proposed.  Discovery is

anticipated regarding certification, liability, and damages.  Proposed discovery plan is set forth

in paragraph 17.

9.      Class Actions: The wrongful acts or omissions were and are a uniform practice that affected all putative class members equally.  Respondents, by their practices and policies, have violated the rights of their employees under the California Labor Code, and the Unfair Competition Law.  The questions raised are therefore of common or general interest to the class members, and they have a well defined community of interest in the questions of law and fact raised in this action.  The only recognizable difference between class members will be the amounts owed to each individual member.

The wrongful acts or omissions were and are a uniform practice that affected all putative class members equally.  Respondents, by their practices and policies, have violated the rights of their employees under the California Labor Code, and the Unfair Competition Law.  The questions raised are therefore of common or general interest to the class members, and they have a well defined community of interest in the questions of law and fact raised in this action.  The only recognizable difference between class members will be the amounts owed to each individual member.

The Defendants' unlawful acts and unfair trade practices have affected all members of the Class in a similar manner, i.e., all members of the Class have been denied all wages and overtime.  In addition, Federal Express Corporation has failed to maintain accurate records of hours worked by employees, and failed to make pay records available to employees upon request.

10.      Related Cases:  *Karamian v. FedEx* No. CV06-4345 DSF and *Brown v. FedEx* No. CV07-5011 DSF, both pending in the Central District of California.

11.      Relief:  Plaintiffs seek injunctive relief prohibiting Defendants from engaging in the illegal labor acts described herein.  Injunctive relief is required.  Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiffs and the Class bear the financial brunt of Defendant's unlawful conduct.

Plaintiffs also seek restitution of costs incurred by Plaintiff and members of the class under California's Unfair Competition Law.

Case 3:07-CV 02505-THE                                    Bibo, et al. v. Federal Express, Inc., et al.

1      12.     Settlement and ADR:  No settlement discussions have occurred to date.

2   Prospects of settlement at this juncture are doubtful.  The parties have selected private

3   mediation.  A ruling on certification is necessary before settlement discussions can occur on a

4   class-wide basis.

5      13.     Plaintiffs will not consent to a Magistrate Judge.

6      14.     None.

7      15.     Narrowing of issues:

8      16.     Expedited Schedule:  Not applicable other than as addressed in Paragraph 15.

9      17.     Scheduling:   Amendment of pleadings:  December 2007; Discovery

10  deadline:  August 30, 2008; Expert Disclosure:  October 1 2008; Rebuttal Expert Disclosure:

11  October 30, 2008.  In view of the complexity of the issues in this case, the number of potential

12  class members, and the anticipated volume of discovery, Plaintiffs believe it is premature to

13  schedule any hearings on dispositive motions, or any hearing on class certification.

14     18.     Trial:  15 day jury trial.

15     19.     Disclosure of Non-party Interested Entities or Persons:  Defendant Federal

16  Express Corporation has filed a "Certification of Interested Entities or Persons" required by

17  Civil Local Rule 3-16 and is set forth herein, but excludes references to *Karamian v. FedEx*

18  which can no longer be pursued as a class action, although is arguably still related:

19     Pursuant to Local Rule 3-16, Plaintiffs, by and through undersigned counsel, certifies

20  that the following listed certifies that the following listed parties, associations of persons,

21  firms, partnership corporations (including parent corporations) or other entities (i) have a

22  financial interest in the subject matter in controversy or is a party to the proceeding, or (ii) have

23  a  non-financial interest in that subject matter or in a party that could be substantially affected

24  by the outcome of this proceeding:

25          a.   Plaintiff Paul Bibo – former employee of Federal Express Corporation;

26          b.   Plaintiff Georgia Shields;

27          c.   Plaintiff Alex Galvez;

28          d.   Plaintiff Marc Garvey – former employee of Federal Express Corporation;

1      e.    Plaintiff Byran Peter – former employee of Federal Express Corporation

2      f.    Federal Express Corporation;

3      g.    FedEx Corporation – Parent Corporation of Federal Express Corporation

4            which is publicly traded;

5      h.    Sandra C. Isom, in-house attorney for defendant Federal Express;

6      i.    Richard S. McConnell, in-house attorney for Defendant Federal Express;

7      j.    Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal

8            Express, and

9      k.    Daniel L. Feder, attorneys for Plaintiffs.

10    The following individuals are parties or attorneys representing plaintiffs in the matter of

11   *Brown v. Federal Express Corporation* CV07-5011 GPS (SSx), pending in the United States

12   District Court for the Central District of California, which seeks to certify and represent

13   couriers and ramp transport drivers formerly or currently employed by Federal Express

14   Corporation:

15     l.    Plaintiff Vincent Brown;

16     m.    Plaintiff Jose Robert Rojas;

17     n.    Plaintiff Deborah Snyder;

18     o.    Plaintiff Charles Walker;

19     p.    Plaintiff Mark B. Tovsen;

20     q.    Plaintiff Robert Arman;

21     r.    Plaintiff John O'Neil;

22     s.    Plaintiff Andre D. Lawson;

23     t.    Plaintiff Gregory A. Sorrells;

24     u.    James P. Stoneman II, attorney for plaintiffs in the *Brown* matter;

25     v.    Ernest F. Ching, Jr. attorney for plaintiffs in the *Brown* matter;

26     w.    Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter, and

27     x.    David S. Wilson, in-house attorney for Federal Express Corporation.

28

Case 3:07-CV 02505-THE                          Bibo, et al. v. Federal Express, Inc., et al.

1    Dated:  October 10, 2007                    LAW OFFICES OF DANIEL L. FEDER

2

3

4                                               By:_____
                                                       Daniel L. Feder
5                                               Attorneys for Plaintiff Class Members

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28