KEITH A JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone: 310-553-0308
Fax No.: 310-553-5583
E-mail: kjacoby@littler.com

SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: 901-434-8526
Fax No.: 901-434-9271
E-mail: scisom@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>        Defendants. | Case No. C 07-02505 TEH<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S RESPONSE IN SUPPORT OF RELATING CASES PURSUANT TO LOCAL RULE 3-12** |

Pursuant to the Northern District of California's Local Rule 3-12, Defendant Federal Express Corporation ("FedEx") hereby Responds to the Sua Sponte Judicial

Referral of *Forrand, et al. v. Federal Express, Case No. 3:07-cv-04674-MMC* by Judge Maxine M. Chesney to this Court as follows:

The referred case is *Daniel Forrand, Ara Karamian, Yvette Green and Eugene Colon, on behalf of themselves and all others similarly situated v. Federal Express Corporation, Case No. 3:07-cv-04674-MMC,* filed September 11, 2007.

The relationship of that action to the instant one, filed March 16, 2007, is that the actions concern substantially the same property, transactions or events although somewhat different purported classes of Plaintiffs. Civil L.R. 3-12(a)(1).

Both cases allege violation of California wage and hour laws by nonpayment of wages for off the clock work and for failure to provide rest and meal breaks as well as unfair business practices violations of the Business and Professions Code by FedEx. *Forrand* additionally asserts nonpayment of wages during split shift breaks during which employee activities are allegedly controlled by the employer. *Bibo* additionally asserts pay records violations and failure to pay wages upon discharge or quitting. *Bibo* plaintiffs seek to represent a class of current and former California FedEx hourly employees who worked as couriers while *Forrand* plaintiffs seek to represent a class of all current and former California FedEx hourly employees <u>except</u> couriers, courier-handlers and service agents.

It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civil L.R. 3-12(a)(2). Many of the same issues are addressed in both cases.

Efficiency and the need for consistency of rulings would best be served if resolution of discovery disputes and trial coordination were addressed by a single judge.

It should be noted, however, that the Central District is the most appropriate venue for the *Forrand* matter. FedEx has filed a Motion to Transfer Venue of the *Forrand* matter to the Central District where a purported class action is pending before Judge Dale S. Fischer that involves the same primary allegations, claims, and overlapping class members and was filed prior to *Forrand*. (*Brown, et. al. v. FedEx, Case No. 2:07-cv-07-05011 DSF*).[1]

In addition, the *Forrand* Amended Complaint involves overlapping class members and allegations and claims that are identical to those recently dismissed in a purported class action in the Central District of California filed by the same counsel and three of the same plaintiffs (*Karamian, Colon and Green*) in *Karamian, et al. v. Federal Express Corporation*, Case No. 2:06-cv-04345 DSF(PJWx). *Brown* and *Karamian* were both assigned to Judge Fischer as related cases.[2] In *Karamian*, Judge Fischer ordered that the matter would not proceed as a class action after the plaintiffs failed to meet the class certification motion filing deadline. The individual plaintiffs subsequently took a voluntary dismissal of their remaining individual claims. *Forrand,* Dkt. 19, 18; Langbein Dec., ¶¶6, 7, Exhs. E and F. The former *Karamian*

---

[1] Although *Forrand* specifically excludes couriers, who are the only potential class members in *Bibo*, *Forrand* and *Brown* both include ramp transport drivers as potential class members.

[2] FedEx previously moved to transfer venue of *Bibo* to the Central District based upon *Karamian's* status as the first-filed case prior to Judge Fischer's order and the dismissal of that case. (Dkt. 16)

3   Def. FEC's Response ISO Relating Cases
    Case No. C 07-02505 TEH

plaintiffs now seek to revive the dismissed class claims and class representative status in *Forrand*, in direct contravention of Judge Fischer's order. See *Forrand* Dkt. 19 and *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802, *17 (N.D. Cal. 2003) ("Dismissal, followed by the reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts.")

Regardless of whether *Forrand* is ultimately transferred to the Central District, as an initial matter, it should be related to *Bibo* and assigned to this Court because *Bibo* was filed earlier than *Forrand*. See L.R. 3-12(f)(3) and *In re Leapfrog Enterprises, Inc. Securities Litigation*, 2005 U.S. Dist. LEXIS 44899, *6 (N.D. Cal. 2005) (cases were related because it would be unfair to require defendant to defend similar lawsuits in two Divisions of the same court at the same time).

Dated: November 20, 2007

                         /s/ Sandra C. Isom
                         SANDRA C. ISOM, Bar No. 157374
                         FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Doc #708391