SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone:   901-434-8526
Fax No.:     901-434-9271
E-mail:  scisom@fedex.com

KEITH A JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone:   310-553-0308
Fax No.:     310-553-5583
E-mail:  kjacoby@littler.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

DANIEL L. FEDER, Bar No. 130867
807 Montgomery Street
San Francisco, CA 94133
Telephone: (415) 391-9476
Fax: (415) 391-9432
E-mail: danfeder@pacbell.net

Attorneys for Plaintiffs
Paul Bibo, Georgia Shields, Alex Galvez, Marc Garvey,
Bryan Peter, and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>Defendants. | Case No. C 07-02505 TEH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC: January 14, 2008<br>Time: 1:30 p.m.<br><br>Trial Date: None Set |

1  Plaintiffs and Defendant file this proposed Joint Case Management Conference
2  Statement.

3    1.    <u>Jurisdiction and Service</u>: Jurisdiction is based upon diversity and the Class Action Fairness Act. No parties remain to be served. FedEx previously moved to transfer venue, which was denied.

6    2.    <u>Facts</u>: Plaintiffs claim that they were denied meal and rest breaks, denied wages for working "off the clock." Plaintiffs further claim that FedEx failed to maintain accurate pay records and make them available upon request. Plaintiffs further purport to represent all non-exempt current and former "delivery drivers" (i.e. couriers) employed in the State of California. FedEx denies the allegations. <u>Principal factual issues</u>: Whether FedEx policy provides meal and rest periods as mandated by state law and prohibits working "off the clock;" whether most of plaintiffs' claims are completely barred by accord and satisfaction; whether FedEx policy provided for meal and rest breaks as required by state law, whether policy prohibited work during breaks and working without compensation, whether the individual courier decided to forego the provided breaks on any dates in question, whether the individual courier waived the breaks in question, whether the courier voluntarily choose to work without compensation (and in violation of company policy), and whether FedEx had knowledge of uncompensated work occurring.

22    3.    <u>Legal Issues</u>: Primary disputed legal issues include, but are not limited to: whether the Airline Deregulation Act preempts state wage and hour laws as to couriers, whether class certification is appropriate, whether couriers need only be provided the opportunity for a meal break, or whether there is strict liability for missed meal periods.

27    4.    <u>Motions</u>: Defendant's Motion to transfer venue was denied. FedEx anticipates filing one or more dispositive motions.

5. <u>Amendment of Pleadings</u>: None anticipated at this time. Recommended deadline: December 31, 2007.

6. <u>Evidence Preservation</u>: FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7. <u>Disclosures</u>: The parties have exchanged initial disclosures.

8. <u>Discovery</u>: No discovery has occurred, other than an informal disclosure related to the issue of accord and satisfaction. Plaintiffs will be serving written discovery on Defendant before the Case Management Conference. No limitations on discovery are proposed. Discovery is anticipated regarding certification, liability, and damages. Proposed discovery plan is set forth in paragraph 17.

9. <u>Class Actions</u>: Plaintiffs propose Class certification occur pursuant to a contested noticed motion to be heard in the summer of 2008. Plaintiffs expect to file the motion for class certification on or before July 15, 2008, following extensive discovery. FedEx denies this case is suitable for class treatment.

10. <u>Related Cases</u>: <u>Forrand v. FedEx</u>, No. 07-4674 TEH, pending before this Court and deemed related to this action, and <u>Brown v. FedEx</u>, No. CV07-5011 DSF, pending in the Central District of California.

11. <u>Relief</u>: Plaintiffs seek damages for unpaid overtime, plus, interest and penalties, and for wages owed for meal and rest periods denied to FedEx employees within the four year period proceeding the filing of the complaint, plus interest. Plaintiffs further seek attorney's fees pursuant to the California Labor Code. Plaintiffs seek damages on a class-wide basis. FedEx denies Plaintiffs are entitled to any relief. However, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue.

1    FedEx intends to seek fees and/or costs if it prevails.

2    12. Settlement and ADR: No settlement discussions have occurred to date. Prospects for settlement unlikely. The parties have selected private mediation. A ruling on certification is necessary before settlement discussions can occur on a class-wide basis.

6    13. Consent to Magistrate: The parties will not consent to a Magistrate Judge.

7    14. Other References: None.

