1  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
2  3620 Hacks Cross Road
   Building B, Third Floor
3  Memphis, TN 38125
   Telephone:    901-434-8526
4  Fax No.:      901-434-9271
   E-mail: scisom@fedex.com
5
   KEITH A JACOBY, Bar No. 150233
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067-3107
8  Telephone:    310-553-0308
   Fax No.:      310-553-5583
9  E-mail: kjacoby@littler.com

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
11
   DANIEL L. FEDER, Bar No. 130867
12 807 Montgomery Street
   San Francisco, CA 94133
13 Telephone: (415) 391-9476
   Fax: (415) 391-9432
14 E-mail: danfeder@pacbell.net

15 Attorneys for Plaintiffs
   Paul Bibo, Georgia Shields, Alex Galvez, Marc Garvey,
16 Bryan Peter, and all others similarly situated

17                    UNITED STATES DISTRICT COURT

18                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive, <br><br> Defendants. | Case No. C 07-02505 TEH <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT (2)** <br><br> CMC: April 28, 2008 <br> Time: 1:30 p.m. <br><br> Trial Date: None Set |

1    JOINT CMC STMT. (2)-C07-02505 TEH

Plaintiffs and Defendant file this proposed Joint Case Management Conference Statement.

1. <u>Jurisdiction and Service</u>: Jurisdiction is based upon diversity and the Class Action Fairness Act. No parties remain to be served. FedEx previously moved to transfer venue, which was denied.

2. <u>Facts</u>: Plaintiffs claim that they were denied meal and rest breaks, denied wages for working "off the clock." Plaintiffs further claim that FedEx failed to maintain accurate pay records and make them available upon request. Plaintiffs further purport to represent all non-exempt current and former "delivery drivers" (i.e. couriers) employed in the State of California. FedEx denies the allegations. <u>Principal factual issues</u>: Whether FedEx policy provides meal and rest periods as mandated by state law and prohibits working "off the clock;" whether most of plaintiffs' claims are completely barred by accord and satisfaction; whether FedEx policy provided for meal and rest breaks as required by state law, whether policy prohibited work during breaks and working without compensation, whether the individual courier decided to forego the provided breaks on any dates in question, whether the individual courier waived the breaks in question, whether the courier voluntarily choose to work without compensation (and in violation of company policy), and whether FedEx had knowledge of uncompensated work occurring.

3. <u>Legal Issues</u>: Primary disputed legal issues include, but are not limited to: whether the Airline Deregulation Act preempts state wage and hour laws as to couriers, whether class certification is appropriate, whether couriers need only be provided the opportunity for a meal break, or whether there is strict liability for missed meal periods.

4. <u>Motions</u>: Defendant's Motion to transfer venue was denied. FedEx anticipates filing one or more dispositive motions.

5. <u>Amendment of Pleadings</u>: None anticipated at this time. Recommended deadline was December 31, 2007. No new deadline is recommended.

6. <u>Evidence Preservation</u>: FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7. <u>Disclosures</u>: The parties have exchanged initial disclosures.

8. <u>Discovery</u>: Plaintiffs have received responses to written discovery. FedEx has re-noticed the Plaintiffs' depositions for April 29-May 1, 2008. Discovery is anticipated regarding certification, liability, and damages. Proposed discovery plan is set forth in paragraph 17.

9. <u>Class Actions</u>: FedEx denies this case is suitable for class treatment.

10. <u>Related Cases</u>: <u>Forrand v. FedEx</u>, No. 07-4674 TEH, previously pending before this Court and deemed related to this action, has been transferred to the Central District of California (Case No. 08-01360 DSF), and <u>Brown v. FedEx</u>, No. CV07-5011 DSF, also pending in the Central District of California. Certification was denied in <u>Brown</u> (which alleges failure to provide meal and rest breaks) and Plaintiffs request for permission to appeal the denial pursuant to Fed.R.Civ.P. 23(f) was denied.

11. <u>Relief</u>: FedEx denies Plaintiffs are entitled to any relief. However, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue. FedEx intends to seek fees and/or costs if it prevails.

12. <u>Settlement and ADR</u>: No settlement discussions have occurred to date. Prospects for settlement unlikely. The parties have selected private mediation. A ruling on certification is necessary before settlement discussions can occur on a class-wide basis.

13. <u>Consent to Magistrate</u>: The parties will not consent to a Magistrate Judge.

14. <u>Other References</u>: None.

15. <u>Narrowing of issues</u>: <u>Defendant's position</u>: FedEx submits that either through agreement or by motion, most named plaintiffs should be dismissed due to accord and satisfaction because the plaintiffs received settlement checks pursuant to <u>Foster v. FedEx,</u> Case No. BV 282300, in the Los Angeles County Superior Court and did not work after the effective date of the claims period. Other plaintiffs who received settlement checks and remained employed worked only a short period of time thereafter. In addition, there appear to be opporutnities to narrow, or dispose of the certification issues. The <u>Brown</u> matter involves the issue of whether meal periods need only be provided, or whether the employer must mandate and ensure the taking of meal periods. Given the Ninth's Circuit's declination to hear the Plaintiffs' appeal, the application of collateral estoppel should dispose of that issue in this matter for purposes of certification. In addition, this Court's ruling in <u>Cornn v. UPS</u>, 2005 U.S. Dist. Lexis 30419 (N.D. Ca. Aug. 26, 2005), regarding pre- and post-shift time, provides guidance, and may likely serve to dispose of Plaintiffs' claims regarding alleged unpaid work before and after shifts. The allegations in <u>Cornn</u> in relation to pre and post shift time are very similar to those alleged in this matter. Indeed, in the matter of <u>Clausnitzer v. FedEx</u>, 2008 U.S. Dist. Lexis 25005, *48-49 (S.D. Fl. Feb. 28, 2008), the court denied certification for alleged unpaid pre and post shift time under a breach of contract theory, relying in part upon this Court's ruling in <u>Cornn</u>. Defendant contemplates the dispositive motions would include motions for summary judgment as to most, if not all, individual Plaintiffs and if needed, a motion to strike or dismiss the class claims.

