SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone:    901-434-8526
Fax No.:    901-434-9271
E-mail: scisom@fedex.com

KEITH A JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone:    310-553-0308
Fax No.:    310-553-5583
E-mail: kjacoby@littler.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>Defendants. | Case No. C 07-02505 TEH<br><br>**DEFENDANT'S PROPOSED JOINT CASE MANAGEMENT CONFERENCE STATEMENT (SEPARATE STATEMENT WITH REVISIONS TO PRIOR JOINT CMC STATEMENT)**<br><br>CMC: August 28, 2008<br>Time: 1:30 p.m.<br><br>Trial Date: None Set |

Defendant, Federal Express Corporation (FedEx) files this proposed separate Case Management Conference Statement, having been unable to confer with Plaintiffs' counsel despite attempts to do so. (*See* Declaration of Sandra C. Isom, submitted herewith). This statement contains Plaintiffs' position as it appeared in the prior Joint Case Management Conference Statement filed by the parties. This

document represents FedEx's updates since the last CMC statement and is not intended as an adoption of, or agreement with, Plaintiffs' submissions contained herein.

1. <u>Jurisdiction and Service</u>: Jurisdiction is based upon diversity and the Class Action Fairness Act. No parties remain to be served. FedEx previously moved to transfer venue, which was denied.

2. <u>Facts</u>: Plaintiffs claim that they were denied meal and rest breaks and denied wages for working "off the clock." Plaintiffs further claim that FedEx failed to maintain accurate pay records and make them available upon request. Plaintiffs further purport to represent all non-exempt current and former "delivery drivers" (i.e. couriers) employed in the State of California. FedEx denies the allegations. <u>Principal factual issues</u>: Whether FedEx policy provides meal and rest periods as mandated by state law and prohibits working "off the clock;" whether most of plaintiffs' claims are completely barred by accord and satisfaction; whether FedEx policy provided for meal and rest breaks as required by state law, whether policy prohibited work during breaks and working without compensation, whether the individual courier decided to forego the provided breaks on any dates in question, whether the individual courier waived the breaks in question, whether the courier voluntarily choose to work without compensation (and in violation of company policy), and whether FedEx had knowledge of uncompensated work occurring.

3. <u>Legal Issues</u>: Primary disputed legal issues include, but are not limited to: whether the Airline Deregulation Act preempts state wage and hour laws as to couriers, whether class certification is appropriate, whether couriers need only be provided the opportunity for a meal break, or whether there is strict liability for missed meal periods. Recent decisions in the California district

courts and state courts suggest that certification is inappropriate in this matter. See e.g. Brown v. FedEx, 249 F.R.D. 580, (C.D. Cal. Feb. 26, 2008); White v. Starbucks, 497 F.Supp.2d 1080 (N.D. Cal. 2007), Brinker v. Superior Court, 2008 Cal. App. LEXIS 1138 (Cal. Ct. App., July 22, 2008); Kenny v. Supercuts, Inc., 2008 U.S. Dist. LEXIS 43073 (N.D. Cal. June 2, 2008); Perez v. Safety-Kleen, Inc., No. C05-5338 PJH, (N. D. Cal. July 28, 2008) (Dkt. 165); and In Re: Wal-Mart Wage and Hour Employment Practices Litigation, 2008 U.S. Dist. LEXIS 50928; 156 Lab. Cas. (CCH) P35, 445 (D. Nev. June 20, 2008). Presumably, the Brinker decision will be appealed which may impact any certification ruling in this matter.

4. Motions: Defendant's Motion to transfer venue was denied. FedEx anticipates filing one or more dispositive motions, but likely after a ruling on certification. A dispositive motion regarding Plaintiffs whose claims are barred by accord and satisfaction may be filed before certification is ruled upon.

5. Amendment of Pleadings: The recommended deadlines has passed. No amendments are anticipated.

6. Evidence Preservation: FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7. Disclosures: The parties have exchanged initial disclosures.

