SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone:   901-434-8526
Fax No.:     901-434-9271
E-mail:  scisom@fedex.com

KEITH A JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone:   310-553-0308
Fax No.:     310-553-5583
E-mail:  kjacoby@littler.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

DANIEL L. FEDER, Bar No. 130867
807 Montgomery Street
San Francisco, CA 94133
Telephone: (415) 391-9476
Fax: (415) 391-9432
E-mail: danfeder@pacbell.net

Attorneys for Plaintiffs
Paul Bibo, Georgia Shields, Alex Galvez, Marc Garvey,
Bryan Peter, and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, an individual, and GEORGIA SHIELDS, an individual, and ALEX GALVEZ, an individual, MARC GARVEY, an individual; BRYAN PETER, an individual, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS INC., a Delaware Corporation, and DOES 1-500, inclusive,<br><br>Defendants. | Case No. C 07-02505 TEH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC: August 28, 2008<br>Time: 1:30 p.m.<br><br>Trial Date: None Set |

Plaintiffs and Defendant file this proposed Joint Case Management Conference Statement.

1. <u>Jurisdiction and Service</u>: Jurisdiction is based upon diversity and the Class Action Fairness Act. No parties remain to be served. FedEx previously moved to transfer venue, which was denied.

2. <u>Facts</u>: Plaintiffs claim that they were denied meal and rest breaks and denied wages for working "off the clock." Plaintiffs further claim that FedEx failed to maintain accurate pay records and make them available upon request. Plaintiffs further purport to represent all non-exempt current and former "delivery drivers" (i.e. couriers) employed in the State of California. FedEx denies the allegations. <u>Principal factual issues</u>: Whether FedEx policy provides meal and rest periods as mandated by state law and prohibits working "off the clock;" whether most of plaintiffs' claims are completely barred by accord and satisfaction; whether FedEx policy provided for meal and rest breaks as required by state law, whether policy prohibited work during breaks and working without compensation, whether the individual courier decided to forego the provided breaks on any dates in question, whether the individual courier waived the breaks in question, whether the courier voluntarily choose to work without compensation (and in violation of company policy), and whether FedEx had knowledge of uncompensated work occurring.

3. <u>Legal Issues</u>: Primary disputed legal issues include, but are not limited to: whether the Airline Deregulation Act preempts state wage and hour laws as to couriers, whether class certification is appropriate, whether couriers need only be provided the opportunity for a meal break, or whether there is strict liability for missed meal periods. Recent decisions in the California district courts and state courts suggest that certification is inappropriate in this

matter. *See e.g.* <u>Brown v. FedEx</u>, 249 F.R.D. 580, (C.D. Cal. Feb. 26, 2008); <u>White v. Starbucks</u>, 497 F.Supp.2d 1080 (N.D. Cal. 2007), <u>Brinker v. Superior Court</u>, 2008 Cal. App. LEXIS 1138 (Cal. Ct. App., July 22, 2008); <u>Kenny v. Supercuts, Inc.</u>, 2008 U.S. Dist. LEXIS 43073 (N.D. Cal. June 2, 2008); <u>Perez v. Safety-Kleen, Inc.</u>, No. C05-5338 PJH, (N. D. Cal. July 28, 2008) (Dkt. 165); and <u>In Re: Wal-Mart Wage and Hour Employment Practices Litigation</u>, 2008 U.S. Dist. LEXIS 50928; 156 Lab. Cas. (CCH) P35, 445 (D. Nev. June 20, 2008). Presumably, the <u>Brinker</u> decision will be appealed which may impact any certification ruling in this matter.

4. <u>Motions</u>: Defendant's Motion to transfer venue was denied. FedEx anticipates filing one or more dispositive motions, but likely after a ruling on certification. A dispositive motion regarding Plaintiffs whose claims are barred by accord and satisfaction may be filed before certification is ruled upon.

5. <u>Amendment of Pleadings</u>: The recommended deadlines has passed. No amendments are anticipated.

6. <u>Evidence Preservation</u>: FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7. <u>Disclosures</u>: The parties have exchanged initial disclosures.

8. <u>Discovery</u>: Discovery that has occurred includes informal disclosure related to the issue of accord and satisfaction, written discovery, and Plaintiffs' depositions have been concluded with the exception of Bryan Peters. No limitations on discovery are proposed, other than as described in the Federal Rules of Civil Procedure. Discovery is anticipated regarding certification, liability, and damages. Proposed discovery plan is set forth in paragraph 17.

9. <u>Class Actions</u>: FedEx denies this case is suitable for class treatment.

10. <u>Related Cases</u>: <u>Forrand v. FedEx</u>, No. 08-1360 DSF (PJWx), pending in the Central District of California, and <u>Brown v. FedEx</u>, No. CV07-5011 DSF,

