IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FEDERAL EXPRESS INC.,<br><br>        Defendant. | NO. C07-2505 TEH<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs' motion for leave to file a second amended complaint. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and now GRANTS IN PART and DENIES IN PART the motion as discussed below.

**BACKGROUND**

Five plaintiffs filed a class action complaint, and subsequently a first amended complaint, against Defendant Federal Express Corporation ("FedEx") in California state court. FedEx removed the case to this Court on May 10, 2007. At the October 15, 2007 initial case management conference, the Court set a December 31, 2007 deadline for amending the pleadings. No amendment was filed.

In mid- to late 2008, three Plaintiffs stipulated to dismiss all of their claims without prejudice. On April 21, 2009, this Court certified five subclasses with the remaining Plaintiffs – Alex Galvez and Marc Garvey – as named representatives:

> All delivery drivers (aka. "Couriers") employed by FedEx Corporation in California from April 14, 2006 through the present that were illegally denied statutory wages by any of the following statewide FedEx policies:

- To improperly pay drivers for meal periods that lasted less than thirty minutes (Subclass 1);

- To fail to compensate drivers one hour of pay for missed or untimely meal periods between April 14, 2006 and March 25, 2007 (Subclass 2);

- To fail to compensate drivers one hour of pay for meal periods that began after the four and one-half hour mark, but before the five and one-half hour mark of their shift between March 26, 2007 and the present (Subclass 3);

- To fail to compensate drivers one hour of pay for working a split shift (Subclass 4); [and]

- To fail to compensate drivers for work performed off-the-clock before or after their shift performing either approved preliminary or post-liminary activities or approved clock-out procedures (Subclass 5).

Apr. 21, 2009 Order at 1-2 (quoting Pls.' Mot. for Class Cert. at 2). The Court stayed the case as to the first three subclasses, *id.* at 21-22, and the parties subsequently agreed to stay the entire case except for discovery.

After having retained new co-counsel, Plaintiffs now seek to file a second amended complaint that: removes the three dismissed Plaintiffs; changes the caption to this Court, as opposed to the state court in which this case was originally filed; and adds an eighth cause of action, on behalf of Plaintiffs and the entire class, for willful violations of California Labor Code section 204 and Industrial Wage Commission ("IWC") Wage Order No. 9, section 5(B). IWC Wage Order No. 9, section 5(B) provides that:

> If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

California Labor Code section 204 provides that wages "are due and payable twice during each calendar month, on days designated in advance by the employer as the regular pay days."

Plaintiffs assert that they only became aware of the proposed new cause of action when they recently began reviewing discovery – which was produced over two years ago –

2

with an eye toward the merits, as opposed to class certification. They argue that, under California law, any unpaid interruption in the workday that exceeds one hour constitutes a split shift. Thus, they contend, because FedEx sometimes required its drivers to take unpaid meal periods in excess of one hour and did not always pay at least two hours of wages for work after those meal periods, the company violated California law. Plaintiffs assert that counsel's review of the data from the second quarter of 2006 alone revealed 6400 instances where drivers were not paid for two hours of work following unpaid breaks exceeding one hour.

**LEGAL STANDARD**

Because Plaintiffs' motion to file a second amended complaint comes well after the December 31, 2007 deadline for amending the pleadings that the Court imposed at the initial case management conference, the motion is governed by both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." This inquiry

> primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

In addition to demonstrating good cause under Rule 16(b)(4), Plaintiffs must also satisfy the requirements of Rule 15(a). *Id.* at 608. Rule 15(a)(2) governs here and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether to grant leave to amend, a court should consider the following factors: bad faith, undue delay, repeated failure to correct deficiencies by prior amendment, prejudice to the

3

1  opposing party, and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
2  186 & n.3 (9th Cir. 1987). An amendment would be futile if it could be defeated by a motion
3  to dismiss or motion for summary judgment. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214
4  (9th Cir. 1988); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).
5  The non-moving party bears the burden of demonstrating why leave to amend should not be
6  granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

**DISCUSSION**

FedEx does not object to amending the complaint to remove the three Plaintiffs who have voluntarily dismissed their claims, nor does FedEx object to correcting the name of the court in which this case is pending. Accordingly, as to these proposed amendments, the motion is GRANTED as unopposed.

However, the Court agrees with FedEx that the proposed amendment adding a new cause of action would be futile because Plaintiffs lack standing to pursue the proposed new claim. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements. The plaintiff class bears the burden of showing that the Article III standing requirements are met." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (citations omitted). Article III standing requires that "(1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted)).

Plaintiffs suggested in their reply that standing was irrelevant to the Court's analysis, asserting that: "Representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." Reply at 4 (quoting Wright et al., *Federal Practice and Procedure* § 1785.1 (3d ed. 2005)). However, Plaintiffs failed to cite the

4

immediately preceding sentences from the quoted treatise: "An appropriate application of standing in class suits *necessitates an inquiry into whether the class members have been injured by defendant's conduct, thereby presenting a 'live' case.* Additionally, *the representative party must have been injured* so as to have a sufficiently direct interest to assure adequacy of representation." Wright et al., *Federal Practice and Procedure* § 1785.1 (footnotes omitted) (emphasis added). That is, a class representative cannot have a "direct and substantial interest" unless he or she has suffered an actual injury. As set forth above, the rule is clear: At least one named representative in a class action must have standing under Article III.

In this case, FedEx has provided evidence – undisputed by Plaintiffs – that neither of the two remaining named representatives worked less than two hours after an unpaid break exceeding one hour on any day during the class period. Carlson Decl. ¶ 4 & Ex. A. There is also no evidence that either named representative was paid for less than two hours of work despite working for more than two hours. Thus, there is no evidence that either remaining Plaintiff suffered any injury from FedEx's alleged violation of IWC Wage Order No. 9, section 5(B), even under Plaintiffs' interpretation of the law, and both Plaintiffs therefore lack standing to bring the proposed new claim. Consequently, allowing Plaintiffs to amend the complaint to state a cause of action under IWC Wage Order No. 9, section 5(B), would be futile, and the motion to add such a claim is DENIED. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").[1]

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for leave to file a second amended complaint is GRANTED IN PART and DENIED IN PART. The hearing currently scheduled for May 3, 2010, is VACATED. Plaintiffs may amend the complaint to eliminate

---

[1] The Court therefore need not consider any other factors under Rule 15(a), or whether Plaintiffs have demonstrated "good cause" to modify a scheduling order under Rule 16(b)(4).

5

the dismissed Plaintiffs and to correct the caption to reflect that the case is pending in this Court, but they may not add an additional claim based on IWC Wage Order No. 9, section 5(B). The amended complaint shall be filed on or before **May 3, 2010.**

**IT IS SO ORDERED.**

Dated:   04/26/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT