IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIBO, et al., | No. C-07-02505 TEH (EDL) |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' AUGUST 11, 2010 LETTER** |
| v. | |
| FEDERAL EXPRESS INC, | |
| Defendant. | |

On April 21, 2009, Judge Henderson certified five subclasses in this case and stayed the three subclasses regarding meal breaks in light of Brinker Restaurant v. Superior Court, Case No. S166350, which is pending before the California Supreme Court. On August 11, 2010, Plaintiffs filed a letter describing a discovery dispute in this class action lawsuit alleging violations of state wage and hour laws. The parties dispute whether Defendant must produce a list of class members and a list of Defendant's facilities. On August 13, 2010, Judge Henderson referred this case to this Court for all discovery purposes, including resolution of the dispute raised in Plaintiffs' August 11, 2010 letter. On August 20, 2010, the Court ordered Defendant to file a responsive letter no later than August 30, 2010, which it did. The Court has reviewed the parties' letters, and has determined that this dispute is appropriate for decision without oral argument.

Plaintiffs seek production of a list of class members pursuant to Plaintiffs' Interrogatory 21. See Def.'s Letter at Ex. A. Plaintiffs argue that because the class has been certified, Plaintiffs are entitled to this information, which is commonly ordered pre-certification. Plaintiffs make a strong argument that because a class has already been certified, Plaintiffs' counsel now has a fiduciary responsibility to the class members and that counsel must have the ability to communicate with the class to fulfill that responsibility. See Moreno v. Autozone, Inc., 2007 WL 4287517, at *10 (N.D.

Cal. Dec. 6, 2007) ("'A lawyer who represents the named plaintiff in a class which has been certified immediately assumes responsibility to class members for diligent, competent prosecution of the certified claims. However, it cannot truly be said that he fully "represents" prospective class members until it is determined that they are going to participate in the class action.'") (quoting Tedesco v. Miskin, 629 F.Supp. 1474, 1483 (S.D.N.Y.1986) (emphasis added))); see also Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812 (C.D. Cal. 2007) (in a pre-certification case, finding that the privacy interests of individuals in their contact information was outweighed by the need to know, and in particular, the need for the information in the certification process); Babbitt v. Albertson's Inc., 1992 WL 605652 (N.D. Cal. Nov. 30, 1992) (same); Manual for Complex Litigation, at § 21.33 ("Once a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel.").

Plaintiffs also seek production of a list of Defendant's facilities in California pursuant to Interrogatories 4 and 5. Specifically, Plaintiffs seek the address of each facility operated by Defendant in California, as well as surveillance videos of those facilities. See Def.'s Letter at Ex. A. Plaintiffs argue that this information is relevant because, for example, Plaintiffs will be able to compile data on violation rates and off-the-clock information by facility.

Defendant objects to producing the class list or facilities list until the stay is lifted, even though Defendant agrees that discovery is open and that Plaintiffs' counsel is entitled to communicate with class members. Defendant argues that its objection is consistent with Judge Henderson's stay, and that communications from Plaintiffs' counsel will cause confusion. For example, Defendant argues that if Plaintiffs have the class list, Plaintiffs' counsel will be able to issue a de facto class notice by communicating with class members, and that the communications will cause confusion by class members as well as Defendant's employees who will be asked questions about the communications.

The Court concludes that the class list sought by Plaintiffs is relevant, and a class has been certified, so Plaintiffs' counsel is entitled to communicate with the class members. Accordingly, no later than September 16, 2010, Defendant shall produce the class list subject to a protective order that the parties shall negotiate, but that protects against potential misuse of the class information.

In addition, the Court concludes that the facilities list is also generally relevant, but has insufficient information to determine the burden of providing extensive information regarding facilities.  Thus, at this time, the Court orders Defendant to provide a list of addresses of each facility in California at which couriers reported at the conclusion of their shifts to clock-out and return their trucks and handheld devices, as requested in Interrogatory 4.  Defendant shall provide a sampling of detailed information, such as surveillance video, as described in Defendant's letter for each facility, as requested in Interrogatory 5. Production of the sample is without prejudice to further production of facilities-related information.  The Court encourages the parties to meet and confer and reach an agreement about further production of facilities information.  If the parties cannot reach an agreement, the Court will likely require a fully briefed motion to resolve that issue. Defendant shall provide the facilities-related discovery no later than October 1, 2010.

**IT IS SO ORDERED.**

Dated: September 2, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge