IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC GARVEY and CEDRIC
LAUDERDALE,

                Plaintiffs,

        v.

FEDERAL EXPRESS
CORPORATION,

                Defendant.

NO. C07-2505 TEH

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

On December 17, 2012, at 10:00 a.m., a hearing was held on Plaintiffs' unopposed motion for final approval of class action settlement, attorneys' fees, and costs, and representative plaintiffs' incentive awards. The Court has considered all papers filed and proceedings conducted in this case, including the proposed Settlement Agreement and Joint Stipulation ("Settlement Agreement"),which this Court preliminarily approved in its August 28, 2012 Order (the "Preliminary Approval Order"). The Court finds the settlement of this litigation to be fair, reasonable and adequate.

Accordingly, IT IS HEREBY ORDERED that:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Federal Express Corporation and all Class Members.

3. Pursuant to the Preliminary Approval Order, a Notice of Class Action Settlement was mailed to each Class Member. The Settlement Administrator took reasonable steps to provide the Notice to Class Members if, and when, it learned that the address to which those documents were mailed was no longer accurate. These documents informed

Class Members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefor, their right to object to the Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement Agreement.  Notice was provided with ample time for the Class Members to follow these procedures.

4.     This Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the response of the Class Members.  Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement.  The Court finds that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5.     For the reasons stated in the Preliminary Approval Order, this Court finds that the proposed Class, as defined in  5 of the Preliminary Approval Order, as: "Plaintiffs and all other individuals who worked for Defendant in a Covered Position in California at any point during the Class Period, except for those persons who submit timely requests to exclude themselves from the Class," (The Class Period is defined as the period beginning April 15, 2006 and ending August 28, 2012; "Defendant" means Federal Express Corporation; and "Covered Position" means each of Defendant's hourly employee positions with "courier" in the job code title) meets all of the legal requirements for class certification under Federal Rules of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that certification of the Class is finally approved for purposes of settlement of this action.

6.     The Court confirms as final the appointment of Plaintiffs Marc Garvey and Cedric Lauderdale as the Class Representatives.

7.     The Court confirms as final the appointment of the Law Offices of Daniel Feder, Kerr & Wagstaffe LLP, and Initiative Legal Group APC as Class Counsel.

8.     The Court finds that Defendant has complied with the notification requirements of 28 U.S.C. § 1715.  (Dkt. No. 194.)

United States District Court
For the Northern District of California

9.      On October 25, 2012, an "Objection to settlement" was filed in this Court. (Dkt. No. 196.)  Having reviewed the "objection" the Court finds that the "Objection to settlement" is not to the fairness of the settlement or its terms, but rather, constitutes a dispute with respect to the number of workweeks listed in the Notice to an individual Class Member and the resulting calculation of that Class Member's settlement payment.  This objection is not relevant to the Court's determination of the fairness, reasonableness, or adequacy of the settlement agreement as a whole.  No other objections have been filed.

10.     The Court finds that the Settlement Agreement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation.  The Court further finds that the Settlement Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.  The Court also finds that the response of the Class to the Settlement Agreement supports settlement approval.  Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member.

11.     The Court grants final approval of the Settlement Agreement, and orders the parties to implement, and comply with, its terms.

12.     Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this Order.

13.     By operation of entry of this Final Approval Order and pursuant to the Settlement Agreement, all Class Members who have not timely opted out, shall have waived and released any Released Claims as set forth in 1.19 of the Settlement Agreement.  All Class Members, including those who have timely opted out, are bound by the Final Judgment with respect to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, et seq. ("PAGA") claims or remedies pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).

United States District Court
For the Northern District of California

The option to opt out does not alter the binding nature of the release of the PAGA claims or remedies pursuant to this Final Judgment.

14.     The Court further finds that the amount of attorneys' fees requested is fair and reasonable under the percentage-of-recovery method and finds that a fee award of one-third, or $1,333,333.33, of the Gross Settlement Amount is consistent with awards made in similar cases and Class Counsel's lodestar, and is warranted by the facts and circumstances of this case. Therefore, the Court hereby awards Class Counsel (Kerr & Wagstaffe LLP, Law Offices of Daniel Feder, and Initiative Legal Group APC) attorneys' fees of $1,333,333.33, to be paid from the Gross Settlement Amount.

15.     The Court also finds that reimbursement of the expenses requested by Class Counsel is appropriate in these circumstances, and hereby awards Class Counsel costs in the total amount of $25,183.89, to be paid from the Gross Settlement Amount.

16.     Pursuant to the Settlement Agreement, the Court also awards the Settlement Administrator, Gilardi & Co., LLC, its fees and expenses in connection with the settlement administration in the amount of $36,000, to be paid from the Gross Settlement Amount.

17.     The Court also finds that the requested incentive payment is reasonable and appropriate, and hereby awards a total incentive payment in the amount of $30,000, consisting of $15,000 each to Representative Plaintiffs Marc Garvey and Cedric Lauderdale, to be paid from the Gross Settlement Amount.

18.     Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes set forth in the Settlement Agreement, including the resolution of issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

19.     By means of this Final Approval Order, the Court hereby enters final judgment in this action, and the matter shall be dismissed in its entirety, with prejudice. Each side shall bear its own costs and attorneys' fees, except as provided by the Settlement Agreement and the Court's orders.

United States District Court
For the Northern District of California

1      20.    This document shall constitute a judgment for purposes of Rule 58 of the

2   Federal Rules of Civil Procedure.

3

4   IT IS SO ORDERED.

5

6   Dated:   12/18/2012

_____

7                                                THELTON E. HENDERSON, JUDGE
                                                 UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California