8    15. Narrowing of issues: FedEx submits that either through agreement or by motion, most named plaintiffs should be dismissed due to accord and satisfaction because the plaintiffs received settlement checks pursuant to Foster v. FedEx, Case No. BV 282300, in the Los Angeles County Superior Court and did not work after the effective date of the claims period. Other plaintiffs who received settlement checks and remained employed worked only a short period of time thereafter. In addition, a stay may be in order pending a ruling on certification in Brown v. FedEx. Plaintiffs deny that the settlement in the previously settled class action includes claims for unpaid overtime, off the clock-overtime, and upaid conpensation for hours worked for the benefit of Federal Express. The Foster case involved allegations which were distinct from those alleged here. Further, as to the meal and rest period claims, Plaintiffs allege that some of the Plaintiffs were not paid for, or did not receive, their meal and rest periods following the effective date of the settlement in Foster.

23   16. Expedited Schedule: Not applicable.

24   17. Scheduling: Amendment of pleadings: December 31, 2007; Discovery deadline: August 30, 2008; Expert Disclosure: October 1, 2008; Rebuttal Expert Disclsoure: October 31, 2008; Certification expert discovery and merits expert disclosures and discovery deadlines shall be governed by Rule 26(a)(2)(C). Dispositive motion hearing deadline: December 19, 2008,

Pretrial conference and trial: January 2009.

18. <u>Trial</u>: Five day jury trial for individually named plaintiffs. Fifteen to thirty day trial for class claims.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and is set forth herein:

In this instant matter, Plaintiffs seek to certify a class of **couriers** formerly or currently employed by Federal Express Corporation:

    a. Plaintiff Paul Bibo - former employee of Federal Express Corporation;

    b. Plaintiff Georgia Shields;

    c. Plaintiff Alex Galvez;

    d. Plaintiff Marc Garvey - former employee of Federal Express Corporation;

    e. Plaintiff Bryan Peter - former employee of Federal Express Corporation;

    f. Federal Express Corporation;

    g. FedEx Corporation – Parent Corporation of Federal Express Corporation which is publicly traded;

    h. Sandra C. Isom, in-house attorney for Defendant Federal Express;

    i. Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express;

    j. Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez, Garvey, and Peter.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Brown v. Federal Express Corporation*, CV07-5011 GPS (SSx),

pending in the United States District Court for the Central District of California, which seeks to certify and represent **couriers** and **ramp transport drivers** formerly or currently employed by Federal Express Corporation:

    k.    Plaintiff Vincent Brown;

    l.    Plaintiff Jose Robert Rojas;

    m.    Plaintiff Deborah Snyder;

    n.    Plaintiff Charles Walker;

    o.    Plaintiff Mark B. Tovsen;

    p.    Plaintiff Robert Firman;

    q.    Plaintiff John O'Neil;

    r.    Plaintiff Andre D. Lawson;

    s.    Plaintiff Gregory A. Sorrells;

    t.    James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

    u.    Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

    v.    Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

    w.    David S. Wilson, in-house attorney for FedEx;

    x.    Richard S. McConnell, in-house attorney for Defendant Federal Express.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Forrand, et. al. v. Federal Express Corporation*, CV 07-4674 MMC, pending in the United States District Court for the Northern District of California, which seeks to certify and represent all currently and former hourly nonexempt employees of Federal Express Corporation, **excluding couriers, courier/handlers, and customer service agents,** and has recently been referred to this Court for a determination of whether it should be related to this action:

    y.    Plaintiff Daniel Forrand;

z. Plaintiff Ara Karmian;

aa. Plaintiff Eugene Colon;

bb. Plaintiff Yvette Green;

cc. Andre E. Jardini, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

dd. Gwen Freeman, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

ee. Glen Robert Bregman, attorney for Plaintiffs;

ff. Michael S. Duberchin, attorney for Plaintiffs.

Dated: January 3, 2008

\_\_\_\_\_/s/ Sandra C. Isom_____
Sandra C. Isom
FEDERAL EXPRESS CORPORATION

and

Keith A. Jacoby
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

AND

Dated: January 3, 2008

\_\_\_\_\_/s/Daniel L. Feder_____
Daniel L. Feder
LAW OFFICES OF DANIEL L. FEDER

Doc. No. 713258