<u>Plaintiffs' position</u>: Plaintiffs deny that the settlement in the previously settled class action includes claims for unpaid overtime, off the clock-overtime, and upaid conpensation for hours worked for the benefit of

Federal Express. The Foster case involved allegations which were distinct from those alleged here. Further, as to the meal and rest period claims, Plaintiffs allege that some of the Plaintiffs were not paid for, or did not receive, their meal and rest periods following the effective date of the settlement in Foster. Plaintiffs disagree with Defendants argument that their claims are subject to collateral estoppel in view of the Brown decision. None of the Plaintiffs were parties to the Brown case and therefore they are not collaterally estopped from raising similar arguments. Further, it is notable that the Plaintiffs in that case failed to conduct the discovery necessary to prove the elements required for certification. If anything, Brown provides guidance for the Plaintiffs here on what additional discovery is necessary in this case in order to acheive certification. Plaintiffs further disagree with Defendants' sweeping contention that class treatment of overtime claims is always inappropriate, regardless of the facts.

16. <u>Expedited Schedule</u>: Not applicable.

17. <u>Scheduling</u>: Discovery deadline: August 30, 2008; Expert Disclosure: October 1, 2008; Rebuttal Expert Disclosure: October 31, 2008; Certification motion filing deadline: November 14, 2008; Dispositive motion filing deadline, Pretrial conference and trial: To be determined after a ruling on certification.

18. <u>Trial</u>: Five day jury trial for individually named plaintiffs. Fifteen to thirty day trial for class claims.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and is set forth herein:

In this instant matter, Plaintiffs seek to certify a class of **couriers** formerly or currently employed by Federal Express Corporation:

1       a.     Plaintiff Paul Bibo - former employee of Federal Express Corporation;

      b.     Plaintiff Georgia Shields;

      c.     Plaintiff Alex Galvez;

      d.     Plaintiff Marc Garvey - former employee of Federal Express Corporation;

      e.     Plaintiff Bryan Peter - former employee of Federal Express Corporation;

      f.     Federal Express Corporation;

      g.     FedEx Corporation – Parent Corporation of Federal Express Corporation which is publicly traded;

      h.     Sandra C. Isom, in-house attorney for Defendant Federal Express;

      i.     Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express;

      j.     Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez, Garvey, and Peter.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Brown v. Federal Express Corporation*, CV07-5011 GPS (SSx), pending in the United States District Court for the Central District of California, which seeks to certify and represent **couriers** and **ramp transport drivers** formerly or currently employed by Federal Express Corporation:

      k.     Plaintiff Vincent Brown;

      l.     Plaintiff Jose Robert Rojas;

      m.     Plaintiff Deborah Snyder;

      n.     Plaintiff Charles Walker;

      o.     Plaintiff Mark B. Tovsen;

      p.     Plaintiff Robert Firman;

1     q.    Plaintiff John O'Neil;

2     r.    Plaintiff Andre D. Lawson;

3     s.    Plaintiff Gregory A. Sorrells;

4     t.    James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

6     u.    Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

7     v.    Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

9     w.    David S. Wilson, in-house attorney for FedEx;

10     x.    Richard S. McConnell, in-house attorney for Defendant Federal Express.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Forrand, et. al. v. Federal Express Corporation*, CV 07-4674 MMC, pending in the United States District Court for the Northern District of California, which seeks to certify and represent all currently and former hourly nonexempt employees of Federal Express Corporation, **excluding couriers, courier/handlers, and customer service agents,** and has recently been referred to this Court for a determination of whether it should be related to this action:

19     y.    Plaintiff Daniel Forrand;

20     z.    Plaintiff Ara Karmian;

21     aa.    Plaintiff Eugene Colon;

22     bb.    Plaintiff Yvette Green;

23     cc.    Andre E. Jardini, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

25     dd.    Gwen Freeman, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

27     ee.    Glen Robert Bregman, attorney for Plaintiffs;

28     ff.    Michael S. Duberchin, attorney for Plaintiffs.

| | |
|---|---|
| Dated: April 21, 2008 | \_\_\_\_\_/s/ Sandra C. Isom_____<br>Sandra C. Isom<br>FEDERAL EXPRESS CORPORATION<br><br>and<br><br>Keith A. Jacoby<br>LITTLER MENDELSON<br>A Professional Corporation<br><br>Attorneys for Defendant<br>FEDERAL EXPRESS CORPORATION<br><br>AND |
| Dated: April 21, 2008 | \_\_\_\_\_/s/Daniel L. Feder_____<br>Daniel L. Feder<br>LAW OFFICES OF DANIEL L. FEDER |

Doc. No. 727280v3