8. Discovery: Discovery that has occurred includes informal disclosure related to the issue of accord and satisfaction, written discovery, and Plaintiffs' depositions have been concluded with the exception of Bryan Peters. No limitations on discovery are proposed, other than as described in the Federal Rules of Civil Procedure. Discovery is anticipated regarding certification, liability, and damages. Proposed discovery plan is set forth in paragraph 17.

9. Class Actions: FedEx denies this case is suitable for class treatment.

10. Related Cases: Forrand v. FedEx, No. 08-1360 DSF (PJWx), pending in the

Central District of California, and <u>Brown v. FedEx</u>, No. CV07-5011 DSF, previously pending in the Central District of California. Certification was denied in the <u>Brown</u> matter, and it has been remanded to state court.

11. <u>Relief</u>: FedEx denies Plaintiffs are entitled to any relief. However, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue. FedEx intends to seek fees and/or costs if it prevails.

12. <u>Settlement and ADR</u>: No settlement discussions have occurred to date. Prospects for settlement unlikely. The parties have selected private mediation. A ruling on certification is necessary before settlement discussions can occur on a class-wide basis.

13. <u>Consent to Magistrate</u>: The parties will not consent to a Magistrate Judge.

14. <u>Other References</u>: None.

15. <u>Narrowing of issues</u>: The parties have stipulated to dismiss Plaintiffs Paul Bibo and Georgia Shields. FedEx submits that either through agreement or by motion, Bryan Peters should also be dismissed due to accord and satisfaction because Peters received a settlement check pursuant to <u>Foster v. FedEx,</u> Case No. BV 282300, in the Los Angeles County Superior Court and did not work after the effective date of the claims period. Plaintiffs deny that the settlement in the previously settled class action includes claims for unpaid overtime, off the clock-overtime, and upaid conpensation for hours worked for the benefit of Federal Express. The <u>Foster</u> case involved allegations which were distinct from those alleged here. Further, as to the meal and rest period claims, Plaintiffs allege that some of the Plaintiffs were not paid for, or did not receive, their meal and rest periods following the effective date of the settlement in <u>Foster</u>. FedEx submits that Alex Galvez and Marc Garvey also received settlement checks and worked only a short

period of time thereafter in 2006. FedEx submits that Galvez may be the only adequate potential class representative, but FedEx does not concede any of the Plaintiffs are adequate potential representatives or that a class should ever be certified. Garvey's deposition testimony demonstrated that he could not be an adequate representative because he is not sufficiently familiar with the case.

16. <u>Expedited Schedule</u>: Not applicable.

17. <u>Scheduling</u>: At the prior Case Management Conference, the Court ordered the following deadlines: Motion for certification: November 14, 2008; Opposition: January 12, 2009; Reply: February 9, 2009; Hearing on certification: March 2, 2009 at 10 a.m. The Court also suggested that the parties focus on certification issues and did not set a trial date. It is unclear whether the Court intended to adopt the parties other deadlines suggested at the time (Discovery deadline: August 30, 2008; Expert Disclosure: October 1, 2008; Rebuttal Expert Disclosure: October 31, 2008; Dispositive motion hearing deadline: December 19, 2008). Presumably, a ruling on certification is preferable prior to dispositive motion briefing in light of the fact that a denial of certification may result in a finding that the Court lacks subject matter jurisdiction. As such, the parties suggest that no further deadlines be set until after a ruling on certification.