|   |   |   |
|---|---|---|
| 1 |  | previously pending in the Central District of California. Certification was denied in the <u>Brown</u> matter, and it has been remanded to state court. |
| 3 | 11. | <u>Relief</u>: FedEx denies Plaintiffs are entitled to any relief. However, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue. FedEx intends to seek fees and/or costs if it prevails. |
| 8 | 12. | <u>Settlement and ADR</u>: No settlement discussions have occurred to date. Prospects for settlement unlikely. The parties have selected private mediation. A ruling on certification is necessary before settlement discussions can occur on a class-wide basis. |
| 12 | 13. | <u>Consent to Magistrate</u>: The parties will not consent to a Magistrate Judge. |
| 13 | 14. | <u>Other References</u>: None. |
| 14 | 15. | <u>Narrowing of issues</u>: The parties have stipulated to dismiss Plaintiffs Paul Bibo and Georgia Shields. FedEx submits that either through agreement or by motion, Bryan Peters should also be dismissed due to accord and satisfaction because Peters received a settlement check pursuant to <u>Foster v. FedEx,</u> Case No. BV 282300, in the Los Angeles County Superior Court and did not work after the effective date of the claims period. FedEx submits that Alex Galvez and Marc Garvey also received settlement checks and worked only a short period of time thereafter in 2006. FedEx submits that Galvez may be the only adequate potential class representative, but FedEx does not concede any of the Plaintiffs are adequate potential representatives or that a class should ever be certified. FedEx submits that Garvey's deposition testimony demonstrated that he could not be an adequate representative because he is not sufficiently familiar with the case. |
| 27 | 16. | <u>Expedited Schedule</u>: Not applicable. |
| 28 | 17. | <u>Scheduling</u>: At the prior Case Management Conference, the Court ordered |

the following deadlines: Motion for certification: November 14, 2008; Opposition: January 12, 2009; Reply: February 9, 2009; Hearing on certification: March 2, 2009 at 10 a.m. The Court also suggested that the parties focus on certification issues and did not set a trial date. It is unclear whether the Court intended to adopt the parties other deadlines suggested at the time (Discovery deadline: August 30, 2008; Expert Disclosure: October 1, 2008; Rebuttal Expert Disclosure: October 31, 2008; Dispositive motion hearing deadline: December 19, 2008). Presumably, a ruling on certification is preferable prior to dispositive motion briefing in light of the fact that a denial of certification may result in a finding that the Court lacks subject matter jurisdiction. As such, the parties suggest that no further deadlines be set until after a ruling on certification.

18. <u>Trial</u>: Five day jury trial for individually named plaintiffs. Fifteen to thirty day trial for class claims.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and is set forth herein:

In this instant matter, Plaintiffs seek to certify a class of **couriers** formerly or currently employed by Federal Express Corporation:

    a.    Plaintiff Paul Bibo - former employee of Federal Express Corporation;

    b.    Plaintiff Georgia Shields;

    c.    Plaintiff Alex Galvez;

    d.    Plaintiff Marc Garvey - former employee of Federal Express Corporation;

    e.    Plaintiff Bryan Peter - former employee of Federal Express Corporation;

1        f.     Federal Express Corporation;

2        g.     FedEx Corporation – Parent Corporation of Federal Express Corporation which is publicly traded;

4        h.     Sandra C. Isom, in-house attorney for Defendant Federal Express;

6        i.     Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express;

8        j.     Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez, Garvey, and Peter.

The following individuals are parties or attorneys representing the parties in the matter of <u>Brown v. Federal Express Corporation</u>, CV07-5011 GPS (SSx), previously pending in the United States District Court for the Central District of California and remanded to state court after denial of certification:

       k.     Plaintiff Vincent Brown;

       l.     Plaintiff Jose Robert Rojas;

       m.     Plaintiff Deborah Snyder;

       n.     Plaintiff Charles Walker;

       o.     Plaintiff Mark B. Tovsen;

       p.     Plaintiff Robert Firman;

       q.     Plaintiff John O'Neil;

       r.     Plaintiff Andre D. Lawson;

       s.     Plaintiff Gregory A. Sorrells;

       t.     James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

       u.     Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

       v.     Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

1   w.   David S. Wilson, in-house attorney for Defendant Federal
2        Express;
3   x.   Richard S. McConnell, in-house attorney for Defendant Federal
4        Express.

The following individuals are parties or attorneys representing the parties in the matter of <u>Forrand, et. al. v. Federal Express Corporation</u>, CV 08-1360 DSF (PJWx), pending in the United States District Court for the Central District of California, which seeks to certify and represent all currently and former hourly nonexempt employees of Federal Express Corporation, **excluding couriers, courier/handlers, and customer service agents:**

   y.   Plaintiff Daniel Forrand;
   z.   Plaintiff Ara Karmian;
   aa.  Plaintiff Eugene Colon;
   bb.  Plaintiff Yvette Green;
   cc.  Andre E. Jardini, Knapp, Peterson & Clarke, attorneys for Plaintiffs;
   dd.  Gwen Freeman, Knapp, Peterson & Clarke, attorneys for Plaintiffs;
   ee.  Glen Robert Bregman, attorney for Plaintiffs;
   ff.  Michael S. Duberchin, attorney for Plaintiffs.
   gg.  Richard S. McConnell; in-house attorney for Defendant Federal Express;
   hh.  Sandra C. Isom; in-house attorney for Defendant Federal Express;
   ii.  Keith A. Jacoby, Littler Mendelson, local counsel for Defendant Federal Express.

Dated: August 19, 2008                     /s/ Sandra C. Isom
                                           Sandra C. Isom
                                           FEDERAL EXPRESS CORPORATION

                                           and

                                           Keith A. Jacoby
                                           LITTLER MENDELSON
                                           A Professional Corporation

                                           Attorneys for Defendant
                                           FEDERAL EXPRESS CORPORATION

                                           and

Dated: August 19, 2008                     /s/Daniel L. Feder
                                           Daniel L. Feder
                                           LAW OFFICES OF DANIEL L. FEDER

Doc. No. 743380v.4