18. <u>Trial</u>: Five day jury trial for individually named plaintiffs. Fifteen to thirty day trial for class claims.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and is set forth herein:

In this instant matter, Plaintiffs seek to certify a class of **couriers** formerly or currently employed by Federal Express Corporation:

    a.    Plaintiff Paul Bibo - former employee of Federal Express Corporation;

    b.    Plaintiff Georgia Shields;

    c.    Plaintiff Alex Galvez;

    d.    Plaintiff Marc Garvey - former employee of Federal Express Corporation;

    e.    Plaintiff Bryan Peter - former employee of Federal Express Corporation;

    f.    Federal Express Corporation;

    g.    FedEx Corporation – Parent Corporation of Federal Express Corporation which is publicly traded;

    h.    Sandra C. Isom, in-house attorney for Defendant Federal Express;

    i.    Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express;

    j.    Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez, Garvey, and Peter.

The following individuals are parties or attorneys representing the parties in the matter of <u>Brown v. Federal Express Corporation</u>, CV07-5011 GPS (SSx), previously pending in the United States District Court for the Central District of California and remanded to state court after denial of certification:

    k.    Plaintiff Vincent Brown;

    l.    Plaintiff Jose Robert Rojas;

    m.    Plaintiff Deborah Snyder;

    n.    Plaintiff Charles Walker;

    o.    Plaintiff Mark B. Tovsen;

    p.    Plaintiff Robert Firman;

    q.    Plaintiff John O'Neil;

r.   Plaintiff Andre D. Lawson;

s.   Plaintiff Gregory A. Sorrells;

t.   James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

u.   Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

v.   Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

w.   David S. Wilson, in-house attorney for Defendant Federal Express;

x.   Richard S. McConnell, in-house attorney for Defendant Federal Express.

The following individuals are parties or attorneys representing the parties in the matter of <u>Forrand, et. al. v. Federal Express Corporation</u>, CV 08-1360 DSF (PJWx), pending in the United States District Court for the Central District of California, which seeks to certify and represent all currently and former hourly nonexempt employees of Federal Express Corporation, **excluding couriers, courier/handlers, and customer service agents:**

y.   Plaintiff Daniel Forrand;

z.   Plaintiff Ara Karmian;

aa.  Plaintiff Eugene Colon;

bb.  Plaintiff Yvette Green;

cc.  Andre E. Jardini, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

dd.  Gwen Freeman, Knapp, Peterson & Clarke, attorneys for Plaintiffs;

ee.  Glen Robert Bregman, attorney for Plaintiffs;

ff.  Michael S. Duberchin, attorney for Plaintiffs.

      gg.    Richard S. McConnell; in-house attorney for Defendant Federal Express;

      hh.    Sandra C. Isom; in-house attorney for Defendant Federal Express;

      ii.    Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express.

Dated: August 18, 2008

/s/ Sandra C. Isom
Sandra C. Isom
FEDERAL EXPRESS CORPORATION

and

Keith A. Jacoby
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Doc. No. 743380v.3

1  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
2  3620 Hacks Cross Road
   Building B, Third Floor
3  Memphis, Tennessee 38125
   Telephone:  901-434-8526
4  Fax No.:    901-434-9271
   E-mail: scisom@fedex.com
5
   KEITH A JACOBY, Bar No. 150233
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067-3107
8  Telephone:  310-553-0308
   Fax No.:    310-553-5583
9  E-mail: kjacoby@littler.com

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
11
                    UNITED STATES DISTRICT COURT
12
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14 | PAUL BIBO, an individual, and         | Case No. C 07-02505 TEH
   | GEORGIA SHIELDS, an individual,
15 | and ALEX GALVEZ, an individual,
   | MARC GARVEY, an individual;          | **DECLARATION OF SANDRA C. ISOM
16 | BRYAN PETER, an individual,           | ON DEFENDANT FEDERAL
   | individually and on behalf of all     | EXPRESS CORPORATION'S CASE
17 | other similarly situated,             | MANAGEMENT CONFERENCE
                                            STATEMENT (L.R. 16-9(a))**
18        Plaintiffs,
                                            CMC: August 25, 2008
19        v.                                Time: 1:30 p.m.

20 FEDERAL EXPRESS INC., a                  Trial Date: None Set
   Delaware Corporation, and DOES
21 1-500, inclusive,

22        Defendants.

23

24

25

26

27

28

                                    1      Isom Dec. on FEC's CMC STMT.
                                            C07-02505 TEH

I, Sandra C. Isom, declare and state as follows:

1. I am an attorney admitted to practice before this Court. I am a Senior Counsel for Federal Express Corporation and a counsel of record for Defendant Federal Express Corporation. I make this Declaration in pursuant to Local Rule 16-9(a). I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would testify competently to each fact.

2. On August 12, 2008, I contacted plaintiffs' counsel, Dan Feder, via email and fax regarding the parties' need to file another joint case management conference and included a draft of the proposed statement. Attached hereto as Exhibits A and B are true and correct copies of those communications (without the draft attached).

3. As of this filing, Mr. Feder has not responded.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 18th day of August, 2008 at Memphis, Tennessee.

/s/ Sandra C. Isom
SANDRA C. ISOM

Doc. No. 743975

# EXHIBIT A

## Isom, Sandra C.

| | |
|---|---|
| **From:** | Isom, Sandra C. |
| **Sent:** | Tuesday, August 12, 2008 12:17 PM |
| **To:** | 'Dan Feder' |
| **Cc:** | Melton, Mary Suzanne |
| **Subject:** | LEGALDOCS-#743380-v1-Bibo_-_Joint_CMC_for_8_25_conference |
| **Importance:** | High |
| **Attachments:** | LEGALDOCS-#743380-v1-Bibo_-_Joint_CMC_for_8_25_conference.DOC |

Dan:

It's that time again. We have to file a joint cmc by Monday, August 18, in anticipation of the upcoming CMC. I took our last joint cmc and made changes as reflected in the attached document either through tracked changes or highlighting.

Please make any changes you desire (track or highlight them) and return this to me and I will get it filed.

I leave town tomorrow, return for the weekend and leave again Sunday, but I will have email access.

My secretary, Suzanne, will assist us in getting this filed on Monday.

Thanks.

Sandy

8/16/2008

# EXHIBIT B

```
                                                                           P. 1
   *  *  *  COMMUNICATION RESULT REPORT ( APR. 21. 2008 11:01AM )  *  *  *
                                                         FAX HEADER: FEDEX LEGAL

TRANSMITTED/STORED : APR. 21. 2008 11:00AM
FILE MODE            OPTION              ADDRESS              RESULT      PAGE
----------------------------------------------------------------------------
266  MEMORY TX                           14153919432          OK          9/9

----------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL              E-2) BUSY
  E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

**FEDERAL EXPRESS CORPORATION**
**LEGAL DEPARTMENT**
**3620 Hacks Cross Rd.**
**Building B, 3rd Floor**
**Memphis, Tennessee 38125**

Please refer to our file #

# PLEASE DELIVER IMMEDIATELY THE FOLLOWING PAGES TO:

NAME:       Dan Feder
FAX NO.:    415-391-9476 32
DATE:       April 21, 2008

FROM:       Sandra Isom, Senior Counsel
            Legal Department/Litigation
            Telephone:    (901) 434-8526
            Facsimile:    (901) 434-9271

Including this cover sheet, 9 pages are being transmitted. Please contact Suzanne Melton at (901) 434-8541 if there are any problems with this transmission.

ATTACHED IS THE PROPOSED JOINT CMC DUE TODAY IN BIBO. I HAVE WRITTEN, EMAILED, AND CALLED YOU ABOUT DEPOSITIONS AND THIS CMC WITH NO RESPONSE. IF I DO NOT HEAR FROM YOU I WILL FILE A SEPARATE CMC. WE HAVE DEPOS SET NEXT WEEK WHICH I INTEND TO TAKE. HAVING HEARD NOTHING FROM YOU, I PRESUME YOU AND YOUR CLIENTS ARE AVAILABLE.

The information contained in this facsimile message is attorney-client communications or attorney work product and is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address provided above.

352217